# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FEDERAL TRADE COMMISSION,           )
                                    )
    Plaintiff,               )
                                    )   No. 03C 3904
v.                                  )
                                    )   Honorable Robert W. Gettleman
KEVIN TRUDEAU, SHOP AMERICA         )
(USA), LLC, ROBERT BAREFOOT, and    )
DEONNA ENTERPRISES,                 )
                                    )
    Defendants.              )
                                    )

## NOTICE OF FILING

TO:    Daniel Kaufman                Todd Kossow
        Laura M. Sullivan           Karen D. Dodge
        Federal Trade Commission   Federal Trade Commission
        600 Pennsylvania Avenue, NW  55 E. Monroe Street, Suite 1860
        NJ-3212                      Chicago, Illinois 60603
        Washington, DC 20580      fax: 312-960-5600
        fax: 202-326-3259

        David L. Schiavone        Steve Silverman
        Sonnenschein Nath & Rosenthal U.S. Food and Drug Administration
        Sears Tower               Parklawn Bldg., Rm. 639
        233 S. Wacker Dr.         5600 Fishers Lane
        Suite 8000                 Rockville, Maryland 20857
        Chicago, Illinois 60606      301-827-7144
        fax: 312-876-7934          fax: 301-827-2023

    PLEASE BE ADVISED that on the 9th day of July, 2003, we filed with the

Chambers of the Honorable Robert W. Gettleman and with the Clerk of the United States District

Court for the Northern District of Illinois, Kevin Trudeau and Shop America (USA), LLC's

Answer to the FTC's Complaint For Permanent Injunction And Other Equitable Relief, a copy of

which is attached and is hereby served upon you.

Kevin Trudeau

By: _____

One of His Attorneys

David J. Bradford
David Jimenez-Ekman
Daniel J. Hurtado
Katharine R. Saunders
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, Illinois  60611
(312) 222-9350

Dated: July 9, 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED

JUL 1 0 2003

FEDERAL TRADE COMMISSION,      )
                               )
          Plaintiff,           )
                               )        No. 03C 3904
     v.                        )
                               )        Honorable Robert W. Gettleman
KEVIN TRUDEAU, SHOP AMERICA    )
(USA), LLC, ROBERT BAREFOOT, and )
DEONNA ENTERPRISES,            )
                               )
          Defendants.          )
_____)

FILED
JUL - 9 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## KEVIN TRUDEAU AND SHOP AMERICA (USA), LLC'S
## ANSWER TO COMPLAINT

Defendants Kevin Trudeau and Shop America (USA), LLC, (herein referred to as

"Defendants"), by their attorneys, answer Plaintiff's Complaint as follows:

1.     The FTC brings this action under Section 13(b) of the Federal Trade
Commission Act ("FTC Act"), 15 U.S.C. § 53(b), to secure preliminary and permanent injunctive
relief, restitution, disgorgement, and other equitable relief against Defendants for their deceptive acts
or practices and false advertisements in connection with the advertising, promotion, and sale of
purported "coral calcium" supplements, in violation of Sections 5(a) and 12 of the FTC Act, 15
U.S.C. §§ 45(a) and 52.

**RESPONSE**:

Defendants admit that the FTC has brought this action under Section 13(b) of the

Federal Trade Commission Act; that the Complaint seeks preliminary and permanent injunctive

relief, restitution, disgorgement and other equitable relief against Defendants; and that the Complaint

alleges deceptive acts or practices and false advertisements in connection with the advertising,

promotion, and sale of "coral calcium" supplements in alleged violation of Sections 5(a) and 12 of the FTC Act. Defendants deny the remaining allegations of paragraph 1.

2.      This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 52, and 53(b); and 28 U.S.C. §§ 1331, 1337(a) and 1345.

**RESPONSE**:

Admitted.

3.      Venue in this District is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

**RESPONSE**:

Admitted.

4.      Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created by the FTC Act. 15 U.S.C. §§ 41-58. The Commission enforces Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce. The Commission also enforces Section 12 of the FTC Act, 15 U.S.C. § 52, which prohibits false advertisements for food, drugs, devices, services, or cosmetics in or affecting commerce. The Commission, through its own attorneys, may initiate federal district court proceedings to enjoin violations of the FTC Act and to secure such equitable relief, including consumer redress, as may be appropriate in each case. 15 U.S.C. § 53(b).

**RESPONSE**:

Defendants admit that the Federal Trade Commission is an agency of the United States Government that is authorized by the FTC Act. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.      Defendant Kevin Trudeau ("Trudeau") has promoted, marketed, offered for sale, and distributed various products and programs through the use of infomercials and direct mail for the past five years. Since at least July 2002, and continuing thereafter, he has participated, along with Defendant Robert Barefoot, in at least one infomercial that advertises a calcium supplement called Coral Calcium Supreme. Trudeau is the founder and manager of Defendant Shop America (USA), LLC and has signed the company's annual financial report for 2002. Individually, or in concert with others, Trudeau has promoted or promotes the product Coral Calcium Supreme to the public throughout the United States. He directs, controls, formulates, or participates in the acts and

2

practices of Shop America (USA), LLC including the acts and practices complained of below. Trudeau has transacted or transacts business in the Northern District of Illinois.

**RESPONSE:**

Defendants admit that Trudeau has promoted, marketed, offered for sale, and distributed various products and programs through infomercials and otherwise during the past five years; that since July 2002 he has participated with Robert Barefoot in at least one infomercial that advertises a calcium supplement called Coral Calcium Supreme; that Trudeau is the founder of Shop America (USA), LLC; that Trudeau has, in combination with others, promoted Coral Calcium Supreme to consumers throughout the United States; that Trudeau has participated in certain acts and practices of Shop America (USA), LLC; and that Trudeau has transacted business in the Northern District of Illinois. Defendants deny that Shop America (USA), LLC, committed many of the acts and practices complained of below and therefore deny that Trudeau participated in such acts and practices. Defendants affirmatively state that Trudeau resigned as manager of Shop America (USA), LLC as of June 10, 2003. Defendants deny the remaining allegations of paragraph 5.

6. Defendant Shop America (USA), LLC ("Shop America") is an Illinois limited liability company with its principal place of business at 1462 Elmhurst Road, Elk Grove Village, IL, 60007-6417. Since at least July 2002, and continuing thereafter, Shop America, acting alone and in concert with others, has promoted, marketed, offered for sale, and distributed the product Coral Calcium Supreme to consumers throughout the United States. Shop America has transacted or transacts business in the Northern District of Illinois.

**RESPONSE:**

Admitted.

7. Defendant Robert Barefoot ("Barefoot") is the president and owner of Deonna Enterprises, Inc. Barefoot on behalf of Defendant Deonna Enterprises, Inc. has contracted with Trudeau and his company Shop America to promote, market, advertise, offer for sale, and distribute the product Coral Calcium Supreme to consumers throughout the United States. Individually, or in concert with others, Barefoot directs, controls, formulates, or participates in the acts or practices of

3

Deonna Enterprises, Inc. including the acts and practices complained of below. Since at least July 2002, Barefoot has stated publicly that he developed the formula for the product Coral Calcium Supreme. Barefoot has participated or participates in at least one infomercial with Trudeau that advertises the product Coral Calcium Supreme. Barefoot has transacted or transacts business in the Northern District of Illinois.

**RESPONSE:**

Defendants admit that Barefoot has, on behalf of himself and purportedly on behalf

of Deonna Enterprises, Inc., contracted with Trudeau and Shop America (USA), LLC to promote,

market, advertise, and distribute Coral Calcium Supreme; that since July 2002 Barefoot has stated

publicly that he formulated Coral Calcium Supreme; and that Barefoot has participated in at least

one infomercial with Trudeau that advertises Coral Calcium Supreme. Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

paragraph 7.

8. Defendant Deonna Enterprises, Inc. ("Deonna Enterprises") is a Nevada corporation with its principal place of business at P.O. Box 21389, Wickenburg, AZ 85358. Since at least July 2002, Deonna Enterprises, acting alone or in concert with others, has promoted and marketed the product Coral Calcium Supreme. Deonna Enterprises owns the trademark for the product Coral Calcium Supreme and has distributed or distributes several books authored by Defendant Barefoot. Defendant Deonna Enterprises has transacted or transacts business in the Northern District of Illinois.

**RESPONSE:**

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 8.

9. The acts and practices of Trudeau, Shop America, Barefoot, and Deonna Enterprises (colle ctively, "Defendants") alleged in the Complaint have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4

**RESPONSE**:

Defendants admit that the Complaint alleges acts by the Defendants that have been in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act. Defendants deny the remaining allegations in paragraph 9.

10.     Since at least July 2002, Defendants have manufactured, labeled, advertised, offered for sale, sold and distributed the product Coral Calcium Supreme to the public throughout the United States. Coral Calcium Supreme is a dietary supplement that contains a form of calcium derived from marine coral. Defendants promote Coral Calcium Supreme as an effective means to prevent, treat, and cure cancer, heart disease, and various degenerative diseases.

**RESPONSE**:

Defendants admit that since July 2002 they have labeled, advertised, offered for sale, sold and distributed Coral Calcium Supreme to consumers throughout the United States and that Coral Calcium Supreme is a dietary supplement that contains a form of calcium derived from marine coral. Defendants deny the remaining allegations in paragraph 10.

11.     The cost to consumers for a one-month supply of Coral Calcium Supreme, which consists of a 90-capsule bottle, is $19.95 plus $9.00 shipping and handling. According to the bottle's label, a daily serving size of Coral Calcium Supreme is three capsules, which in total contains 345 mg. calcium.

**RESPONSE:**

Defendants admit that the cost to consumers for a 90-capsule bottle of Coral Calcium Supreme is in some instances $19.95 plus shipping and handling; that the bottle's label indicates that a daily serving size of Coral Calcium Supreme is three capsules, and that the bottle's label indicates that a daily serving size contains 250 mg. of calcium from Coral Calcium and 95 mg. of calcium from Aquamin, which adds up to 345 mg. Defendants deny the remaining allegations of paragraph 11.

5

12. Defendants primarily advertise Coral Calcium Supreme through a 30-minute infomercial that is broadcast nationally on cable television channels such as PAX Television, Women's Entertainment, the Oxygen Network, Comedy Central, the Discovery Channel, the Travel Channel, the History Channel, and Bravo. During the course of the infomercial, Defendants supply viewers with a toll-free telephone number to call to purchase Coral Calcium Supreme. See Exhibit A (copy of 30-minute infomercial) and Exhibit B (transcript of 30-minute infomercial). Defendants also include product brochures along with the Coral Calcium Supreme product when it is shipped to consumers. See Exhibit C.

**RESPONSE:**

Defendants admit that they have advertised Coral Calcium Supreme through a half-hour infomercial that has been broadcast nationally on PAX Television, Women's Entertainment, the Oxygen Network, Comedy Central, the Discovery Channel, the Travel Channel, the History Channel, and Bravo; that during the course of the infomercial, viewers are supplied with a toll-free telephone number to call through which they may purchase Coral Calcium Supreme; and that in some instances product brochures have been included with Coral Calcium Supreme when it was shipped to consumers.

13. In addition, many consumers who call the toll-free telephone number displayed during the infomercial are directed to visit the Web site www.cureamerica.net for more information about the benefits of coral calcium. Barefoot operates and maintains the Web site www.cureamerica.net. The Web site contains a prominent link that enables consumers to e-mail Barefoot directly for more information about coral calcium.

**RESPONSE:**

Defendants admit that consumers who call the toll-free telephone number displayed during the infomercial have on occasion been directed to the Web site www.cureamerica.net. Defendants affirmatively state that it is not the policy of Defendants that consumers who call the toll-free number be directed to the www.cureamerica.net web site. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13.

6

14.     To induce customers to purchase Coral Calcium Supreme, Defendants have widely disseminated advertisements and promotional materials, including but not limited to, Exhibits A through C attached hereto, which contain, among others, the following statements:

A.     KEVIN TRUDEAU:  [T]here's a connection you believe to be [sic] between specifically cancer and the lack of calcium in someone's diet?

ROBERT BAREFOOT: It's not just cancer. It's all degenerative diseases, lupus * * * MS, cancer. The link is the calcium factor.

* * *

KEVIN TRUDEAU:  And you're a big component [sic] of coral calcium from Okinawa, Japan, and you do, obviously, have a product that you sell that you have a special blend which you think is the most absorbable.  But when you say that there's so many people that say it can't be that easy.

FEMALE HOST:  Yeah

ROBERT BAREFOOT: Well, yes I know. For decades, the AMA has been saying exactly that. My co-author, Dr. Carl Reese, said calcium cures cancer. He said that 30 years ago, for which he lost his license. And yet, last year, the Journal of the AMA, the New England Journal of Medicine -- and this was reported by the Los Angeles Times, the New York Times, the Reader's Digest, the U.S. World News Report, they all had huge articles on how cancer is reversed by calcium supplements and they went so far as to say that epithelial cancer cells would grow back to normal, which means the cancer is no longer there.  [Ex. B at (Pp. 5-7].

B.     ROBERT BAREFOOT:  * * * So, [Okinawans] dug [coral sand] up, put it on their crops, and they recorded 400 percent increase in rice crops as soon as they started putting it on. So, they started eating it. And it took a while before they realized what was happening because, you see, all of a sudden, all diseases disappeared.

* * *

KEVIN TRUDEAU:  All right. Now, let's go back to this because this is important. You're saying that of the healthiest people on the planet, your investigation, your research, the people who live the longest --

ROBERT BAREFOOT: Yes.

KEVIN TRUDEAU:  -- live over 100 years old --

ROBERT BAREFOOT: Yes.

7

KEVIN TRUDEAU: -- the people that are the most disease-free --

ROBERT BAREFOOT: Yes.

KEVIN TRUDEAU: -- no cancer --

ROBERT BAREFOOT: That's right.

KEVIN TRUDEAU: -- no heart disease --

ROBERT BAREFOOT: Well, they do have cancer, but the rate is so phenomenally low -

KEVIN TRUDEAU: Okay.

ROBERT BAREFOOT: Virtually no cancer.

KEVIN TRUDEAU: Virtually no cancer, virtually no disease.

ROBERT BAREFOOT: That's right.

* * *

ROBERT BAREFOOT: -- they don't have children until they're in their seventies when they're mature enough to handle kids.

KEVIN TRUDEAU: And you're telling me that in these cultures around the world, the number one common denominator is the amount of calcium they consume?

ROBERT BAREFOOT: That's right.

* * *

ROBERT BAREFOOT: And the Okinawans just happen to live on an island of calcium and they -

KEVIN TRUDEAU: Which is this coral calcium?

ROBERT BAREFOOT: -- and they dig up this coral sand, which is coral calcium, and put it in their food and they've been eating it for hundreds of years.

KEVIN TRUDEAU: Okay. [Ex. B at (Pp. 9-14.]

8

C.     KEVIN TRUDEAU: And so, if a person takes the calcium, within a couple of weeks, are they going to feel different?

ROBERT BAREFOOT: Yes.

FEMALE HOST: Yeah. What kind of results?

* * *

ROBERT BAREFOOT: We've had people in a few weeks get out of wheelchairs, MS patients get out of wheelchairs for -- there are remarkable results. And, yes, we have people who are documented as terminal cancer patients that now say the oncologist says the cancer is gone away., I mean, its remarkable --

FEMALE HOST: Wow.

ROBERT BAREFOOT: -- what's happening.

KEVIN TRUDEAU: Is -- big question, and every medical doctor is glued right now to the television watching, waiting for your answer. Is calcium - taking calcium a cure for cancer?

ROBERT BAREFOOT: According to the Journal of the AMA, yes, they said it reverses cancer and makes it go back to normal. Bit I also say -

KEVIN TRUDEAU: Hold on, hold on, back up. This is not you?

ROBERT BAREFOOT: No, I'm telling you --

KEVIN TRUDEAU: You're quoting somebody?

ROBERT BAREFOOT: I'm quoting the Journal of the AMA and they're -

KEVIN TRUDEAU: American Medical Association.

ROBERT BAREFOOT: Yes.

KEVIN TRUDEAU: They said this?

ROBERT BAREFOOT: The Journal of the AMA and the New England Journal of Medicine were quoting the Strang cancer research, University of New York, who found that calcium supplements reverse cancer and there's not a doctor that read his own journal to find that out. Bit it does say it -

9

\* \* \*

KEVIN TRUDEAU: That is --

ROBERT BAREFOOT: So, I'm only reporting what's been --

KEVIN TRUDEAU: This is not you saying it. You're just making --

ROBERT BAREFOOT: I'm reporting what the scientists and the national magazines - [Ex. B at (Pp. 16-18].

D.     KEVIN TRUDEAU: Now, but first I want us to get to coral calcium because you say of all the calciums out there, that's the -- in your opinion, the best to take?

ROBERT BAREFOOT: Well, yes. And the reason is because of the incredible absorption rate of coral. See, calcium is the hardest -- although it's the most important mineral for the human body, it's also the hardest for the human body to absorb. When you take a Tums, for example, you get 1 percent absorption rate.

FEMALE HOST: Yeah. I take that, yeah.

ROBERT BAREFOOT: That means 20 hours after you take your Tums, you get for milligrams of calcium. But if you take the coral, you get 400 in 10 minutes.

FEMALE HOST: Yeah.

ROBERT BAREFOOT: Okay, now hold -- because I want to tell people how to get this.

\* \* \*

KEVIN TRUDEAU: And so, this is your formula?

ROBERT BAREFOOT: Right, yes.

KEVIN TRUDEAU: All right. Now --

ROBERT BAREFOOT: It also has Vitamin D, which allows you to absorb 10 times as much calcium.

KEVIN TRUDEAU: All right.

ON SCREEN: 1-800-392-1155

10

KEVIN TRUDEAU: [I]f you're interested in getting more information on the coral calcium, any of Bob's books, call the number on your screen, we'll give you information on the books. If you want to get his formula, coral calcium, I'm going to give you a special offer that's only available on the Debbie and Kevin Show if you call today. Only 19.95 for a one-month supply, and that's an introductory offer to get you to try this and see the results yourself. You don't have to pay $40 for a low grade coral that you might find on the Internet or at a health food store. You can get the exclusive Bob Barefoot formulation. [Ex. B at (Pp. 20-3].

E.    KEVIN TRUDEAU: We've had you on our show before, both here in America and also in the U.K. The response is always terrific.
Calcium, obviously, you talk about cancer, heart disease, anti-aging, the benefits of that.

ROBERT BAREFOOT: Yes.

KEVIN TRUDEAU: You mentioned about how the different kinds of calcium is out there. Obviously, you believe coral calcium is the best, your formula is the best.

ROBERT BAREFOOT: Yes.

KEVIN TRUDEAU: Obviously, you're promoting your product.

* * *

KEVIN TRUDEAU: We're going to go back to the phone lines in just a moment, but before we do, again, if you're watching right now, you've seen Bob on maybe some of our other shows, talk shows. We're talking about coral calcium, the benefits of calcium in your diet, and, folks, if you're interested in getting more information on his books, I highly recommend and endorse these books, I highly recommend and endorse taking calcium magnesium and in Bob's opinion, coral calcium is the best. Get the best quality. This is the only place you can get the original and only Bob Barefoot formulation. Call the number on your screen. [Ex. B at (Pp. 27-28; p. 31, line 25; p. 32, lines 1-11].

F.    KEVIN TRUDEAU: Now, are you using this or do you have a question for Bob?

CALLER: Oh, my, am I using it.
(Laugher.)

* * *

FEMALE HOST: How long have you been using it, Barbara?

11

CALLER: Since -- well, since the 10th of June.

KEVIN TRUDEAU: Two weeks.

ROBERT BAREFOOT: Okay.

\* \* \*

KEVIN TRUDEAU: Now, what's happened?

\* \* \*

ON SCREEN: Individual results will vary

1-800-392-1155 [displayed on bottom of the screen]

CALLER: My high blood pressure is no longer high.

\* \* \*

FEMALE HOST: Oh.

CALLER: I feel wonderful.

FEMALE HOST: Two weeks. [Ex. B at (Pp. 33-34].

G.    FEMALE HOST: So, it can reverse illness?

ROBERT BAREFOOT: Yes. You see, right now, we live in an America -

KEVIN TRUDEAU: No, hold on a second. When you say, yes, it can reverse illness.

ROBERT BAREFOOT: Yes.

\* \* \*

ROBERT BAREFOOT: Right now in America, we are in a medical disaster. An absolute medical disaster. Cancer's went from 3 percent at the turn of the century, 50 percent in 1950's, it's currently 40 percent, and within 50 years, it's predicted to be 75 percent of all Americans will have cancer.

\* \* \*

12

Modern medicine has lost every war on every degenerative disease so badly, and the future looks dismal. There's no hope at all with modern medicine because they're looking for a white powder chemical.
And here we have something that's not manmade. God made coral and it works. It's a magic mineral. [Ex. B at (Pp. 36-37].

H.     Scientific evidence provided by some of the world's most renowned scientists demonstrates, according to Barefoot, that nutritional deficiency is the cause of diseases such as cancer and heart disease. But Barefoot also says that many reports prove that by correcting that deficiency these diseases can be **prevented and reversed!**

* * *

Robert Barefoot, however, believes that the BODY CAN HEAL ITSELF naturally . . . without many of the expensive drugs and, without intrusive measures such as surgery, chemotherapy or radiation. In fact, he believes that we could **wipe out 90% of most diseases within two years** if people received the appropriate natural nutrients!

His extensive research has led him to the conclusion that one particular nutrient has unique properties when it comes to improving the immune system, supporting body structure and maintaining optimal health. That nutrient is calcium. [Ex. C at 2, emphasis is in the original].

I.     But, why take "**Coral Calcium Supreme**"? For one thing, if you're over 35 years of age, your system is losing more calcium on a daily basis than you're taking in. Mineral depleted soils in the U.S. and all over the world also means that you are not receiving the correct quality and quantity of calcium in your daily diet. In fact, you would have to drink upwards of two gallons of milk per day . . . to receive the same benefits of this amazing supplement. [Ex. C at 3, emphasis in the original].

J.     In October 1996, I was diagnosed with cancer. The diagnosis was confirmed with a biopsy. In October of that year I started following Robert Barefoot's **calcium regime**. In July 1997, I had another biopsy in which no evidence of malignancy was found." [Ex. C at 3, emphasis in the original].

**RESPONSE**:

Defendants deny that the statements set forth in paragraph 14 are complete or representative of the claims made in the infomercial or other advertising for Coral Calcium Supreme.

13

Defendants refer to the infomercial and other advertising for Coral Calcium Supreme for an accurate representation of the claims made.

15. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts or practices in or affecting commerce. Section 12(a) of the FTC Act, 15 U.S.C. § 52(a), prohibits the dissemination of any false advertisement in or affecting commerce for the purpose of inducing, or which is likely to induce, the purchase of food, drugs, devices, services, or cosmetics. For the purposes of Section 12 of the FTC Act, Coral Calcium Supreme is either a "food" or "drug" as defined in Section 15(b) and (c) of the FTC Act, 15 U.S.C. §§ 55(b) and (c). As set forth below, the Defendants have engaged and are continuing to engage in such unlawful practices in connection with the marketing and sale of Coral Calcium Supreme.

**RESPONSE:**

Defendants respond that the first three sentences of paragraph 15 state legal conclusions as to which no response is necessary. Defendants deny the remaining allegations in paragraph 15.

## DECEPTIVE ACTS OR PRACTICES IN VIOLATION OF THE FTC ACT

### COUNT I
### Unlawful Claims Regarding the Health Benefits of Coral Calcium Supreme

16. Through the means described in Paragraph 14, including, but not limited to, through the statements contained in the advertisements attached as Exhibits A through C, Defendants have represented, expressly or by implication, that the coral calcium ingredient contained in Coral Calcium Supreme is an effective treatment or cure for:

        A.     All forms of cancer;

        B.     Multiple sclerosis, lupus, and other autoimmune diseases; and

        C.     Heart disease and/or chronic high blood pressure.

**RESPONSE:**

Defendants deny the allegations in paragraph 16.

14

17. The representations set forth in Paragraph 16 are false or were not substantiated at the time the representations were made. Therefore, the making of the representations set forth in Paragraph 16 constitutes a deceptive practice, and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**RESPONSE:**

Defendants deny that the representations set forth in paragraph 16 were made and therefore deny the allegations in paragraph 17.

## COUNT II
## Unlawful Claims Regarding The Bioavailability and Superiority of Coral Calcium Supreme

18. Through the means described in Paragraph 14, including, but not limited to, the statements contained in Paragraphs 14.D and I, Defendants have represented, expressly or by implication, that:

    A. A daily serving size of Coral Calcium Supreme provides the same amount of bioavailable calcium as 2 gallons of milk; and

    B. The body absorbs significantly more, and in some cases as much as 100 times more, of the calcium contained in Coral Calcium Supreme, and at a rate significantly faster, than the calcium contained in other commonly available calcium supplements.

**RESPONSE:**

Defendants deny the allegations in paragraph 18.

19. The representations set forth in Paragraph 18 are false or were not substantiated at the time the representations were made. Therefore, the making of the representations set forth in Paragraph 18 constitutes a deceptive practice, and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

**RESPONSE:**

Defendants deny the allegations in paragraph 19.

15

## COUNT III
### Unlawful Claims Regarding Certain Scientific Studies

20.    Through the means described in Paragraph 14, including, but not limited to, the statements contained in Paragraphs 14.A and C, Defendants have represented that scientific research published in the Journal of the American Medical Association (JAMA), the New England Journal of Medicine, and other reputable medical journals proves that calcium supplements are able to reverse and/or cure all forms of cancer in the human body.

RESPONSE:

Defendants deny the allegations in paragraph 20.

21.    The representation set forth in Paragraph 20 is false. Therefore, the making of the representation set forth in Paragraph 20 constitutes a deceptive practice, and the making of false advertisements, in or affecting commerce, in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§45(a) and 52.

RESPONSE:

Defendants deny that the representations set forth in paragraph 20 were made and

therefore deny the allegations in paragraph 21.

## CONSUMER INJURY

22.    Consumers throughout the United States have suffered and continue to suffer substantial monetary loss and possible injury to their health because of Defendants' violations of the FTC Act. In addition, Defendants have bene unjustly enriched as a result of their unlawful acts and practices. Absent injunctive relief by this Court, Defendants are likely to continue to injure consumers, reap unjust enrichment, and harm the public interest.

RESPONSE:

Defendants deny the allegations in paragraph 22.

## THIS COURT'S POWER TO GRANT RELIEF

23.    Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and other ancillary relief, including consumer redress, disgorgement, and restitution, to prevent and remedy injury caused by Defendants' law violations.

16

**RESPONSE**:

Defendants respond that paragraph 23 states a legal conclusion as to which no response is necessary. To the extent paragraph 23 contains allegations that do not constitute a legal conclusion, Defendants deny those allegations.

Defendants deny that the Plaintiff, Federal Trade Commission, is entitled to any of the relief it seeks.

Respectfully submitted,

KEVIN TRUDEAU
SHOP AMERICA (USA), LLC

By: _____
One of Their Attorneys

David J. Bradford
David Jimenez-Ekman
Daniel J. Hurtado
Katharine R. Saunders
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, Illinois 60611
Telephone: 312-222-9350
Facsimile: 312-840-7375

July 9, 2003

17

## CERTIFICATE OF SERVICE

I, Katharine R. Saunders, an attorney, certify that I caused Kevin Trudeau and Shop America (USA), LLC's Answer to the FTC's Complaint For Permanent Injunction And Other Equitable Relief to be served upon:

Daniel Kaufman
Laura M. Sullivan
Federal Trade Commission
600 Pennsylvania Avenue, NW
NJ-3212
Washington, DC 20580
fax: 202-326-3259

Todd Kossow
Karen D. Dodge
Federal Trade Commission
55 E. Monroe Street, Suite 1860
Chicago, Illinois 60603
fax: 312-960-5600

David L. Schiavone
Sonnenschein Nath & Rosenthal
Sears Tower
233 S. Wacker Dr.
Suite 8000
Chicago, Illinois 60606
fax: 312-876-7934

Steve Silverman
U.S. Food and Drug Administration
Parklawn Bldg., Rm. 639
5600 Fishers Lane
Rockville, Maryland 20857
301-827-7144
fax: 301-827-2023

by having a true and correct copy thereof sent via messenger and/or via facsimile this 9th day of July, 2003.

Katharine R. Saunders