Minute Order Form (06-97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 3904 | DATE | Sept. 2, 2004 |
| CASE TITLE | Federal Trade Commission    v    Kevin Trudeau, et al | | |

MOTION:

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☐ Status hearing held.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Stipulated Final order for permanent injunction and settlement of claims entered.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| X | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | 56 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GS | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff<br><br>        v.<br><br>KEVIN TRUDEAU, SHOP AMERICA (USA), LLC, SHOP AMERICA MARKETING GROUP, LLC, TRUSTAR GLOBAL MEDIA, LIMITED, ROBERT BAREFOOT, DEONNA ENTERPRISES, INC., and KARBO ENTERPRISES, INC.<br><br>        Defendants, and<br><br>K.T. CORPORATION, LIMITED, and TRUCOM, LLC,<br><br>        Relief Defendants. | Civ. No. 03-C-3904<br><br>Judge Gettleman<br><br>DOCKETED<br>SEP 3 2004 |
| FEDERAL TRADE COMMISSION,<br><br>        Plaintiff<br><br>        v.<br><br>KEVIN TRUDEAU,<br><br>        Defendant. | Civ. No. 98-C-0168<br><br>Judge Gettleman |

**STIPULATED FINAL ORDER FOR PERMANENT INJUNCTION AND SETTLEMENT OF CLAIMS FOR MONETARY RELIEF AS TO DEFENDANTS KEVIN TRUDEAU, SHOP AMERICA (USA), LLC, SHOP AMERICA MARKETING GROUP, LLC, TRUSTAR GLOBAL MEDIA, LIMITED AND RELIEF DEFENDANTS K.T. CORPORATION, LIMITED, AND TRUCOM, LLC**



Plaintiff, the Federal Trade Commission ("Commission") has filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") against Kevin Trudeau, Shop America (USA), LLC, Shop America Marketing Group, and TruStar Global Media ("Defendants"), and K.T. Corp. and TruCom, LLC ("Relief Defendants"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52. Additionally, on June 9, 2003, the Commission moved this Court for entry of an order holding Kevin Trudeau in contempt of the Stipulated Order for Permanent Injunction and Final Judgment Against Kevin Trudeau entered by this court on January 14, 1998 in connection with Civ. No. 98-C-0168.

The Commission, Defendants and Relief Defendants have stipulated to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief as to Defendants Kevin Trudeau, Shop America (USA), L.L.C., Shop America Marketing Group LLC, TruStar Global Media Limited, and Relief Defendants K.T. Corporation Limited and TruCom L.L.C. ("Order") in settlement of the Commission's Complaint against Defendants and Relief Defendants and the Commission's civil contempt action against Kevin Trudeau. Additionally, this Order resolves any additional remedies requested relating to the Court's June 29, 2004 finding of civil contempt against Defendant Kevin Trudeau for violating the preliminary injunction. The Court, being advised in the premises and having conducted a hearing on ___September 2___, 2004 on the subject matter herein, including but not limited to the scope of prohibited activities, finds:

## FINDINGS

1.     This Court has jurisdiction over the subject matter of this case. For purposes of this Order, all parties consent to the Court's exercise of personal jurisdiction. Venue in the Northern District of Illinois is proper.

2.      The Complaint states a claim upon which relief can be granted, and the Commission has the authority to seek the relief which is stipulated to in this Order.

3.      The acts and practices of Defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.     Defendants and Relief Defendants waive all rights to seek judicial review of, or otherwise to challenge or contest the validity of, this Order. Defendants and Relief Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

5.     Each party shall bear its own costs and attorneys' fees.

6.     Entry of this Order is in the public interest.

7.     Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants and Relief Defendants, and their officers, agents, servants, employees and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

8.      Defendants and Relief Defendants expressly deny any wrongdoing or liability for any of the matters alleged in the Complaint and the civil contempt action. There have been no findings or admissions of wrongdoing or liability by the Defendants or Relief Defendants other than the finding against Kevin Trudeau for contempt of Part I of the Stipulated Preliminary

Injunction, entered by the Court on June 29, 2004.

9.      This Order supersedes the Stipulated Order for Permanent Injunction and Final
Judgment Against Kevin Trudeau entered by this court on January 14, 1998.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      "Advertisement" means any written or verbal statement, illustration or depiction
that is designed to effect a sale or create interest in the purchasing of goods or services, whether
it appears in a book, brochure, newspaper, magazine, pamphlet, leaflet, circular, mailer, book
insert, free standing insert, letter, catalogue, poster, chart, billboard, public transit card, point of
purchase display, packaging, package insert, label, film, slide, radio, television or cable
television, video news release, audio program transmitted over a telephone system, infomercial,
the Internet, email, or in any other medium.

B.      "Assets" means any legal or equitable interest in, right to, or claim to, any real or
personal property, including, without limitation, chattels, goods, instruments, equipment,
fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes,
accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

C.      "Assisting others" means knowingly providing any of the following services to
any person or entity:  (a) performing customer service functions for any person or entity (other
than traditional fulfillment services, *i.e.,* storing and shipping product and handling product
returns), including, but not limited to, outbound or inbound telemarketing, upselling, cross-
selling, handling customer complaints (other than returns), credit card or debit account
processing, refund processing, web design and marketing, continuity program development or

implementation, or designing or preparing or assisting in the preparation of product labeling or packaging; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or any other advertising or marketing material for any person or entity; or c) performing advertising or marketing services or consulting services of any kind for any person or entity.

    D.    "Commerce" means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

    E.    "Competent and reliable scientific evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the professions to yield accurate and reliable results.

    F.    "Continuity Program" means any plan, arrangement, or system pursuant to which a consumer receives periodic shipments of products without prior notification by the seller before each shipment or service period, regardless of any trial or approval period allowing the consumer to return or be reimbursed for the product.

    G.    Unless otherwise specified, "Defendants" means:

        (1)    Kevin Trudeau ("Trudeau" or "Individual Defendant") individually and in his capacity as an officer or manager of Shop America (USA), L.L.C., Shop America Marketing Group LLC, TruStar Global Media Limited, K.T. Corporation Limited, TruCom, LLC, and TruStar Marketing Corp.;

        (2)    Shop America (USA), L.L.C. ("Shop America USA"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees;

(3)  Shop America Marketing Group LLC ("Shop America Marketing"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees; and

(4)  TruStar Global Media Limited (TruStar Global"), a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees.

H.  Unless otherwise specified, "Corporate Defendants" means Shop America USA, Shop America Marketing, and TruStar Global.

I.  Unless otherwise specified, "Relief Defendants" means:

(1)  K.T. Corporation Limited, a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees; and

(2)  TruCom L.L.C., a corporation, its divisions and subsidiaries, its successors and assigns, and its officers, agents, representatives, and employees.

J.  "Endorsement" means as defined in 16 C.F.R. § 255.0(b).

K.  "Food," "drug," "cosmetic," and "device" mean as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

L.  "FTC" or "Commission" means the Federal Trade Commission.

M.  "Infomercial" means any written or verbal statement, illustration or depiction that is 120 seconds or longer in duration that is designed to effect a sale or create interest in the purchasing of goods or services, which appears in radio, television (including network and cable television), or video news release.

N.      "Target product" means Coral Calcium Supreme capsules or any substantially similar calcium supplement or Biotape or any substantially similar purported pain-relief product.

O.      A requirement that any defendant "notify," "furnish," "provide," or "submit" to the Commission means that the defendant shall send the necessary information via first class mail, costs prepaid, or via overnight carrier, to:

> Associate Director for Advertising Practices
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington D.C. 20580
> Attn: *FTC v. Kevin Trudeau et al.,* (N.D. Ill.)

P.      The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

Q.      The term "including" in this Order means "including without limitation."

R.      The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any

product, program or service, in or affecting commerce, are hereby permanently enjoined and restrained from producing, disseminating, making or assisting others in making any representation in an infomercial aired or played on any television or radio media (including but not limited to network television, cable television, radio, and television or radio content that is disseminated on the Internet). This Part I does not prohibit Defendants from making any representation in any television or radio media in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any book, newsletter or other informational publication in any format *provided* that such book, newsletter or other informational publication: 1) does not reference, directly or indirectly, any branded or trademarked product, program or service that Defendants are promoting; 2) is not, directly or indirectly, an advertisement for any product, program or service; and 3) is not sold, promoted or marketed, directly or indirectly, in conjunction with any product, program or service that is related to the content of the book, newsletter, informational publication or infomercial. Additionally, the infomercial for any such book, newsletter or informational publication must also comply with the requirements of Part X herein and must not misrepresent the content of the book, newsletter or informational publication. For purposes of this Part I only, and only until December 31, 2004, the prohibition on infomercials does not include infomercials for the Mega Memory System, provided that such Infomercials comply with all other relevant Parts of this Order, including but not limited to Parts II, IV, V, VI, VII and X. For purposes of this Part I only, Defendants will not be deemed to be disseminating television or radio media on the Internet provided that Defendants do not, directly or indirectly, accept, process, or refer to third parties any orders from any addresses in the United States or consumers located in the United States.

Page 8 of 29

## II.

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product, program or service, in or affecting commerce, are hereby permanently enjoined and restrained from making or assisting others in making, expressly or by implication, including through the use of endorsements or product names, any representation regarding the health benefits of such product, program or service or that such product, program or service can cure, treat, or prevent any disease. This Part II does not prohibit Defendants from making any representation in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any book, newsletter or other informational publication in any format *provided* that such book, newsletter or other informational publication 1) does not reference, directly or indirectly, any branded or trademarked product, program or service that Defendants are promoting; 2) is not, directly or indirectly, an advertisement for any product, program or service; and 3) is not sold, promoted or marketed, directly or indirectly, in conjunction with any product, program or service that is related to the content of the book, newsletter, informational publication or infomercial. Additionally, any representations regarding the book, newsletter or informational publications shall not misrepresent the content of the book, newsletter or informational publication. This Part II prohibits the making of any representations for, among others, the following products: any coral calcium product, Biotape, Eden's Secret

Nature's Purifying Product, Sable Hair Farming System, and Dr. Callahan's Addiction Breaking System.

### III.

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from manufacturing, labeling, advertising, promoting, offering for sale, sale, or distribution of any product containing coral calcium, *provided* that until December 31, 2004, Defendants are not prohibited from selling or shipping coral calcium to consumers who are currently enrolled in a coral calcium continuity program and who enrolled in that coral calcium continuity program prior to December 24, 2003.

### IV.

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product, program or service, in or affecting commerce, are hereby permanently restrained and enjoined from making or assisting others in making, expressly or by implication, including through the use of endorsements or product names, any representation about the benefits, performance, or efficacy of any product, program or service unless the representation is true and

non-misleading.

## MISREPRESENTATION OF TESTS OR STUDIES

### V.

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product, program or service, in or affecting commerce, are hereby permanently restrained and enjoined from making or assisting others in making, expressly or by implication, including through the use of endorsements or product names, any misrepresentation about the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## PROHIBITED BUSINESS ACTIVITIES FROM JANUARY 1998 ORDER

### VI.

**IT IS FURTHER ORDERED** that Defendant Trudeau, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of Kevin Trudeau's Mega Memory System or any substantially similar product in or affecting commerce, shall not represent, in any manner, expressly or by implication, including through the use of endorsements or product names, that such product will enable users to achieve a photographic memory; provided, however, that this Part shall not prohibit representations that visualization and association techniques can improve memory, that memory can be visual in nature, that memory includes images of events and

experiences, and that visualization and association techniques can help an individual to form and access visual memories, provided such representations comply with Part IV of this Order.

## VII.

**IT IS FURTHER ORDERED** that Defendant Trudeau, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of Kevin Trudeau's Mega Memory System or any substantially similar product in or affecting commerce, shall not make any representation, in any manner expressly or by implication, including through the use of endorsements or product names, that such product is effective in causing adults or children with learning disabilities or attention deficit disorder to substantially improve their memory.

## VIII.

**IT IS FURTHER ORDERED** that Defendant Trudeau, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of Jeanie Eller's Action Reading or any other product or program that provides instruction in learning how to read in or affecting commerce, shall not make any representation, in any manner, expressly or by implication, including through the use of endorsements or product names, concerning:

    A.     The extent to which individuals who use such product will learn to read, or

    B.     The success rate of individuals who use such product,

unless, at the time the representation is made, defendant possesses and relies upon competent and reliable evidence, which when appropriate must be competent and reliable scientific evidence,

that substantiates the representation.

## IX.

**IT IS FURTHER ORDERED** that Defendant Trudeau, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of Howard Berg's Mega Reading or any substantially similar product in or affecting commerce, shall not represent, in any manner, expressly or by implication, including through the use of endorsements or product names, that such product is successful in teaching anyone, including adults, children and disabled individuals, to increase their reading speed above 800 words per minute while substantially comprehending and retaining the material.

## X.

**IT IS FURTHER ORDERED** that Defendant Trudeau, directly or through any corporation, subsidiary, division, or other device, in connection with the labeling, advertising, promotion, offering for sale, sale, or distribution of any product or program in or affecting commerce, shall not create, produce, sell, or disseminate:

A.      Any advertisement that misrepresents, directly or by implication, that it is not a paid advertisement;

B.      Any television commercial or other video advertisement fifteen (15) minutes in length or longer or intended to fill a broadcasting or cablecasting time slot of fifteen (15) minutes in length or longer that does not display visually, clearly and prominently, and for a length of time sufficient for an ordinary consumer to read, within the first thirty (30) seconds of the advertisement and immediately before each presentation of ordering instructions for the product

or service, the following disclosure:

"THE PROGRAM YOU ARE WATCHING IS A PAID ADVERTISEMENT FOR [THE PRODUCT OR SERVICE]."

Provided that, for the purposes of this provision, the oral or visual presentation of a telephone number, e-mail address or mailing address for viewers to contact for further information or to place an order for the product or service shall be deemed a presentation of ordering instructions so as to require the display of the disclosure provided herein; or

C.      Any radio commercial or other radio advertisement five (5) minutes in length or longer that does not broadcast, clearly and audibly, within the first thirty (30) seconds of the advertisement and immediately before each presentation of ordering instructions for the product or service, the following disclosure:

"THE PROGRAM YOU ARE LISTENING TO IS A PAID ADVERTISEMENT FOR [THE PRODUCT OR SERVICE]."

Provided that, for the purposes of this provision, the presentation of a telephone number, e-mail address or mailing address for listeners to contact for further information or to place an order for the product or service shall be deemed a presentation of ordering instructions so as to require the announcement of the disclosure provided herein.

## FIRST AMENDMENT

## XI.

**IT IS FURTHER ORDERED** that, with the exception of any waiver in connection with Parts I-X herein, nothing in this Order shall constitute a waiver of the Defendants' right to engage in speech protected by the First Amendment to the Constitution of the United States.

## DESTRUCTION AND/OR TRANSFER OF CUSTOMER LISTS

## XII.

**IT IS FURTHER ORDERED** that:

A.      Defendants and Relief Defendants, and any other entities, owned, directly or indirectly by Defendants and Relief Defendants, shall, within 30 days of entry of this Order, delete or destroy all customer information in their possession, custody or control, with respect to the approximately 10,000-16,000 customers who purchased coral calcium from Defendants after receiving one of the direct mail solicitation letters that was at issue in the Commission's June 5, 2004 motion to find Kevin Trudeau and TruStar Marketing in civil contempt (and the supplemental memorandum in support of that motion). Defendants and Relief Defendants shall provide written confirmation to the Commission, sworn to under penalty of perjury, that all such customer information has been deleted or destroyed. Prior to destroying the customer information, a complete set of the information, in proper searchable electronic format, shall be provided to the Commission at Defendants' expense. For purposes of this Part, "customer information" shall mean information of or relating to consumers collected by the Defendants, including, but not limited to, name, address, billing information, order history, telephone numbers and email addresses.

B.      Defendants and Relief Defendants, and any other entities, owned, directly or indirectly by Defendants and Relief Defendants, shall, within 30 days of entry of this Order, delete or destroy all customer information in their possession, custody or control, with respect to any customers who responded to any of the infomercials that were at issue in the Commission's

June 5, 2004 motion to find Kevin Trudeau and TruStar Marketing in civil contempt (and the supplemental memorandum in support of that motion). Defendants and Relief Defendants shall provide written confirmation to the Commission, sworn to under penalty of perjury, that all such customer information has been deleted or destroyed.

C.    Defendants and Relief Defendants are hereby permanently restrained and enjoined from, directly or indirectly, selling, renting, leasing, transferring, or otherwise disclosing to anyone the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any person who paid, who was solicited to pay, or whose identifying information was obtained for the purpose of soliciting them to pay, any money to any Defendant in this action at any time prior to the entry of this Order, in connection with the advertising, promotion, telemarketing, offering for sale, or sale of Coral Calcium Supreme or any books authored by Robert Barefoot; provided, however, that Defendants may disclose such identifying information to a law enforcement agency, or as required by any law, regulation, or court order.

## MONETARY RELIEF AND CONSUMER REDRESS

### XIII.

**IT IS FURTHER ORDERED** that Judgment for equitable monetary relief in the amount of two million dollars ($2,000,000) is hereby entered jointly and severally against Defendants and Relief Defendants, which relief shall include, but not be limited to, consumer redress. The Judgment for equitable monetary relief shall be satisfied as follows:

A.    By Defendants and Relief Defendants transferring to the Commission within ten (10) days from the date of entry of this Order title, unencumbered and free of any liens, to: (1) the

property located at 537 Del Oro Drive, Ojai, California, Assessor's Parcel Number (APN) 020-0-221-080; and (2) the 2003 Mercedes Benz SL55/6 purchased by Defendants and Relief Defendants on March 27, 2003 for the amount of $179,294, which have been held in escrow by Jenner and Block as of May 12, 2004.

B.      By Defendants and Relief Defendants directing Jenner and Block within ten (10) days from the date of entry of this Order to pay to the Commission the five hundred thousand dollar ($500,0000) performance bond established pursuant to Part XVII of the 1998 Stipulated Final Order.

C.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief. These funds shall be used to provide refunds to consumers who purchased any product containing coral calcium from Defendants in conjunction with the "coral calcium letter" that was at issue in the Court's June 29, 2004 Order finding defendant Trudeau in contempt of court.

D.      In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants and Relief Defendants shall have no right to challenge the Commission's choice of remedies under this Part. Defendants and Relief Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payments under the

judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

E.      Defendants and Relief Defendants relinquish all dominion, control, and title to the funds paid to and property transferred to the Commission, for use according to the terms of this Order. Defendants and Relief Defendants shall make no claim to or demand for the return of the funds or property, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any Defendant or Relief Defendant, Defendants and Relief Defendants acknowledge that the funds and property are not part of the debtor's estate, nor does the estate have any claim or interest therein.

F.      In accordance with 31 U.S.C. § 7701, Defendants and Relief Defendants are hereby required, unless they have done so already, to furnish to the Commission their respective taxpayer identifying numbers (social security numbers or employer identification numbers), if any, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' and Relief Defendants' relationship with the government.

## RIGHT TO REOPEN

## XIV.

**IT IS FURTHER ORDERED** that, within five (5) days after the date of entry of this Order, Defendant Trudeau, individually and on behalf of Defendants Shop America USA, Shop America Marketing and TruStar Global and Relief Defendants K.T. Corp. and TruCom, LLC, shall execute and submit to the Commission a truthful sworn statement that shall acknowledge receipt of this Order. The Commission's agreement to this Order is expressly premised on the truthfulness, accuracy, and completeness of Defendants' and Relief Defendants' financial condition as reflected in the totality of the information provided in the deposition of Defendant

Trudeau (and exhibits thereto) on March 26, 2004, the deposition of Marc J. Lane on March 19, 2004 (and exhibits thereto), the deposition of James Coleman on March 17, 2004 (and exhibits thereto), the deposition of Suneil Sant on March 24, 2004 and upon the information contained in the following documents: November 24, 2003 letter from Marc J. Lane to David Bradford, as modified and updated by information and materials provided to the Commission in communications from Daniel J. Hurtado dated March 5, 2004, March 11, 2004, April 6, 2004 April 11, 2004, April 12, 2004, and April 21, 2004; and the November 7, 2003 e-mail from Daniel J. Hurtado to the Commission staff with attached Excel files entitled "FTCAnalysiscoral2002" and "FTCAnalysiscoral2003." If, upon motion by the Commission, the Court finds that the Defendants' or Relief Defendants' financial information failed to disclose any material asset, materially misrepresented the value of any asset, or made any other material misrepresentation or omission, the Court shall enter judgment for consumer redress against Defendants and Relief Defendants, jointly and severally, in favor of the Commission, in the amount of twenty million dollars ($20,000,000); *provided, however*, that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this Part would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order. For purposes of enforcing this Part only, Defendants and Relief Defendants waive any right to contest any of the allegations in the Complaint.

**DISTRIBUTION OF ORDER BY DEFENDANTS**

**XV.**

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    Corporate Defendants: must deliver a copy of this Order to all of their principals, officers, directors, and managers. Corporate Defendants also must deliver copies of this Order to all of their employees, agents, and representatives who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendants. For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.    Individual Defendant Trudeau as Control Person: For any business that Trudeau controls, directly or indirectly, or in which Trudeau has a majority ownership interest, Trudeau must deliver a copy of this Order to all principals, officers, directors, and managers of that business. Trudeau must also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within (5) days of service of this Order upon Defendant Trudeau. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.    Individual Defendant Trudeau as employee or non-control person: For any business where Trudeau is not a controlling person of a business but for which Trudeau: 1) produces or appears in an infomercial or other advertising; or 2) provides any consulting services regarding infomercials or advertising, Trudeau

must deliver a copy of this Order to all principals and managers of such business
before producing or appearing in infomercials or other advertising or providing
any consulting services regarding infomercials or advertising. For any business
where Trudeau is not a controlling person of a business but for which Trudeau has
appeared in an infomercial or advertising that is related to the subject matter of
Parts I - III and VI through IX of this Order, Trudeau must deliver a copy of this
Order to all principals and managers of such business within twenty (20) days of
entry of this Order.

D.    Corporate and Individual Defendants must secure a signed and dated statement
acknowledging receipt of the Order, within thirty days of delivery, from all
persons receiving a copy of the Order pursuant to this Part.

## COMPLIANCE MONITORING

## XVI.

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating
compliance with any provision of this Order,

A.    Within ten (10) days of receipt of written notice from a representative of the
Commission, Trudeau, Shop America USA, Shop America Marketing and TruStar Global each
shall submit additional written reports, sworn to under penalty of perjury; produce documents for
inspection and copying; appear for deposition; and/or provide entry during normal business hours
to any business location in such defendant's possession or direct or indirect control to inspect the
business operation;

B.    In addition, the Commission is authorized to monitor compliance with this Order

by all other lawful means, including but not limited to the following:

1.      obtaining discovery from any person, without further leave of court, using the procedures proscribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

2.      posing as consumers and suppliers to: Kevin Trudeau, Shop America USA, Shop America Marketing or TruStar Global; Trudeau, Shop America USA, Shop America Marketing or TruStar Global's employees, or any other entity managed or controlled in whole or in part by Trudeau, Shop America USA, Shop America Marketing or TruStar Global, without the necessity of identification or prior notice; and

C.      Trudeau, Shop America USA, Shop America Marketing and TruStar Global shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided*, however, that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## COMPLIANCE REPORTING BY DEFENDANTS

## XVII.

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

     1.    Defendant Trudeau shall notify the Commission of the following:

         a.    Any changes in residence, mailing addresses, and telephone numbers of Trudeau, within ten (10) days of the date of such change;

         b.    Any changes in employment status (including self-employment) of Trudeau, and any change in the ownership of Trudeau in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Trudeau is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Trudeau's duties and responsibilities in connection with the business or employment; and

         c.    Any changes in Trudeau's name or use of any aliases or fictitious names; and

     2.    Trudeau, Shop America USA, Shop America Marketing and TruStar Global shall notify the Commission of any changes in corporate structure of Shop America USA, Shop America Marketing or TruStar Global or any business entity that Trudeau directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that

engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.     Ninety (90) days after the date of entry of this Order, Trudeau, Shop America USA, Shop America Marketing and TruStar Global each shall provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order. This report shall include, but not be limited to:

    1.    For Defendant Trudeau:

        a.    The then-current residence address, mailing addresses, and telephone numbers of Trudeau;

        b.    The then-current employment and business addresses and telephone numbers of Trudeau, a description of the business activities of each such employer or business, and the title and responsibilities of Trudeau, for each such employer or business; and

        c.    Any other changes required to be reported under subpart A of this Part.

    2.    For all Defendants:

a.  A copy of each acknowledgment of receipt of this Order, obtained

pursuant to Part XV;

b.  Any other changes required to be reported under subpart A of this

Part; and

c.  Copies of all then current advertisements, promotional materials,

sales scripts, training materials, or other marketing materials

utilized by Defendants in the advertising, marketing, promotion,

offering for sale, distribution or sale of any product, program or

service in the United States.

C.  For the purposes of this Order, Defendants shall, unless otherwise directed by the

Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director the Division of Advertising Practices
> Federal Trade Commission
> 600 Pennsylvania Avenue NW
> Washington DC 20580
> Re: FTC v. Kevin Trudeau, Civil Action No.03-3904.

D.  For the purpose of the compliance reporting and monitoring required by this

Order, Defendants shall provide the Commission with their counsel's name and address for the

purpose of communications regarding this Order and shall notify the Commission of any change

in their counsel for the purpose of this Order.

## RECORD KEEPING PROVISIONS

## XVIII.

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendants Kevin Trudeau, Shop America USA, Shop America Marketing and TruStar Global and any business where Defendant Trudeau is a majority owner or an officer or director of the business, or directly or indirectly manages or controls the business, and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.      Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.      Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.      Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.      Complaints and refund requests (whether received directly, indirectly or through

any third party) and any responses to those complaints or requests; and

E.    Copies of all advertisements, promotional materials, sales scripts, training materials, or other marketing materials utilized by any Defendant in the advertising, marketing, promotion, offering for sale, distribution or sale of any product, program or service

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Part XV, and all reports submitted to the FTC pursuant to Part XVII;

G.    All materials that were relied upon in making any representations contained in the materials identified in Subpart E, including all documents evidencing or referring to the accuracy of any claim therein or to the efficacy of any product or service, including, but not limited to, all tests, reports, studies, demonstrations, as well as all evidence that confirms, contradicts, qualifies, or calls into question the accuracy of such claims regarding the efficacy of such product or service; and

H.    Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of advertising, marketing, promoting, offering for sale, distributing, or selling any dietary supplement, food, drug, cosmetic, device, equipment, program, or service.

## SCOPE OF ORDER

### XIX.

**IT IS FURTHER ORDERED** that this Order resolves claims only against Defendants and Relief Defendants as alleged in the Complaint and in the June 9, 2003 memorandum by the Commission in support of its Order to Show Cause. This Order does not preclude the Commission from initiating further action or seeking any remedy against any other persons or entities, including without limitation persons or entities who may be subject to portions of this Order by virtue of actions taken in concert or participation with Defendants and persons or entities in any type of indemnification or contractual relationship with Defendants. This Order resolves any claim by the Commission arising out of the assignment of claims from Robert Barefoot to the Commission that is set forth in the Stipulated Final Order for Permanent Injunction and Settlement of Claims for Monetary Relief as to Defendants Robert Barefoot, Deonna Enterprises, Inc. and Karbo Enterprises, Inc. that was entered by this Court on January 15, 2004.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT(S)

### XX.

**IT IS FURTHER ORDERED** that each Defendant and Relief Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a

truthful sworn statement acknowledging receipt of this Order.

## RETENTION OF JURISDICTION

### XXI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification and enforcement of this Order.

**IT IS SO ORDERED**, this 2d day of September, 2004

UNITED STATES DISTRICT JUDGE
ROBERT W. GETTLEMAN

**SO STIPULATED:**

HEATHER HIPPSLEY
DANIEL KAUFMAN
LAURA M. SULLIVAN
PETER MILLER
Federal Trade Commission
600 Pennsylvania Avenue, NW, NJ-3212
     Washington, DC 20580
(202) 326-3285, -2675, -3327 (voice)
(202) 326-3259 (fax)
dkaufman@ftc.gov or lsullivan@ftc.gov

TODD KOSSOW
KAREN D. DODGE
FEDERAL TRADE COMMISSION
55 E. Monroe Street, Suite 1860
Chicago, IL 60603-5173
(312) 960-5616, -5608 (voice)
(312) 960-5600 (fax)
tkossow@ftc.gov
ATTORNEYS FOR PLAINTIFF

KEVIN TRUDEAU
Individually

KEVIN TRUDEAU
manager or director of Shop America (USA),
LLC, Shop America Marketing Group,
TruStar Global Media, Ltd., K.T. Corp and
TruCom, LLC

DAVID BRADFORD
Jenner & Block
One IBM Plaza
Chicago, IL 60611-7603
312-923-2975 (voice)
312-840-7375 (fax)
ATTORNEYS FOR DEFENDANTS
AND RELIEF DEFENDANTS