UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br>    Plaintiff, )<br>    )<br>v. )<br>    )<br>KEVIN TRUDEAU, et al., )<br>    Defendants. )<br>_____) | Case No. 03-C-3904<br><br>Judge Gettleman |

**DEFENDANT KEVIN TRUDEAU'S MOTION FOR
RECONSIDERATION AND/OR CLARIFICATION OF
THE COURT'S NOVEMBER 16, 2007 CONTEMPT FINDING**

Defendant Kevin Trudeau respectfully moves this Court for reconsideration of or clarification of its November 16, 2007 Order finding Mr. Trudeau to be in contempt of the September 2004 Stipulated Final Order for Permanent Injunction ("Stipulated Order"), so as to afford Mr. Trudeau an opportunity to address at an evidentiary hearing whether he was "reasonably diligent and energetic" in attempting to comply with the Stipulated Order.

In support of this motion, Trudeau further states as follows:

1. On September 13, 2007 the FTC filed its Contempt Motion, alleging that Trudeau was violating the Stipulated Order in connection with a series of infomercials for the Weight Loss Book. Trudeau filed his opposition brief on October 2, 2007, the FTC filed its Reply on October 12, 2007, and Trudeau filed a Surreply on October 17, 2007. A hearing on the FTC's request for an Order to Show Cause was held October 19, 2007.

2. As Trudeau noted in his briefing and as this Court acknowledged in its November 16 Order, a finding of contempt requires a *prima facie* showing by clear and convincing evidence that: (1) there was a valid court order; (2) the defendant had knowledge of the order; and (3) the defendant failed to comply with the order. (November 16 Order at 7.) The *prima facie* case is rebuttable, however, and can be rebutted by a showing that the defendant was nevertheless

"reasonably diligent and energetic" in attempting to comply with the court's order, and therefore not in contempt of the order. (*Id.* at 7-8, citing *Goluba v. School Dist. of Ripon.* 45 F.3d 1035, 1037 (7th Cir. 1995); *FTC v. Think Achievement Corp.,* 144 F. Supp. 2d 1029, 1034 (N.D. Ind. 2001).)

3. At the September 27, 2007 hearing at which the FTC presented its Motion for an Order to Show Cause, it was agreed that there would be a bifurcated proceeding in which the Court first would determine from the papers whether there had been a violation of the Stipulated Order, and, if so, would then hold an evidentiary hearing in which Trudeau could present evidence that he was reasonably diligent in attempting to comply with the Order. (*See* Exhibit A hereto, September 27, 2007 Transcript, at 3-4, 7-8, 13-14.)

4. Based on the case law and on the discussion at the September 27, 2007 hearing, it was Trudeau's understanding that the Court would first determine whether the Stipulated Order had been violated (*i.e.,* whether a *prima facie* case had been established), and, if so, then determine in an evidentiary proceeding whether Trudeau could rebut the *prima facie* case by showing that he nevertheless had been reasonably diligent in attempting to comply with the Order. (*See* Doc. No. 76 at 14-15.) If the Court ultimately found Trudeau to be in contempt, then it also would determine the appropriate remedy in the second phase of the proceeding.[1]

5. At the October 19, 2007 oral argument, it was again confirmed that this would be a bifurcated proceeding in which, if the court found a violation of the Order, then Trudeau would have the opportunity to present his defenses in a second phase of the proceeding. (Exhibit B hereto, excerpts of October 19, 2007 Transcript, at 35-38.)

---

[1] Though Trudeau contemplated that his diligence in endeavoring to comply with the Stipulated Order would be considered in the second phase of the proceeding, he nevertheless presented evidence with his Opposition brief and Surreply that he had been diligent in his efforts to comply with Part I of the Stipulated Order. (*Id.,* Group Ex. K; Doc. No. 85-2, at 4-8 and exhibits cited therein.)

6. The November 16 Order found Trudeau to be in contempt of the Stipulated Order without addressing or making any findings regarding whether Trudeau could show that he was reasonably diligent in attempting to comply with the Stipulated Order. Trudeau respectfully submits that he should have the opportunity to make a showing that he was reasonably diligent and energetic in an evidentiary proceeding before the Court makes a final determination regarding whether Trudeau acted in contempt of the Stipulated Order and/or as to any remedy.

7. Because this Court's November 16, 2007 Order is an interlocutory Order, it is subject to modification, as appropriate, at any time. (*See* Fed. R. Civ. P. 54(b).) The courts of the Northern District of Illinois have long recognized the propriety of a motion for reconsideration of an interlocutory order under appropriate circumstances. *Huff v. Uarco, Inc.,* Case No. 94 C 7585, 2000 U.S. Dist. LEXIS 16426 at *9 (N.D. Ill. Oct. 13, 2000). This Court has granted a motion for reconsideration under procedural circumstances similar to the circumstances in this case. *Aspacher v. Kretz,* Case No. 94 C 6741, 1997 WL 992943 at *1, 3-4 (N.D. Ill. Aug. 13, 1997).

8. Trudeau does not ask this Court to vacate its finding of contempt prior to the time that it conducts an evidentiary hearing. Trudeau respectfully suggests that this Motion be considered in conjunction with issues related to remedies at an evidentiary hearing.

WHEREFORE, Trudeau respectfully requests that the Court grant his Motion for Reconsideration or Clarification of the November 16, 2007 Order by 1) providing Trudeau an opportunity to present evidence as to whether he was reasonably diligent and energetic in trying to complying with the Stipulated Order; and 2) considering that evidence in making any final determination of whether Mr. Trudeau should be held in contempt and, if so, the appropriate remedy, if any.

    Respectfully submitted,

    KEVIN TRUDEAU


    By:  /s/ David J. Bradford
        One of His Attorneys

David J. Bradford
Daniel J. Hurtado
JENNER & BLOCK LLP
330 North Wabash Avenue
Chicago, Illinois 60611
312-923-2975

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that a copy of the foregoing was served on Plaintiff's counsel of record, listed below, by operation of the Court's ECF/CM system on February 4, 2008.

    David A. O'Toole
    Federal Trade Commission
    55 W. Monroe St., Suite 1825
    Chicago, IL 60603

    Laureen Kapin
    Elizabeth Tucci
    Sandhya Prabhu
    Federal Trade Commission
    601 New Jersey Ave., N.W. , Suite 2215
    Washington, D.C. 20001

            /s/Daniel J. Hurtado