IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No. 03-C-3904 |
| : | |
| **KEVIN TRUDEAU,** : | |
| Defendant. : | |

**PLAINTIFF'S OPPOSITION TO JENNER AND BLOCK'S
MOTION TO WITHDRAW AS COUNSEL**

Plaintiff Federal Trade Commission ("FTC") opposes Jenner & Block LLP's ("Jenner & Block") motion to withdraw immediately as counsel of record for Defendant Kevin Trudeau ("Trudeau") on several grounds. First, by stating that "it no longer believes that it is possible to represent Mr. Trudeau consistent with this Court's rules," Jenner & Block's motion raises the troubling possibility of misrepresentations to the Court or the FTC in their absence. Current counsel's integrity provides the best method of ensuring that violations of the Court's rules do not occur while the FTC seeks compliance with the Court's three-year ban on Trudeau's infomercials and pursues discovery regarding Trudeau's assets and ability to pay the Court's August 7, 2008 Judgment ("Judgment").

Second, Jenner & Block's skeletal motion provides little information regarding a newly discovered conflict between Trudeau and an existing firm client. Jenner & Block's history of representing Trudeau goes back at least ten years and this contempt action alone has lasted almost a year. Therefore the recent discovery of an "existing" firm client necessitating withdrawal is puzzling.

The Court's Conflict of Interest Rules require withdrawal only when "the representation of that client will be **directly adverse** to another client" [emphasis added].  Local Rule ("LR") 83.51.7, Conflict of Interest: General Rule.  Jenner & Block's motion gives no information demonstrating that the conflict meets this standard.  Moreover, even if the representation of one client is "directly adverse" to another client, the representation may still continue under certain circumstances.[1]  Hence, Jenner & Block has failed to demonstrate that its withdrawal is justified based upon a conflict of interest.

Accordingly, Jenner & Block has failed to establish a sufficient basis for withdrawal, particularly where its withdrawal would have a significantly negative impact on an efficient conclusion to these contempt proceedings.  Indeed, the Court has already recognized the problems that might result if Jenner & Block were permitted to withdraw before these proceedings have concluded.  On July 25, 2008, when Jenner & Block raised its first motion to withdraw, the Court refused to allow withdrawal at that time because "we may have some follow-up" and informed Jenner & Block that it expected the firm to continue representing Trudeau "through these contempt issues."  July 25, 2008 Trial Transcript, p. 101.  Because there are several follow-up issues to be resolved, including outstanding motions from both parties, Jenner & Block's withdrawal remains problematic.

These follow-up issues include the FTC's motion to clarify and amend certain aspects of the Court's Judgment.  Defendant will likely seek an opportunity to respond to the FTC's motion.  Once the Court resolves that motion, which includes amendment of the amount of

---

[1] The lawyer must reasonably believe the representation will not adversely affect the relationship with the other client; and each client must consent after disclosure.  LR 83.51.7 (a), Conflict of Interest: General Rule.

royalties that Trudeau is required to disgorge, the FTC will seek financial discovery from Trudeau and a turnover of assets in order to satisfy the Judgment. In addition, Defendant has moved to stay this Court's Judgment, pending appeal. The FTC opposes a stay and will seek an appropriate schedule to brief this issue during the September 2, 2008 presentment of Defendant's motion.

Finally, it appears likely that the parties may disagree about the scope of the Court's three-year infomercial ban on Trudeau.[2] Based upon recent correspondence from Trudeau's counsel, the FTC has concerns that Defendant's infomercials for Debt Cures and Natural Cures, among others, continue to be broadcast, in violation of the Court's injunction against "publication of any infomercial for any product." Judgment (#158). Defendant's correspondence also raises the possibility that Trudeau may intend to broadcast other infomercials, which he created prior to entry of the Judgment. All these issues relate to the contempt proceedings and enforcement of the Court's Judgment. Once these discrete issues are resolved, the FTC would not oppose Jenner & Block's withdrawal from this matter.

Permitting withdrawal now, prior to the resolution of the contempt issues, would unnecessarily delay and complicate these proceedings. Any search for new counsel might prove time-consuming (especially if Trudeau lacks the ability to pay for representation). Even if Trudeau could obtain new counsel, that counsel would have to acquaint themselves with the facts and legal issues surrounding this matter. If Trudeau elects to proceed *pro se* as counsel's motion indicates, that would cause delays as a non-lawyer grapples with legal issues.

---

[2] The Judgment enjoined Trudeau "or any person or entity acting in concert with him, from participating in the production or publication of any infomercial for any product, including books, in which Mr. Trudeau, or any related entity has an interest, for a period of three years" from the date of the Order. Judgment (#158).

For these reasons, the FTC opposes Jenner & Block's motion to withdraw.

Dated: August 29, 2008                    Respectfully submitted,

                                                                                            WILLIAM BLUMENTHAL
                                                                                            General Counsel

                                                                                            s/ Laureen Kapin

DAVID A. O'TOOLE                        LAUREEN KAPIN
Federal Trade Commission              ELIZABETH TUCCI
55 West Monroe St., Suite 1825       SANDHYA PRABHU
Chicago, Illinois 60603                  Federal Trade Commission
phone: (312) 960-5601                  601 New Jersey Ave, NW Suite 2215
fax: (312) 960-5600                      Washington DC, 20001
dotoole@ftc.gov                          phone: (202) 326-3237, -2402, -2040
                                               fax: (202) 326-2559
                                               lkapin@ftc.gov; etucci@ftc.gov;
                                               sprabhu@ftc.gov

Attorneys For Plaintiff

CERTIFICATE OF SERVICE

I, Sandhya Prabhu, an attorney, hereby certify that on August 29, 2008, I caused to be served true copies of the *Plaintiff's Opposition to Jenner & Block's Motion to Withdraw as Counsel*, by electronic means and by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to:

David Bradford, and Daniel Hurtado, Esq.
Jenner & Block
330 N. Wabash Ave.
Chicago, IL  60611-7603
dbradford@jenner.com
dhurtado@jenner.com


                                        s/ Sandhya Prabhu
                                        Sandhya Prabhu
                                        Attorney for Plaintiff
                                        Federal Trade Commission