IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3904 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KEVIN TRUDEAU, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter came before the court on the court's motion in connection with its finding of

February 11, 2010, that defendant Kevin Trudeau had committed direct criminal contempt of this

court. For the reasons stated in open court this date, it is hereby ordered:

1.     The court finds, and hereby certifies, that defendant Kevin Trudeau ("Trudeau")

committed direct contempt of this court by inciting, inducing and procuring

through web postings and direct email messages in excess of 300 emails directed

to this court's judicial email inbox address purporting to support Trudeau in

connection with the civil contempt proceedings currently before the court.

Trudeau's solicitation of these emails began on February 10, 2010, and were

intended to intimidate, harass and improperly influence this court. Trudeau

admits that he posted this court's email address on his website and in a "blast

email" to a large list of recipients, eliciting testimonials to tell the court (and FTC

counsel) "how I have changed your life for the better. Tell them that I have NOT

misled you in anyway and that the government is out of control for trying to

silence the truth."[1]  As a direct result of this conduct, the court's judicial email inbox was flooded with more than 300 messages, thus effectively shutting down this court's email communication system, interfering with the processes of the court, and causing the United States Marshal to initiate a threat assessment.  As a result, the court was compelled to turn its attention from other pressing judicial matters, repair the technological impediment to its computer system, deal with the threat assessment and conduct hearings concerning the instant matter.  The court therefore finds that Trudeau's misbehavior was both "in its presence" (through the direct attack on the court's computer system in the courtroom, chambers, laptop, and handheld) or "so near thereto as to obstruct the administration of justice."  The court so concluded without the need for any extrinsic evidence.

2.      The court hereby orders punishment under 18 U.S.C. § 401 for Trudeau's direct contempt of court as follows:

   (a)      Thirty days in the custody of the United States Marshal; and

   (b)      A fine of $5,000.[2]

---

[1]The court notes that both this court and the Court of Appeals for the Seventh Circuit has found that Trudeau deceived and "outright lied" to the purchasers of the Weight Loss Cure book in the infomercials that are the subject of the civil contempt proceedings scheduled for hearing on March 9, 2010.  See FTC v. Trudeau, 579 F.3d 754, 767-68 (7th Cir. 2009).

[2]Although the court had intended to impose a larger fine, Trudeau objected to any fine greater than $5,000 based on United States v. Kozel, 908 F.2d 205 (7th Cir. 1990).  That case does not so hold, but the state of the law on the subject of the maximum or minimum penalties for direct criminal contempt is uncertain.  See United States v. Cohn, 586 F.3d 844 (11th Cir. 2009).

3.      In addition, the court directs Trudeau to cease and desist any communications that would incite, procure or direct communications to this court's judicial email address.

4.      Trudeau's Motion for Acquittal under Fed. R. Crim. P. 29 and his request for a presentence report are denied.

5.      At the request of defendant Trudeau, the court stays imposition of the sanctions imposed herein for 24 hours, or until 2:15 p.m. February 18, 2010.  At that time, the court orders Trudeau to appear in court and surrender to the United States Marshal to serve the sentenced imposed herein.  Also at that status hearing, the parties are directed to discuss further remedial measures concerning this incident, including but not limited to provision of a complete list of the recipients of the "blast email" sent by Trudeau to his "Email Club."  See Defendant's Memorandum in Response to Order Finding Mr. Trudeau in Direct Criminal Contempt, Ex. 1.

6.      Until Trudeau surrenders into custody, the terms of the bond previously posted by him will remain in full force and effect.

**ENTER:**      **February 17, 2010**

_____
    **Robert W. Gettleman**
    **United States District Judge**