1

```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION


FEDERAL TRADE COMMISSION,         )
                                  )
            Plaintiff,            )
                                  ) No. 03 C 3904
       vs.                        ) Chicago, Illinois
                                  ) December 3, 2009
KEVIN TRUDEAU,                    ) 8:45 a.m.
                                  )
            Defendant.            )


          TRANSCRIPT OF PROCEEDINGS - STATUS

       BEFORE THE HONORABLE ROBERT W. GETTLEMAN

APPEARANCES:

For the Plaintiff:     FEDERAL TRADE COMMISSION
(Via telephone)        600 Pennsylvania Avenue, NW
                       NJ-3212
                       Washington, DC 20580
                       BY:  MS. SANDHYA PRABHU BROWN
                            MR. MICHAEL MORA


For the Defendant:     WINSTON & STRAWN LLP
(Via telephone)        35 West Wacker Drive
                       Chicago, Illinois 60601
                       BY:  MR. KIMBALL R. ANDERSON




Official Reporter:     JENNIFER S. COSTALES, CRR, RMR
                       219 South Dearborn Street
                       Room 1706
                       Chicago, Illinois 60604
                       (312) 427-5351
```

1    (Proceedings in open court.)
2         MR. ANDERSON:  Good morning, Judge
3    Kimball Anderson here on behalf of Mr. Trudeau.
4         MS. BROWN:  Sandhya Brown and Michael Mora here on
5    behalf of the Federal Trade Commission.
6         THE COURT:  All right.  Now, we're on a speakerphone.
7    So that means that we have to be mindful of the fact that if
8    anybody says something simultaneously with another person, it
9    will cancel, so let's be measured in what we say.
10        I've reviewed Mr. Anderson's motion, and I've decided on
11   a course of action here.  So let me tell you first what I think
12   would be the appropriate way to go about this.  And I've also
13   reviewed the Court of Appeals' opinion and my former order and
14   everything else.
15        First of all, I think that Mr. Trudeau should respond to
16   the FTC's renewed motion to modify the injunction, which is
17   docket number 269.  And I just think that takes the response,
18   because the injunction I don't think needs any further -- or the
19   injunctive relief or the modification of the injunctive relief
20   doesn't really require any further discovery or anything else
21   under the Court of Appeals' rationale.
22        Secondly, the second FTC motion for entry of a
23   compensatory monetary remedy I think does, however.  But I think
24   I also want a response, a formal response to that by Mr. Trudeau.
25        I think in that response, Mr. Anderson, you should

1 address and identify the facts that you contest. I mean, it
2 appears to me that the FTC is content with the record as it
3 stands if I read them correctly.
4     MS. BROWN: That is correct, Your Honor.
5     THE COURT: Okay. But the Court of Appeals said
6 Mr. Trudeau is entitled to some discovery and evidentiary
7 presentation in connection with the monetary remedy and,
8 therefore, I think what I want to know is what facts he does
9 contest that you lay out in your motion and also any facts that
10 Mr. Anderson and Mr. Trudeau believe are not already in the
11 record and require further discovery and evidence. So that
12 should be part of that response.
13     As far as the motion for the proposed scheduling order
14 filed by Mr. Trudeau, I'm denying that, because those dates may
15 or may not be appropriate. I think they're a little too long the
16 way I look at it right now. So I'm not going to enter that
17 scheduling order. I'm not going to enter any scheduling order
18 just now. So that motion will be denied without prejudice. Of
19 course, you can ask for an order in the future.
20     And then, finally, I want Mr. Trudeau to submit, and he
21 can do this in connection with his response, your response,
22 Mr. Anderson, to that second FTC motion, maybe as an addendum or
23 something might be the easiest way to do it. I'll leave that up
24 to your own judgment, but I'd like a detailed discovery plan
25 concerning the monetary award.

1            And I just want to say this right now, I obviously will
2    try not to revisit, retake discovery that's already been taken or
3    evidence that's already been presented, particularly since the
4    FTC is prepared to stand on the record.
5            But I will allow you to take discovery and present
6    evidence on matters that the Court of Appeals believes that you
7    should be able to do that.  And that would include the one that
8    jumps out at me anyway, the consumer loss issue that's discussed
9    on page 29 of the slip opinion.
10           And I'd like you to file those things by December 17th.
11   And then I would like to pick another date to -- and I think
12   maybe I will ask FTC counsel to be here, because I want to plan
13   this out in a way that makes sense to everybody.  But I'm going
14   to be gone for an extended period beginning the 24th, and I'd
15   like to do this before I leave.  So I'm suggesting maybe we could
16   get together either the 21st or the 22nd.
17           You know, I know we're getting into the holiday season.
18   I don't want to interfere with anybody's holiday plans.  But I
19   could see, if I get it on the 17th, at least I'd have the weekend
20   to think about it, and we would all have the weekend to think
21   about it.  And then we could get together on the 21st or 22nd in
22   the early afternoon of either day.
23           MS. BROWN:  Your Honor, this is FTC Counsel Brown.  If I
24   might ask Your Honor one question, which is the FTC believes we
25   have certain strong arguments that counsel against further

1  discovery even looking to the Seventh Circuit opinion.  Would we
2  have an opportunity to lay that briefing out longer?
3          THE COURT:  Yes, yes, you will.  I would like to be able
4  to hash that out without another round of briefs if I can
5  possibly avoid it.  That's why I wanted to get together.
6          MS. BROWN:  Right.  We're happy to form it as a reply to
7  Mr. Trudeau's filings.
8          THE COURT:  Well, I want to do this before I leave.  The
9  23rd will be my last day until mid-January.  And I don't want to
10 wait until then to set a schedule.  I want to sort of set you, if
11 I am going to allow discovery -- and I've got to tell you,
12 Ms. Brown, I am inclined after reading the opinion again to do so
13 at least to some limited extent.  But that's why I want to put
14 the burden on Mr. Trudeau to lay out the discovery, the precise
15 discovery he wants.  We need X documents to be produced by so and
16 so.  We need whatever.  And we'd propose that we be allowed to
17 present evidence on such and such a subject.
18         That's really what I want to hear from him.  And then
19 I'm going to try to make a decision before I leave.  I think we
20 can do that if we can get together -- actually, the 22nd would be
21 better for me, because I have a long hearing on the 21st in the
22 morning that might bleed into the afternoon.
23         MR. ANDERSON:  What time would you propose on the 22nd,
24 Judge?
25         THE COURT:  Why don't we say 1:00 o'clock.

1    MR. ANDERSON:  That, I can't do.  I have a commitment
2 from 12:00 to 2:00.  Could we do it after 2:00?
3    THE COURT:  We could do it at 2:00 I suppose.
4    MR. ANDERSON:  At 2:00 would be fine, Judge, for me.
5    THE COURT:  That's fine.  That's fine, Mr. Anderson.
6    MR. ANDERSON:  I'm going to be nearby.
7    THE COURT:  Why don't we say 2:00 o'clock on the 22nd,
8 and we'll try to get something definitive resulting from that.
9    MR. ANDERSON:  And that will be in your courtroom or in
10 your chambers?
11    THE COURT:  Probably in chambers.  It will be on the
12 record, but we could probably do it in chambers so we can spread
13 things out.
14    MR. ANDERSON:  Well, that works fine with me, Judge.  I
15 appreciate your guidance.  And you'll issue a minute order as
16 reflecting today's ruling?
17    THE COURT:  I sure will.
18    MR. ANDERSON:  Okay.
19    THE COURT:  All right.
20    MS. BROWN:  Your Honor, if I might have one additional
21 word before we get off the phone here?  We would at a minimum
22 like the opportunity, given Mr. Trudeau has filed substantive
23 arguments in connection with his request for a scheduling order,
24 that we get a chance to respond, even beyond the specifics of
25 what they seek in discovery, the broad principles as to whether

1  or not they should be entitled to discovery.  I think we'd like
2  to have that on the papers before the Court and in advance of the
3  22nd.
4          THE COURT:  Well, if you want to get me something, I'm
5  asking -- I'm giving them two weeks to file something.
6          MS. BROWN:  Right.
7          THE COURT:  You know, it's a substantial task that
8  they're going to be doing.  If you want to get me something by
9  the 21st, you know, I'll look at it.  But that will give you, you
10 know, just a few days to do that.  I think I know what your
11 position is.  But I'm not going to say you can't do that.  I'm
12 trying to streamline this so that we can get moving on whatever I
13 decide we have to do rather than waiting until I get back in
14 mid-January.
15         MS. BROWN:  Okay.  Certainly, Your Honor.  And we
16 completely concur with the need to move expeditiously.  We hope
17 that, you know, although Mr. Trudeau will be filing his responses
18 and we will be meeting with Your Honor on the 22nd, that we would
19 still be given the opportunity for our replies post-holiday as to
20 whatever it is Mr. Trudeau ends up filing substantively with
21 respect to our motions.
22         THE COURT:  Okay.  Well, that's fine.  I assumed that
23 you would do so as well.
24         MS. BROWN:  Okay.
25         THE COURT:  But I would like to get as much done as

1  possible before I leave.
2          MR. MORA:  Your Honor this is Michael Mora for the FTC.
3          Can we set a date for the FTC reply brief on the FTC
4  renewed motions?
5          THE COURT:  Well, I'll see you before that date.
6          MR. MORA:  Okay.
7          THE COURT:  I'm going to see you before that date.  I'm
8  trying, as I said, I'm trying to streamline this thing.
9          MS. BROWN:  Understood.
10         THE COURT:  Maybe I'll be able to make some decisions
11 that would avoid the need for a reply or at least trim it down a
12 bit.  That's what my goal is anyway.  If we just extend this
13 briefing out into January or February, by the time we get
14 started, it will be February or March, and I don't want to wait
15 that long.  I think that there are certain things we can do
16 sooner rather than later.  This has taken enough time as it is.
17         So I'll see you on the 22nd then.
18         MR. ANDERSON:  All right.  Thank you.
19         MS. BROWN:  See you then, Your Honor.  Thank you.
20         MR. MORA:  Thank you, Your Honor.
21     (Proceedings concluded.)
22                      C E R T I F I C A T E
        I, Jennifer S. Costales, do hereby certify that the
23 foregoing is a complete, true, and accurate transcript of the
   proceedings had in the above-entitled case before the Honorable
24 ROBERT W. GETTLEMAN, one of the judges of said Court, at Chicago,
   Illinois, on December 3, 2009.
25
                             /s/ Jennifer Costales, CRR, RMR