IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3904 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KEVIN TRUDEAU, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Kevin Trudeau ("Trudeau") has filed a "Motion for Modification of Order, Approval of Consumer Remediation Plan, and Leave to Administer Consumer Remediation Plan through Rust Consulting, Inc." (Doc. 476; the "Motion to Modify"), in which he seeks to institute a court-approved "consumer remediation plan" to pay the $37.6 million he owes as a remedial sanction for his willful contempt of this court's orders – a sanction that has been upheld on appeal and is currently being pursued by plaintiff Federal Trade Commission ("FTC").

The notion that this court would allow, not to mention trust,[1] Trudeau to participate in any fashion in the administration of the court's remedial sanction by "re-enter[ing] the infomercial business" is preposterous in light of Trudeau's duplicitous and contumacious history with this court and the thousands of consumers he has deceived. Trudeau has little to no credibility with the court, and his criticism of the FTC's collection efforts for the benefit of the consumers on whose behalf the FTC has successfully prosecuted this action is totally misplaced.

---

[1] Trudeau argues that the court need not trust him if it approves his request to allow an independent, reputable agency (Rust Consulting, Inc.) to administer the payment to consumers of any funds generated by Trudeau. Given Trudeau's track record, however, the court cannot trust him to act fairly even with an independent administrator.

Indeed, Trudeau's Motion to Modify (in particular his reply brief in support of that motion) is more a bitter attack on the FTC's collection efforts than it is a request to "modify" the final judgment in this case. What Trudeau is really seeking is a stay of enforcement by the FTC while Trudeau exercises what he claims is his proven "*capacity* to earn monies to pay the judgment, provided the FTC does not unjustly interfere with that capacity and the Court gives him a realistic and fair opportunity to do so in an orderly fashion." (Reply at 3; emphasis in original.) Trudeau's additional criticism of the FTC's efforts to compensate consumers is specious, since Trudeau has not paid any part of the judgment that would fund such compensation. Trudeau's attempt to supplant the FTC with an administrator of his choosing is nothing more than a hollow attack on the FTC's bona fides by a party whose own good faith has been proven to be worthless.

Of course, like any judgment debtor, any legitimate income earned by Trudeau is subject to attachment by his judgment creditors. His claimed ability to write best-selling books (provided that he does not misrepresent their contents as before) should inure to his benefit as well as to the beneficiaries of the judgment obtained by the FTC. If that judgment imperils his ability to deal with third party investors and banks, as he claims, Trudeau has no one to blame but himself. If, as he also claims, the FTC has engaged in improper collection efforts, Trudeau is free to challenge those efforts in this court or in other districts in which collection proceedings are pending (such as the Southern District of Ohio, in which a respondent to a subpoena has filed a motion to quash).

Moreover, as the FTC points out, Trudeau's Motion to Modify does not come close to meeting the standards of Fed. R. Civ. P. 60(b)(6), under which it is filed. Trudeau has not

demonstrated, nor could he demonstrate, any "extraordinary circumstances" that could possibly justify altering the judgment orders of this court as affirmed by the court of appeals. See Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir. 1986) ("[R]elief under 60(b)(6) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.") (citations omitted); Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 383 (1992) (requiring that a defendant seeking to modify an injunction in an institutional reform case must demonstrate significant changed circumstances).

Nor does Trudeau even attempt to claim that circumstances have changed. He argues instead that modification is warranted because, due to his professed inability to pay, the court's goal of compensating the thousands of consumers deceived by Trudeau's misleading infomericals "[has] not been accomplished and will not be accomplished." In support of his position that the court may consider this factor—which Trudeau concedes is not "the governing standard" but nonetheless contends is a factor the court should consider—he cites United States v. United Shoe Machinery Corp., 391 U.S. 244 (1968). But the United Shoe standard applies when a plaintiff seeks modification under Rule 60(b)(5)—not when, as here, a defendant requests modification under Rule 60(b)(6). Rufo, 502 U.S. at 380. Trudeau should be well aware of this distinction, which the Seventh Circuit recently explained in the course of rejecting his argument that the FTC needed to show significant changed circumstances to justify its request to modify the original injunction. FTC v. Trudeau, 662 F.3d 947, 952 (7th Cir. 2011). His disagreement with the Seventh Circuit's characterization of Supreme Court precedent is, as he notes, appropriately raised in a petition for certiorari. But it is not a proper subject of debate in this court.

Trudeau's failure to pay a penny of the $37.6 million he owes is the subject of the FTC's collection proceedings and a pending Motion to Hold Defendant Trudeau in Contempt (Doc. 481). The court had entered and continued that motion until it ruled on the instant Motion to Modify. Having decided to deny the instant motion, the court hereby sets the following schedule on the FTC's Motion to Hold Defendant in Contempt (Doc. 481): Trudeau's response shall be filed on or before September 24, 2012; the FTC's reply shall be filed on or before October 15, 2012. The court will hold a status hearing on October 24, 2012, at 1:30 p.m. to determine whether an evidentiary hearing is required in connection with the FTC's Motion to Hold Defendant Trudeau in Contempt. The status hearing previously set for August 30, 2012, is vacated.

**ENTER:** **August 17, 2012**

 **Robert W. Gettleman**
 **United States District Judge**