IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3904 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KEVIN TRUDEAU, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

On June 2, 2010, this court ordered defendant Kevin Trudeau to pay a sanction of $37,616,161 to the Federal Trade Commission ("FTC") as a result of Trudeau's contemptuous willful failure to comply with this court's September 2004 Consent Order that settled a prior finding of contempt. See FTC v. Trudeau, 708 F. Supp.2d 711 (N.D. Ill. 2010). Because Trudeau has not paid that sanction, the FTC has moved (Doc. 481) for an order holding Trudeau in contempt yet again, incarcerating him, and ordering him to provide an accounting and turnover of his assets.[1] For the reasons set forth below and as stated on the record, that motion is continued.

The initial burden in a civil contempt proceeding rests with the complainant to demonstrate by clear and convincing evidence that the alleged contemnor has knowingly violated the court's order. SEC v. Custable, 1999 WL 92260, *2 (N.D. Ill. 1999) (citing CFTC v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992)). Once the complainant makes this prima facie showing, the burden of production shifts to the alleged

---

[1] According to the FTC, as of July 13, 2012, the date of its motion, Trudeau had failed "to pay even one penny" of the sanction. Apparently, he has since made some minimal payments, but, at least in the FTC's view, nothing that would demonstrate a good faith effort to comply with the court's order.

contemnor, who may defend the violation by establishing an inability to comply. Id.; U.S. v. Rylander, 460 U.S. 752, 757 (1983). This requires more than a self serving assertion of inability. Custable, 1999 WL 92260 at *2. "In the case of a failure to pay a court-ordered monetary penalty, the defendant must produce evidence of poverty or insolvency that prevent[s] compliance." Id. (Citing Huber v. Marine Midland Bank, 51 F.3d 5,10 (2d Cir. 1995)). The evidence must show categorically and in detail why the alleged contemnor was unable to comply with the court's previous order. Id.

Defendant must also establish that, acting in good faith, he has made all reasonable efforts to comply. This all-reasonable-efforts standard is construed strictly, and even a showing of diligent and substantial efforts, without a showing of all reasonable efforts, is insufficient to rebut a prima facie showing of contempt. Id. at *3.

In the instant case, the court ordered Trudeau "to pay forthwith to plaintiff the sum of $37,616,161 . . . ." Forthwith has come and gone without any significant payment by Trudeau. Thus, there is no question that the FTC has met its initial burden, establishing a prima facie showing of contempt. Trudeau maintains that he does not have the financial ability to pay this rather substantial sanction, but the evidence he has submitted to date falls woefully short of demonstrating that, or that he has made all reasonable efforts to comply. His failure to make any payments prior to the filing of the instant motion by the FTC demonstrates a lack of good faith. Therefore, as an initial matter, the court orders Trudeau to file (under seal until further order) a complete sworn statement of financial condition using the FTC's form (see FTC Exhibit 4, Attachment C, filed July 13, 2012) on or before January 25, 2013, and to appear at a hearing on a date to be set by the court.

**CONCLUSION**

For the reasons discussed above and on the record, the FTC's motion to hold Trudeau in contempt (Doc. 481) is continued until further order of the court. Trudeau is ordered to file a sworn complete statement of his financial condition by January 25, 2013. This matter is set for a report on status on February 1, 2013, at 9:00 a.m., at which time the court will set a hearing date.

**ENTER:** December 6, 2012

_____
**Robert W. Gettleman**
**United States District Judge**