# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 03-C-3904 |
| v. | ) | |
| | ) | Hon. Judge Robert W. Gettleman |
| KEVIN TRUDEAU | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## MOTION TO QUASH SUBPOENA DUCES TECUM SERVED ON SUNEIL SANT

Subpoena Respondent Suneil Sant ("Sant"), by and through his attorneys and pursuant to Northern District of Illinois Local Rule 26.2, hereby moves this Court for entry of an order providing leave for Sant's Motion to Quash the portion of the February 25, 2013 subpoena issued by the Federal Trade Commission ("Subpoena Duces Tecum") requiring Sant to produce certain documents. In support of this motion, Sant states as follows:

1. On February 25, 2013, the Federal Trade Commission ("FTC") issued the Subpoena Duces Tecum to Sant seeking production of certain documents and for Sant to appear and testify at a deposition in connection with the FTC's post-judgment actions in this case. A copy of the Subpoena Duces Tecum is attached hereto as Exhibit A. Via a rider to the Subpoena titled "Specifications – Request to Produce Documents," the FTC sought the production of the following documents:

> 1. To the extent not already produced to the FTC, provide statements from all banks or other financial institutions of any sort, for any account held by or in the name of any Trudeau-Affiliated Entity, from January 1, 2012 through the date of full and complete compliance with this subpoena.
>
> 2. To the extent not already produced to the FTC, Provide Financial Statements for all Trudeau-Affiliated Entities from January 1, 2010 through the date of full and complete compliance with this subpoena.

1

3. All Documents created on or after January 1, 2009 reflecting communications of any sort with Kevin Trudeau or Nataliya Babenko in any way Related to the control, management, or operations of any Trudeau-Affiliated Entity, including, without limitations, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

4. All Documents reflecting communications of any sort in any way Related to Golden Lion Mint, Scotia Bank, or gold bars You acquired from, traded to, swapped with, or delivered to Golden Lion Mint on or about October 18, 2011, including, without limitation, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

5. From January 1, 2009 through the date of full and complete compliance with this subpoena, all Documents reflecting communications of any sort with Kevin Trudeau or Natalya Babenko Related to the Transfer of any Asset worth more than $5,000, including, without limitation, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

6. All Employment Agreements with Kevin Trudeau, Nataliya Babenko, or any Trudeau-Affiliated Entity.

2. On March 11, 2013, Patrick E. Deady, counsel for Sant, pursuant to Rule 45(c)(2)(B) served upon counsel for the FTC written objections to the Subpoena Duces Tecum.

3. Counsel for Sant and the FTC conducted a good faith discussion pursuant to Local Rule 37.1 on March 13, 2013, in an effort to resolve the parties' differences regarding the Subpoeana. The parties were unable to resolve their differences.

4. Initially, Sant asserts that the act of production of any such documents may involve testimonial self-incrimination, protected by the Fifth Amendment. *See U.S. v. Doe*, 465 U.S. 605, 613 (1984). According to *Doe*, the act of producing documents is protected by the Fifth Amendment, as compelled production of documents can be considered testimonial in nature, thereby requiring the subpoena respondent to provide information in violation of his rights under the Fifth Amendment.

5. As the Court is surely aware, Trudeau is presently being prosecuted for criminal contempt in connection with this case before Judge Guzman. In the current contempt proceeding before this Court, the FTC is proceeding to incarcerate Trudeau as a part of a civil contempt, but the facts alleged could easily serve as a basis for a rule to show cause why Trudeau should not be held in criminal contempt, under 18 U.S.C. §402.

6. To the extent the FTC or the Court might find the conduct of Sant to be aiding or abetting in connection with the alleged contempt of Trudeau, Sant has a reasonable basis for assertion of his privilege against self incrimination. Sant contends this assertion is reasonable either in connection with a potential prosecution under 18 U.S.C. §2 and §402 or under other provisions of Title 18 of the United States Code that might be deemed to be implicated by Trudeau's alleged contemptuous conduct.

7. A Court shall quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies," or if it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).

8. In addition to his objection to the "act of production" under *U.S. v. Doe*, Sant has also objected that the requests stated in Paragraph Nos. 1-5 are overly broad, unduly burdensome, and result in unjustifiable harassment of Sant, an individual who is employed by a non-party to this post-judgment litigation between the FTC and defendant, Kevin Trudeau ("Trudeau"). The request in Paragraph 3, for example, requests every document both within and beyond his possession relating in any way to Kevin Trudeau or Nataliya Babenko and any Trudeau-Affiliated Entity and seeks thousands of documents without providing any reference to any specific terms, events, occurrences, or transactions for which documents are being sought. Based on the FTC's request in Paragraph 3, it is impossible to determine whether or how

documents are relevant to the FTC's execution on the April 16, 2010 judgment entered against Trudeau.

9. As a non-party to this litigation, Sant will be unduly burdened in being required to review and produce thousands of documents dating from before the current monetary judgment being executed upon was even entered by this Court. "In keeping with the text and purpose of Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure, it has been consistently held that "non-party status" is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *U.S. v. Amerigroup Illinois, Inc.*, Case No. 02 C 6074, 2005 WL 3111972 at *4 (N.D. Ill. Oct. 21, 2005).

10. Further, any analysis of the relevance of the documents requested in the Subpoena Duces Tecum should be subjected to a very narrow definition, given the current status of this case. The FTC's is currently conducting post-judgment investigation of Kevin Trudeau, supposedly in furtherance of the supplemental judgment order dated April 16, 2010. Yet, the FTC seems to be more focused on discovering the relationships between the various "Trudeau-Affiliated Entities" than on recovering monies or assets from Trudeau to satisfy the judgment. The documents requested by the Subpoena Duces Tecum do not appear to be intended to discover any individual assets of Trudeau. The Documents Requests, for example, are not limited to payments made or received by Trudeau. Instead, the FTC seeks communications between Trudeau and his wife relating to any transfer of assets over $5,000 or more from any of the so-called "Trudeau-Related Entities."

11. The Court also should find the Subpoena Duces Tecum a vague, unfocused fishing expedition, not a narrowly-crafted request for information related to known or suspected assets of Trudeau that may, should the FTC choose, be levied against to satisfy the judgment.

The Subpoena Duces Tecum seeks years of correspondence from Sant related in any way to Trudeau, his wife, or any Trudeau-Affiliated Entity without any reference to events or dates that have already been found relevant to this inquiry by the Court. The failure to delineate specific documents, information, or transactions sought by the FTC should be fatal to this Subpoena Duces Tecum.

12. In addition, certain documents responsive to the requests in Paragraph Nos. 3-5 may be subject to the protections of the attorney-client and work product privileges. In his position as an officer or employee of some of the so-called Trudeau-Affiliated Entities, Sant has received and sent numerous communications "related to the control, management, or operations of any Trudeau-Affiliated Entity," with attorneys who represent Trudeau-Affiliated Entities. Any such communications are protected by the attorney-client privilege and attorney work product doctrine and not subject to production in response to the Subpoena Duces Tecum.

13. Sant would request leave to file a memorandum in support of this motion within three (3) business days to set forth in more detail the bases of his grounds to quash the Subpoena Duces Tecum and the legal grounds for these assertions.

WHEREFORE, third-party respondent Suneil Sant respectfully requests this Court to Quash the Subpoena Duces Tecum served upon Sant by the FTC, for leave to file a memorandum in support within three (3) business days, and for such other equitable relief as this Court deems appropriate and just.

        Respectfully submitted,
        SUNEIL SANT
        BY:   /s/ Evan J. Haim
              One of His Attorneys

Patrick E. Deady
Evan J. Haim
Hogan Marren, Ltd.
321 N. Clark Street, Suite 1301
Chicago, Illinois 60654
312-946-1800



# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| FEDERAL TRADE COMMISSION | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 03-C-3904 |
| KEVIN TRUDEAU | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Sunell Sant, 823 South Quincy Street, Hinsdale, IL 60521

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see attached Schedule

| Place: Federal Trade Commission<br>55 West Monroe Street, Suite 1825<br>Chicago, IL 60603 | Date and Time:<br>03/29/2013 9:00 am |
|---|---|

The deposition will be recorded by this method: __Stenographic__

☑ *Production:* You, or your representatives, must also ~~bring with you to the deposition~~ PRODUCE the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Schedule. Documents must be produced on March 12, 2013, at 3:00 PM, at the Federal Trade Commission, 55 West Monroe Street, Suite 1825, Chicago, IL 60603.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/25/2013__

*CLERK OF COURT*

OR _____

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*
__FEDERAL TRADE COMMISSION_____, who issues or requests this subpoena, are:
Jonathan Cohen
Federal Trade Commission, 600 Pennsylvania Avenue NW M-8102B, Washington, D.C. 20580
(202) 326-2551; jcohen2@ftc.gov

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule for Subpoena to Suneil Sant

Pursuant to Federal Rules of Civil Procedure 45 and 69, and Paragraph XVI of the Stipulated Final Order for Permanent Injunction (Sept. 3, 2004) (DE 56), plaintiff Federal Trade Commission incorporates this Schedule as part of its subpoena. The following definitions, instructions, and specifications apply to the subpoena.

## DEFINITIONS

A. **"And,"** as well as **"or,"** shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any Specification all information that otherwise might be construed to be outside the scope of the specification.

B. **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include the word **"any."**

C. **"Asset"** includes any real property, any personal property (including, without limitation, any vehicles, jewelry, coins, artwork, antiques, collectibles, bullion and gold bars), any currency or other legal tender (of any country), money market accounts, savings accounts, checking accounts, other financial accounts of any sort, certificates of deposit, uncashed checks, money orders, promissory notes, commercial paper of any sort, stocks, stock options, mutual funds, other securities of any sort, corporate bonds, public bonds, other bonds of any sort, insurance policies with any cash surrender value, trademarks, copyrights, patents, other intellectual property, interests in any companies or corporate entities (in any form), partnership interests, trust interests, and any interest of any sort in any of the foregoing, or rights to any interest, of any sort, in any of the foregoing.

D. **"Document"** shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. "Document" shall also include Electronically Stored Information.

E. **"Employment Agreement"** includes any contract or other agreement governing or Relating to a professional or employment relationship in any way, including rights and obligations prior the relationship's commencement or after the relationship's termination. For purposes of clarity, an "Employment Agreement" includes, without limitation, confidentiality agreements, deferred compensation agreements, and arbitration agreements. "Employment Agreement" also expressly includes contracts or agreements that govern or Relate to the rights or obligations of any officer or director.

F. **"Electronically Stored Information"** or **"ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software. This includes, but is not limited to, text messages, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards;




magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media. "ESI" also includes such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

G. **"Financial Statements"** include balance sheets, annual income statements, year-to-date income statements, and any other type of financial statement.

H. **"Include"** and **"including"** mean "without limitation," or "including but not limited to," so as to avoid excluding any documents or information that might otherwise be construed to be within the scope of any specification.

I. **"Transfer"** includes the delivery, receipt, giving, taking, sale, purchase, acquiring, distributing or other movement of any tangible or intangible thing from one party or set of parties to another party or set of parties.

J. **"Trudeau-Affiliated Entities"** include Alliance Publishing Group, Inc., APC Trading Ltd., Global Information Network FDN, GIN USA, Inc., International Pool Tour, Inc., K.T. Corporation Limited, KT Radio Network, Inc., KMT Fiduciary Trust, KT Capital, KT Corp., Natural Cures Health Institute, Natural Cures Holdings, Inc., Natural Cures, Inc., Sales Solutions International A.G., Shop America (USA), L.L.C., Shop America Marketing Group LLC, The Whistle Blower, Inc., TruCom LLC, Trustar Global Media Limited, Trustar Productions, Inc., Website Solutions, GmbH, Website Solutions, USA, and any other entity of any sort directly or indirectly owned or controlled (in whole or in part) at any time by any Trudeau-Affiliated Person.

K. **"Trudeau-Affiliated Persons"** include Kevin Trudeau, Nataliya Babenko, any member of the immediate families of Kevin Trudeau or Nataliya Babenko (including, without limitation, Robert Trudeau, Sr., Mary Trudeau, Robert Trudeau, Jr., and Olga Babenko), You, Michael Dow, and Peter Wink.

L. **"Referring to,"** **"relating to,"** or **"related to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

M. **"You"** refers to Suneil Sant.

## INSTRUCTIONS

A. **Sensitive Personally Identifiable Information:** If any material called for by these Specifications contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production or whether it would be appropriate to redact the sensitive information.

For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license number or other state identification number, or a foreign country equivalent, passport number, financial account number, credit card number, or debit card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental

health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

B. **Scope of Search:** This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

C. **Document Production:** You shall produce the documentary material at the place of production identified. Alternatively, you may elect to send all responsive documents to Jonathan Cohen, Federal Trade Commission, 600 Pennsylvania Ave., NW, M-8102B, Washington, DC 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to Jonathan Cohen, jcohen2@ftc.gov/(202) 326-2551, at least five days prior to the return date. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

**MAGNETIC MEDIA – DO NOT X-RAY**
**MAY BE OPENED FOR POSTAL INSPECTION.**

D. Documents that may be responsive to more than one specification of this subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this subpoena have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

E. **Production of Copies:** Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request.

F. A complete copy of each document should be submitted even if only a portion of the document is within the terms of the request. The document shall not be edited, cut, or expunged in any way and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments.

3

G. Each request includes any and all copies of the responsive document and, to the extent applicable, preliminary drafts or documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

H. In the event that any document covered by this subpoena was in your possession or actual or constructive custody or control and has been lost or destroyed, the document is to be identified in writing as follows: addressee, person who prepared or authored the document, date of preparation or transmittal, substance of the document and its subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, and, if destroyed, the manner of destruction, the reason for destruction, the persons authorizing destruction, and the persons who destroyed the document.

I. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion of that document not subject to objection should be produced with the portion objected to redacted and clearly indicated as redacted.

J. All objections to these requests or to any individual request must be raised in the initial response or are otherwise waived.

K. If you assert a claim of privilege in responding to or objecting to any request, you shall provide a privilege log including the following information:

1. The custodian of the document;
2. The type of document (e.g., letter, memorandum);
3. The date of the document;
4. The general subject matter of the document;
5. The sender, author, and all recipients of the document; and
6. The basis on which you contend you are entitled to withhold the document from production.

If only a part of a responsive document is privileged, all non-privileged parts must be submitted.

4

# SPECIFICATIONS - REQUEST TO PRODUCE DOCUMENTS

1. To the extent not already produced to the FTC, provide bank statements from all banks or other financial institutions of any sort, for any account held by or in the name of any Trudeau-Affiliated Entity, from January 1, 2012 through the date of full and complete compliance with this subpoena.

2. To the extent not already produced to the FTC, Provide Financial Statements for all Trudeau-Affiliated Entities from January 1, 2010 through the date of full and complete compliance with this subpoena.

3. All Documents created on or after January 1, 2009 reflecting communications of any sort with Kevin Trudeau or Nataliya Babenko in any way Related to the control, management, or operations of any Trudeau-Affiliated Entity, including, without limitation, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

4. All Documents reflecting communications of any sort in any way Related to Golden Lion Mint, Scotia Bank, or gold bars You acquired from, traded to, swapped with, or delivered to Golden Lion Mint on or about October 18, 2011, including, without limitation, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

5. From January 1, 2009 through the date of full and complete compliance with this subpoena, all Documents reflecting communications of any sort with Kevin Trudeau or Nataliya Babenko Related to the Transfer of any Asset worth more than $5000, including, without limitation, emails to or from a personal account (whether stored on a personal computer, other device, or through a "cloud" service), and text messages to or from any personal phone or other device.

6. All Employment Agreements with Kevin Trudeau, Nataliya Babenko, or any Trudeau-Affiliated Entity.

## CERTIFICATE OF SERVICE

I, Evan J. Haim, hereby certify that on this 25th day of March, 2013, and in accordance with the General Order on Electronic Case Filing (ECF), I served the foregoing Subpoena **Respondent Suniel Sant's Motion to Quash Subpoena *Duces Tecum*** upon the below-named individuals by electronic transmittal through the CM-ECF electronic filing system.

Jonathan Cohen
jcohen2@ftc.gov

Kimball Richard Anderson
kanderson@winston.com

Thomas Lee Kirsch, II
tkirsch@winston.com

Katherine E. Croswell
keroswell@winston.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Kenjiro D. LeCroix
Klecrois@ficlaw.com

/s/ Evan J. Haim