**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 03-C-3904 |
| | ) |
| v. | ) Hon. Robert W. Gettleman |
| | ) |
| KEVIN TRUDEAU, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| THE LAW OFFICES OF MARC J. LANE, PC, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

**EXHIBITS IN SUPPORT OF MOTION TO COMPEL MARC LANE TO DISCLOSE**
**INFORMATION REGARDING TRUDEAU'S ASSET PROTECTION PLAN**

# FTC EXHIBIT PXA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 03-C-3904 |
| | ) |
| v. | ) Hon. Robert W. Gettleman |
| | ) |
| KEVIN TRUDEAU, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| THE LAW OFFICES OF MARC J. LANE, PC, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| | ) |

## DECLARATION OF JONATHAN COHEN
## IN SUPPORT OF MOTION TO COMPEL MARC LANE TO DISCLOSE
## INFORMATION REGARDING TRUDEAU'S ASSET PROTECTION PLAN

### DECLARATION OF JONATHAN COHEN
### IN SUPPORT OF MOTION TO COMPEL MARC LANE TO DISCLOSE
### INFORMATION REGARDING TRUDEAU'S ASSET PROTECTION PLAN

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

(1)     I am co-counsel for Plaintiff Federal Trade Commission ("FTC") in the above-captioned action, and I have personal knowledge of the matters contained herein.

(2)     Attached hereto as **Attachment 1** is a true and correct copy of a subpoena to the Law Offices of Marc Lane ("Lane"), dated January 31, 2013.

(3)     Attached hereto as **Attachment 2** is a true and correct copy of the privilege log Lane produced.

(4)     Attached hereto as **Attachment 3** is a true and correct copy of a page on the website of the Law Offices of Marc J. Lane, P.C., viewed on January 9, 2013.

(5)     Attached hereto as **Attachment 4** are true and correct copies of Illinois Secretary of State documents related to the incorporation of Website Solutions USA.

(6)     Attached hereto as **Attachment 5** are true and correct copies of South Dakota Secretary of State documents related to the incorporation of GIN USA.

(7)     Attached hereto as **Attachment 6** are true and correct copies of Delaware Secretary of State documents related to the incorporation of KT Radio Network.

(8)     Attached hereto as **Attachment 7** is a true and correct copy of a Disclosure Statement filed in *FTC v. Kevin Trudeau*, No. 13-1747 (7th Cir. 2013), on April 11, 2013.

(9)     Attached hereto as **Attachment 8** is a true and correct copy of a Demand Note that Lane produced to the FTC.

(10)     Attached hereto as **Attachment 9** is a true and correct copy of an excerpt from a hearing transcript in the above-captioned action, dated July 23, 2008.

(11)     Attached hereto as **Attachment 10** is a true and correct copy of the results of a Lexis public records search for judgments or liens against Trudeau, conducted on October 8, 2012.

(12)     Attached hereto as **Attachment 11** are true and correct copies of certain payment records Lane produced to the FTC.

(13)     Attached hereto as **Attachment 12** are true and correct copies of certain payment records Lane produced to the FTC.

(14)     Attached hereto as **Attachment 13** are true and correct copies of certain payment records Lane produced to the FTC.

(15)     Attached hereto as **Attachment 14** is a true and correct copy of a summary chart that Lane produced to the FTC.

(16)    Pursuant to LR 37.2, I certify that, on or about February 19, 2013, I conducted a meet and confer with Lane's counsel regarding the issues this motion raises.

Jonathan Cohen

Executed on April 15, 2013 in Washington, D.C.

# FTC PXA:1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Illinois

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   03-C-3904 |
| KEVIN TRUDEAU | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  The Law Offices of Marc J. Lane, a Professional Corporation, 180 N. LaSalle St. #2100, Chicago, IL  60601
c/o Marc J. Lane, agent

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see attached Schedule A.

| Place:  Federal Trade Commission<br>55 West Monroe Street, Suite 1825<br>Chicago, IL 60603 | Date and Time:<br>03/06/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic

☑ *Production:*  You, or your representatives, must also ~~bring with you to the deposition~~ PRODUCE the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached Schedule B.  Documents must be produced no later than 2/20/13, at 3:00 pm, at the Federal Trade Commission, 55 West Monroe Street, Suite 1825, Chicago, IL 60603.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   01/31/2013

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
FEDERAL TRADE COMMISSION _____ , who issues or requests this subpoena, are:
Jonathan Cohen
Federal Trade Commission, 600 Pennsylvania Avenue NW M-8102B, Washington, D.C.  20580
(202) 326-2551; jcohen2@ftc.gov

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 03-C-3904

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

PXA:1 at 2

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**PXA:1 at 3**

### Subpoena to The Law Offices of Marc J. Lane, a Professional Corporation

Pursuant to Federal Rules of Civil Procedure 30(b)(6), 34, 45 and 69, and Paragraph XVI of the Stipulated Final Order for Permanent Injunction (Sept. 3, 2004) (DE 56), plaintiff Federal Trade Commission incorporates these Specifications, instructions, and definitions as part of its subpoena.

## DEFINITIONS

A.  **"And,"** as well as **"or,"** shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any Specification all information that otherwise might be construed to be outside the scope of the Specification.

B.  **"Any"** shall be construed to include **"all,"** and **"all"** shall be construed to include the word **"any."**

C.  **"Asset"** includes any real property, any personal property (including, without limitation, any vehicles, jewelry, coins, artwork, antiques, collectibles, bullion and gold bars), any currency or other legal tender (of any country), money market accounts, savings accounts, checking accounts, other financial accounts of any sort, certificates of deposit, uncashed checks, money orders, promissory notes, commercial paper of any sort, stocks, stock options, mutual funds, other securities of any sort, corporate bonds, public bonds, other bonds of any sort, insurance policies with any cash surrender value, trademarks, copyrights, patents, other intellectual property, interests in any companies or corporate entities (in any form), partnership interests, trust interests, and any interest of any sort in any of the foregoing, or rights to any interest, of any sort, in any of the foregoing.

D.  **"Document"** shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label. "Document" shall also include Electronically Stored Information.

E.  **"Document Retention Policy"** means any rule, guideline, policy, or practice regarding the retention, storage or destruction of Documents.

F.  **"Electronically Stored Information"** or **"ESI"** shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software. This includes, but is not limited to, metadata, text messages, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on: cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media. "ESI" also includes such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

G.   **"The Lane Firm"** refers to the Law Offices of Marc J. Lane, a Professional Corporation, whether d/b/a The Marc J. Lane Wealth Group or under any other name.

H.   **"Prenuptial Agreement"** means any contract or agreement (whether made prior to or during the marriage) governing the ownership, control or disposition of assets.

I.   **"Transfer"** includes every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of, parting with, receiving, acquiring, or taking an Asset or an interest in an Asset.

J.   **"Trudeau-Affiliated Entities"** include Alliance Publishing Group, Inc., APC Trading Ltd., Global Information Network FDN, GIN USA, Inc., International Pool Tour, Inc., K.T. Corporation Limited, KT Radio Network, Inc., KMT Fiduciary Trust, KT Capital, KT Corp., Natural Cures Health Institute, Natural Cures Holdings, Inc., Natural Cures, Inc., Sales Solutions International A.G., Shop America (USA), L.L.C., Shop America Marketing Group LLC, The Whistle Blower, Inc., TruCom LLC, Trustar Global Media Limited, Trustar Productions, Inc., Website Solutions, GmbH, Website Solutions USA, Inc., and any other entity of any sort directly or indirectly owned or controlled (in whole or in part) at any time by any Trudeau-Affiliated Person.

K.   **"Trudeau-Affiliated Persons"** include Kevin Trudeau, Nataliya Babenko, any member of the immediate families of Kevin Trudeau or Nataliya Babenko (including, without limitation, Robert Trudeau, Sr., Mary Trudeau, Robert Trudeau, Jr., and Olga Babenko), Suneil Sant, and Michael Dow.

L.   **"Referring to,"** **"Relating to,"** or **"Related to"** shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

M.   **"Suneil Sant"** refers to Suneil Sant a/k/a Neil Sant.

N.   **"You"** and **"Your"** means the Lane Firm, as defined herein.

## SCHEDULE A – INSTRUCTIONS

Pursuant to Federal Rules of Civil Procedure 30(b)(6), 34, 45 and 69, and Paragraph XVI of the Stipulated Final Order for Permanent Injunction (Sept. 3, 2004) (DE 56), the Lane Firm has a duty to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the Specifications set forth below. The persons designated must testify about information known or reasonably available to the Lane Firm.

## SCHEDULE A – SPECIFICATIONS

A.      The "asset protection planning" services You provide, including, without limitation, the planning methods and techniques You employ to protect clients' assets from creditors and lawsuits while, at the same time, allowing Your clients to retain control over the assets and income they produce.

B.      Advice or professional services of any sort provided to or on behalf of any Trudeau-Affiliated Person or Trudeau-Affiliated Entity, and Related to the protection of existing or potential Assets from known or reasonably foreseeable creditors including, without limitation, the FTC.

C.      The Assets and financial affairs of Kevin Trudeau, Nataliya Babenko, other Trudeau-Affiliated Persons, and Trudeau-Affiliated Entities, including, without limitation: (i) Transfers of Assets worth more than $5,000 involving Trudeau-Affiliated Entities and/or Trudeau-Affiliated Persons; (ii) the economic value received for such Transfers; (iii) the purpose of such Transfers; (iv) loans, purported loans, financial obligations, and purported financial obligations between or among Trudeau-Affiliated Persons and/or Trudeau-Affiliated Entities; and (v) Your compensation from Trudeau-Affiliated Persons and Trudeau-Affiliated Entities.

D.      The formation, management and control of Trudeau-Affiliated Entities.

E.      Nataliya Babenko, including, without limitation: (i) Kevin Trudeau's marriage to Nataliya Babenko (including, without limitation, any Prenuptial Agreement); (ii) the financial implications of this marriage for Kevin Trudeau; and (iii) Nataliya Babenko's education, employment history, business experience, and business expertise.

F.      Tax matters of any sort related to any Trudeau-Affiliated Person or Trudeau-Affiliated Entity.

G.      Your correspondence with third parties Related to Kevin Trudeau, including, without limitation: (i) correspondence with the FTC, and (ii) cease and desist letters written on behalf of any Trudeau-Affiliated Person or Trudeau-Affiliated Entity.

H.      Your Document Retention Policies, Your word processing and electronic file storage practices, and the search and retrieval of all Documents responsive to or Related to the Schedule B Specifications in this subpoena.

I.      Kevin Trudeau's ability to comply with Section VII of the Court's June 2, 2010 Order in *FTC v. Trudeau*, No. 03-C-3904 (N.D. Ill).

3

## SCHEDULE B – INSTRUCTIONS

A.  **Sensitive Personally Identifiable Information:** If any material called for by these Specifications contains sensitive personally identifiable information or sensitive health information of any individual, please contact us before sending those materials to discuss ways to protect such information during production or whether it would be appropriate to redact the sensitive information.

   For purposes of these requests, sensitive personally identifiable information includes: an individual's Social Security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth, Social Security number, driver's license number or other state identification number, or a foreign country equivalent, passport number, financial account number, credit card number, or debit card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

B.  **Scope of Search:** This subpoena covers documents and information in your possession or under your actual or constructive custody or control including, but not limited to, documents and information in the possession, custody, or control of your attorneys, accountants, directors, officers, partners, employees, and other agents and consultants, whether or not such documents and information were received from or disseminated to any person or entity.

C.  **Document Production:** You shall produce the documentary material at the time and place of production identified. Alternatively, you may elect to send all responsive documents to Jonathan Cohen, Federal Trade Commission, 600 Pennsylvania Ave., NW, M-8102B, Washington, DC 20580. Because postal delivery to the Commission is subject to delay due to heightened security precautions, please use a courier service such as Federal Express or UPS. Notice of your intended method of production shall be given by email or telephone to Jonathan Cohen, jcohen2@ftc.gov/(202) 326-2551, at least five days prior to the return date. Please mark the exterior of all packages containing electronic media sent through the U.S. Postal Service or other delivery services as follows:

   **MAGNETIC MEDIA – DO NOT X-RAY**
   **MAY BE OPENED FOR POSTAL INSPECTION.**

D.  Documents that may be responsive to more than one specification of this subpoena need not be submitted more than once; however, your response should indicate, for each document submitted, each specification to which the document is responsive. If any documents responsive to this subpoena have been previously supplied to the Commission, you may comply with this subpoena by identifying the document(s) previously provided and the date of submission. Documents should be produced in the order in which they appear in your files or as electronically stored and without being manipulated or otherwise rearranged; if documents are removed from their original folders, binders, covers, containers, or electronic source in order to be produced, then the documents shall be identified in a manner so as to clearly specify the folder, binder, cover, container, or electronic media or file paths from which such documents came. In addition, number by page (or file, for those documents produced in native electronic format) all documents in your submission, preferably with a unique Bates identifier, and indicate the total number of documents in your submission.

4

E.    **Production of Copies:** Unless otherwise stated, legible photocopies (or electronically rendered images or digital copies of native electronic files) may be submitted in lieu of original documents, provided that the originals are retained in their state at the time of receipt of this subpoena. Further, copies of originals may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents; provided, however, that submission of a copy shall constitute a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any Commission proceeding or court of law; and provided further that you shall retain the original documents and produce them to Commission staff upon request.

F.    **Electronic Submission of Documents:** The following guidelines refer to the production of any Electronically Stored Information ("ESI") or digitally imaged hard copy documents. Before submitting any electronic production, you must confirm with the Commission counsel named above that the proposed formats and media types will be acceptable to the Commission. The FTC requests Concordance load-ready electronic productions, including DAT and OPT load files.

1.    **Electronically Stored Information:** Documents created, utilized, or maintained in electronic format in the ordinary course of business should be delivered to the FTC as follows:

a)    Spreadsheet and presentation programs, including but not limited to Microsoft Access, SQL, and other databases, as well as Microsoft Excel and PowerPoint files, must be produced in native format with extracted text and metadata. Data compilations in Excel spreadsheets, or in delimited text formats, must contain all underlying data un-redacted with all underlying formulas and algorithms intact. All database productions (including structured data document systems) must include a database schema that defines the tables, fields, relationships, views, indexes, packages, procedures, functions, queues, triggers, types, sequences, materialized views, synonyms, database links, directories, Java, XML schemas, and other elements, including the use of any report writers and custom user data interfaces;

b)    All ESI other than those documents described in (1)(a) above must be provided in its native electronic format with extracted text or Optical Character Recognition (OCR) and all related metadata with corresponding image renderings as converted to Group IV, 300 DPI, single-page Tagged Image File Format (TIFF);

c)    Each electronic file should be assigned a unique document identifier ("DocID") or Bates reference.

2.    **Hard Copy Documents:** Documents stored in hard copy in the ordinary course of business should be submitted in an electronic format when at all possible. Such documents in this format should be true, correct, and complete copies of the original documents as converted to TIFF images with corresponding document-level OCR text. Such a production is subject to the following requirements:

a)    Each page shall be endorsed with a document identification number (which can be a Bates number or a document control number);

5

b)    Logical document determination should be clearly rendered in the accompanying load file and should correspond to that of the original document; and

c)    Documents shall be produced in color where necessary to interpret them or render them intelligible.

3.    For each document electronically submitted to the FTC, You should include the following metadata fields in a standard ASCII delimited Concordance DAT file:

a)    **For electronic mail**: begin Bates or DocID, end Bates or DocID, mail folder path (location of email in personal folders, subfolders, deleted or sent items), custodian, from, to, cc, bcc, subject, date and time sent, date and time received, and complete attachment identification, including the Bates or DocID of the attachments (AttachIDs) delimited by a semicolon, MD5 or SHA Hash value, and link to native file;

b)    **For email attachments**: begin Bates or DocID, end Bates or DocID, parent email ID (Bates or DocID), page count, custodian, source location/file path, file name, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

c)    **For loose electronic documents** (as retrieved directly from network file stores, hard drives, etc.): begin Bates or DocID, end Bates or DocID, page count, custodian, source media, file path, filename, file extension, file size, author, date and time created, date and time modified, date and time printed, MD5 or SHA Hash value, and link to native file;

d)    **For imaged hard copy documents**: begin Bates or DocID, end Bates or DocID, page count, source, and custodian; and where applicable, file folder name, binder name, attachment range, or other such references, as necessary to understand the context of the document as maintained in the ordinary course of business.

4.    If you intend to utilize any de-duplication or email threading software or services when collecting or reviewing information that is stored in your computer systems or electronic storage media, or if your computer systems contain or utilize such software, you must contact Commission counsel to determine whether and in what manner you may use such software or services when producing materials in response to this Subpoena.

5.    Submit electronic productions as follows:

a)    With passwords or other document-level encryption removed or otherwise provided to the FTC;

b)    As uncompressed electronic volumes on size-appropriate, Windows-compatible, media;

c)    All electronic media shall be scanned for and free of viruses;

d)    Data encryption tools may be employed to protect privileged or other personal or private information. The FTC accepts TrueCrypt, PGP, and

SecureZip encrypted media. The passwords should be provided in advance of delivery, under separate cover. Alternate means of encryption should be discussed and approved by the FTC.

G.    A complete copy of each document should be submitted even if only a portion of the document is within the terms of the request. The document shall not be edited, cut, or expunged in any way and shall include all covering letters and memoranda, transmittal slips, appendices, tables or other attachments.

H.    Each request includes any and all copies of the responsive document and, to the extent applicable, preliminary drafts or documents that differ in any respect from the original or final draft or from each other (*e.g.*, by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not the original or other copies thereof).

I.    In the event that any document covered by this subpoena was in your possession or actual or constructive custody or control and has been lost or destroyed, the document is to be identified in writing as follows: addressee, person who prepared or authored the document, date of preparation or transmittal, substance of the document and its subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, date of loss or destruction, and, if destroyed, the manner of destruction, the reason for destruction, the persons authorizing destruction, and the persons who destroyed the document.

J.    If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion of that document not subject to objection should be produced with the portion objected to redacted and clearly indicated as redacted.

K.    All objections to these requests or to any individual request must be raised in the initial response or are otherwise waived.

L.    If you assert a claim of privilege in responding to or objecting to any request, you shall provide a privilege log including the following information:

1.    The custodian of the document;
2.    The type of document (e.g., letter, memorandum);
3.    The date of the document;
4.    The general subject matter of the document;
5.    The sender, author, and all recipients of the document; and
6.    The basis on which you contend you are entitled to withhold the document from production.

If only a part of a responsive document is privileged, all non-privileged parts must be submitted.

**PXA:1 at 10**

## SCHEDULE B – SPECIFICATIONS – REQUESTS TO PRODUCE DOCUMENTS

1.      Provide all Documents Related to, reflecting, or containing advice of any sort or other professional services provided to or on behalf of any Trudeau-Affiliated Person or Trudeau-Affiliated Entity, and Related to the protection of existing or potential Assets from known or reasonably foreseeable creditors including, without limitation, the FTC.

> **NOTE:**      Consistent with the instructions for this subpoena and Federal Rule 26(b)(5), we reiterate that this request requires You to produce a log that completely satisfies Rule 26(b)(5) and includes all required information with respect to every responsive Document that You have withheld for any reason.

2.      Provide all Prenuptial Agreements Related to Kevin Trudeau.

3.      Provide all "cease and desist" letters Your firm issued to Leonard Caldwell.

4.      Provide all demand notes, promissory notes, and other debt instruments Related to any Trudeau-Affiliated Person or Trudeau-Affiliated Entity.

> **NOTE:**      Consistent with the instructions for this subpoena and Federal Rules 34 and 45, we reiterate that this request requires You to produce ESI (including metadata) associated with Your creation of responsive Documents.

**PXA:1 at 11**

## DECLARATION OF RECORDS CUSTODIAN FOR
## THE LAW OFFICES OF MARC J. LANE, A PROFESSIONAL CORPORATION
## PURSUANT TO FED R. EVID. 803(6) AND 902(11)

I, _____, being of legal age, do hereby declare and depose as follows:

1. I am a custodian of records for the Law Offices of Marc J. Lane, a Professional Corporation. In that capacity, I am responsible for the compilation and maintenance of records pertaining to business conducted by the subpoenaed party. Due to my responsibilities, I have personal knowledge of the manner in which the subpoenaed party creates and maintains records of the business that it conducts.

2. On _____ 2013, in response to a subpoena dated January 31, 2013 issued by the Federal Trade Commission in the above-captioned case, the subpoenaed party transmitted to the Federal Trade Commission true and accurate copies of records maintained by the subpoenaed party consisting of_____ pages.

3. The documents produced are true and accurate copies of records maintained by the subpoenaed party in the regular course of business.

4. The records produced in response to the Federal Trade Commission's subpoena were made at or near the time of the occurrence of the matters and transactions set forth therein by, or from information transmitted by, a person with knowledge of those transactions.

4. The subpoenaed party made the records produced to the Federal Trade Commission in response to the subpoena as part of regular practice in its regularly conducted business.

5. The subpoenaed party has kept the records produced to the Federal Trade Commission in response to the subpoena in the course of its regularly conducted business.

I declare under penalty of perjury that the foregoing is true and correct under 28 U.S.C. § 1746(2).

Executed on _____, 2013.


_____
Signature


_____
Printed name


_____
Title of records custodian

# FTC PXA:2

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 1**



CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)



CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 3**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 4**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 6**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 7**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 8**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 12**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 13**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 15**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 16**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
FTC v. Trudeau , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 17**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 19**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau*, Case No. 03-3904 (N.D. Illinois)

**PXA:2 at 20**

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)

CONFIDENTIAL PURSUANT TO CONFIDENTIALITY ORDER

The Law Offices of Marc J. Lane's Privilege Log
*FTC v. Trudeau* , Case No. 03-3904 (N.D. Illinois)