# FTC PXA:3

About Us      Capabilities      L3C      Events      Books      Media      Advocacy Investing      Login      Contact Info

MARC J. LANE | WEALTH GROUP ®

PROTECTING TODAY'S WEALTH. BUILDING TOMORROW'S®

Capabilities

## Asset Protection Planning

Asset protection planning strategies are designed to address particular dangers which pose a threat to your financial security. These dangers are primarily lawsuits and claims against you which can arise from many possible sources. The attorneys at The Law Offices of Marc J. Lane, a Professional Corporation, utilize advanced strategies to legally position assets beyond the reach of lawsuits and creditors. By implementing sophisticated planning techniques, we protect our clients' assets from creditors and lawsuits while, at the same time, allowing them to retain control over the assets and income they produce.

**Send this page to a friend**

Enter your search: [_____] [GO]      Text size A  a  | Home | Privacy Policy | Trademark Guidelines | Disclosures/Terms of Use | Site Map

Copyright © 2008-2013 The Law Offices of Marc J. Lane, a Professional Corporation.  All rights reserved.

"Advocacy Investing", "Promoting Your Own Values", "SRI Open Forum", "Your Profit. Your Passion. Your Power.", "The Next Generation of Socially Responsible Investing", and "Advocacy Avatar" are trademarks of Marc J. Lane Investment Management, Inc. (Member SIPC) registered in the U.S. Patent and Trademark Office and may be registered in certain jurisdictions. "Protecting Today's Wealth. Building Tomorrow's." and the Marc J. Lane Wealth Group logo are trademarks of The Law Offices of Marc J. Lane, a Professional Corporation registered in the U.S. Patent and Trademark Office and may be registered in certain jurisdictions. "Marc J. Lane Wealth Group" is a trademark of The Law Offices of Marc J. Lane, a Professional Corporation and may be registered in certain jurisdictions.

**PXA:3 at 1**

# FTC PXA:4

**ILLINOIS DOMESTIC / FOREIGN ANNUAL REPORT**

| 1) Corporate Name | 2) File Number | 3) State / Country | 4) Inc / Qual Date |
|---|---|---|---|
| WEBSITE SOLUTIONS USA INC. | D 6712-446-4 | Illinois | 03/18/2010 |

5) President Name & Address **Suneil Sant*, 130 Quail Ridge Drive, Westmont, IL 60559**

Secretary Name & Address  Suneil Sant, 130 Quail Ridge Drive, Westmont, IL 60559

Officer / Director Name & Address  ***Also a Director**

Officer / Director Name & Address 0235 03162011 075202788

CP0622801

Officer / Director Name & Address

| 6) Share Information | Class | Series | Par Value | Number Authorized | Number Issued as of 12/31/2010 |
|---|---|---|---|---|---|
| | COMMON | None | .00000 | 1,000 | 100.000 |

| 7) Registered Agent | YEAR 2011 | 7a) Principal Address of Corporation: |
|---|---|---|
| MARC J LANE<br>180 N LASALLE ST #2100<br>CHICAGO IL 60601<br>Cook County | | 130 Quail Ridge Drive, Westmont, IL 60559<br>Street    City    State    Zip Code<br>7b) Under the penalty of perjury and as an authorized officer, I declare that this annual report, pursuant to the provisions of the Business Corporation Act, has been examined by me and is, to the best of my knowledge and belief true, correct and complete.<br>President  2/20/11<br>SIGNATURE    Title    Date |

*File Number* 6712-446-4



## To all to whom these Presents Shall Come, Greeting:

*I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that I am the keeper of the records of the Department of Business Services. I certify that*

THE FOREGOING AND HERETO ATTACHED IS A TRUE
AND CORRECT COPY, CONSISTING OF 1 PAGES, AS TAKEN FROM THE ORIGINAL
ON FILE IN THIS OFFICE FOR WEBSITE SOLUTIONS USA INC..*************



## In Testimony Whereof, *I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this* 22ND *day of* FEBRUARY *A.D.* 2012

*Jesse White*

SECRETARY OF STATE

**PXA:4 at 2**

FORM **BCA 2.10** (rev. Dec. 2003)
**ARTICLES OF INCORPORATION**
Business Corporation Act

Jesse White, Secretary of State
Department of Business Services
501 S. Second St., Rm. 350
Springfield, IL 62756
217-782-9522
217-782-6961
www.cyberdriveillinois.com

Remit payment in the form of a cashier's
check, certified check, money order
or an Illinois attorney's or CPA's check
payable to Secretary of State.

**PAID**

**FILED**

MAR 18 2010

**JESSE WHITE
SECRETARY OF STATE**

MAR 1 9 2010

**EXPEDITED
SECRETARY OF STATE**

See Note 1 on back to determine fees.

Filing Fee: $150   Franchise Tax $ _25.00_   Total $ _175.00_   File # _6712-4464_ _____ Approved: _Cld_

——————— Submit in duplicate ——————— Type or Print clearly in black ink ——————— Do not write above this line ———

1. Corporate Name: Website Solutions USA Inc. C

    CP0179001

    The Corporate Name must contain the word "Corporation," "Company," "Incorporated," "Limited" or an abbreviation thereof.

2. Initial Registered Agent: __Marc__ _____ __J.__ _____ __Lane__
    _____First Name_____Middle Initial_____Last Name

    Initial Registered Office: __180__ _____ __North LaSalle Street__ _____ __2100__
    _____Number_____Street_____Suite No. (P.O. Box alone is unacceptable)

    __Chicago__ _____ __IL 60601__ _____ __Cook__
    _____City_____ZIP Code_____County

3. Purposes(s) for which the Corporation is Organized:
    **If more space is needed, attach additional sheets of this size.**

    The transaction of any or all lawful businesses for which corporations may be incorporated under the Illinois Business
    Corporation Act.

    44

4. Paragraph 1 — Authorized Shares, Issued Shares and Consideration Received:

| Class | Number of Shares Authorized | Number of Shares Proposed to be Issued | Consideration to be Received Thereof |
|---|---|---|---|
| Common | 1000 | 100 | 100.00 |
| | | | $ |
| | | | |
| | | | |
| | | | |
| | | | **TOTAL = $ 100.00** |

Paragraph 2 — The preferences, qualifications, limitations, restrictions and special or relative rights in respect of the
shares of each class are:
**If more space is needed, attach additional sheets of this size.**

(cont. on back)

Printed by authority of the State of Illinois. March 2007 — 10M — C 162.26

**PXA:4 at 3**

**ITEMS 5, 6 AND 7 ARE OPTIONAL**

5. a. Number of Directors constituting the initial board of directors of the corporation: _____
   b. Names and Addresses of persons serving as directors until the first annual meeting of shareholders or until their successors are elected and qualify:

| Name | Address | City, State, ZIP |
|------|---------|------------------|
|      |         |                  |
|      |         |                  |
|      |         |                  |

6. a. It is estimated that the value of the property to be owned by the corporation for the following year wherever located will be:      $ _____
   b. It is estimated that the value of the property to be located within the State of Illinois during the following year will be:      $ _____
   c. It is estimated that the gross amount of business that will be transacted by the corporation during the following year will be:      $ _____
   d. It is estimated that the gross amount of business that will be transacted from places of business in the State of Illinois during the following year will be:      $ _____

7. Other Provisions: Attach a separate sheet of this size for any other provision to be included in the Articles of Incorporation (e.g., authorizing preemptive rights, denying cumulative voting, regulating internal affairs, voting majority requirements, fixing a duration other than perpetual, etc.).

**NAME(S) & ADDRESS(ES) OF INCORPORATOR(S)**

8. The undersigned incorporator(s) hereby declare(s), under penalties of perjury, that the statements made in the foregoing Articles of Incorporation are true.

Dated __March 16__ , __2010__
      Month & Day    Year

| Signature and Name | | Address | |
|---|---|---|---|
| 1. _Joshua S. Kreitzer_ (signature) | 1. | 180 N. LaSalle Street, Suite 2100 | |
|     Signature | | Street | |
| Joshua S. Kreitzer | | Chicago | IL | 60601 |
|     Name (type or print) | | City/Town   State   ZIP Code | |
| 2. | 2. | | |
|     Signature | | Street | |
|     Name (type or print) | | City/Town   State   ZIP Code | |
| 3. | 3. | | |
|     Signature | | Street | |
|     Name (type or print) | | City/Town   State   ZIP Code | |

Signatures must be in BLACK INK on an original document. Carbon copy, photocopy or rubber stamp signatures may only be used on conformed copies.

**NOTE:** If a corporation acts as incorporator, the name of the corporation and the state of incorporation shall be shown and the execution shall be by a duly authorized corporate officer. Type or print officer's name and title beneath signature.

**Note 1 — Fee Schedule:**
- The initial franchise tax is assessed at the rate of 15/100 of 1 percent ($1.50 per $1,000) on the paid-in capital represented in this state. (The minimum initial franchise tax is $25.)
- The filing fee is $150.
- The minimum total due (franchise tax + filing fee) is $175.

Printed by authority of the State of Illinois. March 2007 — 10M — C 162.26

**Note 2 — Return to:**

The Law Offices of Marc J. Lane
    Firm name
Joshua S. Kreitzer
    Attention
180 N. LaSalle Street, Suite 2100
    Mailing Address
Chicago, IL 60601
    City, State, ZIP Code

**PXA:4 at 4**

*File Number*     6712-446-4



## To all to whom these Presents Shall Come, Greeting:

*I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that I am the keeper of the records of the Department of Business Services. I certify that*

THE FOREGOING AND HERETO ATTACHED IS A TRUE
AND CORRECT COPY, CONSISTING OF 2 PAGES, AS TAKEN FROM THE ORIGINAL
ON FILE IN THIS OFFICE FOR WEBSITE SOLUTIONS USA INC.. *************



## In Testimony Whereof, *I hereto set*

*my hand and cause to be affixed the Great Seal of the State of Illinois, this*   22ND

*day of*     FEBRUARY     *A.D.*     2012

Jesse White

SECRETARY OF STATE

Authentication #: 1205300269
Authenticate at: http://www.cyberdriveillinois.com

**PXA:4 at 5**

# FTC PXA:5



# Secretary of State

## Jason M. Gant

State Capitol | 500 East Capitol Avenue | Pierre, South Dakota 57501 | sdsos@state.sd.us | sdsos.gov

**DATE:** February 14, 2012

**TO:** LESLIE R LEWIS
FEDERAL TRADE COMMISSION
600 PENNSYLVANIA AVE NW M-8102
WASHINGTON DC  20580

**FROM:** Erika Bruns, Corporate Division

**RE:** CERTIFIED COPIES

Please find enclosed copies as requested along with a receipt showing payment of the same.

If this office can be of further assistance, please don't hesitate to call.

Thank you.



**Administration**
Tel: (605) 773-3537
Fax: (605) 773-6580

**Corporations**
Tel: (605) 773-4845
Fax: (605) 773-4550

**Uniform Commercial Code**
Tel: (605) 773-4422
Fax: (605) 773-4550

**PXA:5 at 1**

# State of South Dakota



## OFFICE OF THE SECRETARY OF STATE

### Department of State

United States of America, ⹀

⹀     **Secretary's Office**

State of South Dakota ⹀

This is to certify that the attached instrument of writing is a true, correct and examined copy of the Articles of Incorporation for **GIN USA INC.** filed in this office on **June 28, 2011**.



**IN TESTIMONY WHEREOF**, I have hereunto set my hand and caused to be affixed the Great Seal of the state of South Dakota, in Pierre, the Capitol City, this day February 14, 2012.

*Jason Gant*

**Jason M. Gant**
**Secretary of State**

Fees: $19.00

383 0942 06/29/2011

Receipt Number: _____2160926_____

File Number  **DB056213**



*  D B 0 5 6 2 1 3  *

* A R T I C L E S   O F   I N C O R P O R A T I O N *

**ARTICLES_OF_INCORPORATION**

For

**GIN USA INC.**

Filed at the request of:

PERSON ENTERPRISES L.L.C.
326 N MADISON
Pierre  SD  57501

*State of South Dakota*
*Office of the Secretary of State*

Filed in the office of the Secretary of State on: **Tuesday, June 28, 2011**

Secretary of State

Fee Received:    $150.00

383 0943 06/29/2011

# State of South Dakota



## OFFICE OF THE SECRETARY OF STATE

# Certificate of Incorporation
# Business Corporation

### ORGANIZATIONAL ID #: DB056213

I, **Jason M. Gant**, Secretary of State of the State of South Dakota, hereby certify that the Articles of Incorporation of **GIN USA INC.** duly signed and verified, pursuant to the provisions of the South Dakota Business Corporation Act, have been received in this office and are found to conform to law.

**ACCORDINGLY,** and by virtue of the authority vested in me by law, I hereby issue this Certificate of Incorporation and attach hereto a duplicate of the Articles of Incorporation.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused to be affixed the Great Seal of the State of South Dakota, in Pierre, the Capital City, this June 28, 2011.



Jason M. Gant
Secretary of State

Litho in U.S.A.

IncorpCertBusiness Merge

**PXA:5 at 4**

Secretary of State Office
500 E Capitol Ave
Pierre, SD 57501
(605)773-4845

# ARTICLES OF INCORPORATION
## DOMESTIC BUSINESS CORPORATION
Please Type or Print Clearly in Ink
### Please submit one **Original** and one **Photocopy**
**FILING FEE: $150** payable to SECRETARY OF STATE

**RECEIVED**

**JUN 2 8 2011**

**S.D. SEC. OF STATE**

Telephone # _____

FAX # _____

Filed this _____ day of _____ 2011

_SECRETARY OF STATE_

## Required Articles

### Article I

The name of the corporation is   GIN USA Inc.

Note: The name must include the term corporation, incorporated, company, limited or the applicable abbreviation.

### Article II

The number of shares the corporation is authorized to issue 1,000

### Article III

The address of the principal executive office in or out of the State of South Dakota.

| 130 Quail Ridge Drive | Westmont | IL | 60559-6142 |
|---|---|---|---|
| Street Address | City | State | ZIP+4 |
| | | | |
| Mailing Address (Optional) | City | State | ZIP+4 |

### Article IV

The South Dakota Registered Agent name   Corporation Service Company

| 503 South Pierre Street | Pierre | SD | 57501-4522 |
|---|---|---|---|
| Street Address or Rural Route Box Number in This State and | City | State | ZIP+4 |
| | | | |
| Mailing Address in This State, if Different from Street Address | City | State | ZIP+4 |

When listing a Commercial Registered Agent, please state their CRA #.
This number can be obtained from the Commercial Registered Agent.        CR000003

## Article V

The name and address of each incorporator (one or more persons – person includes an individual or entity)

| Joshua S. Kreitzer | 180 N. LaSalle Street, Suite 2100 | Chicago | IL | 60601-2701 |
|---|---|---|---|---|
| Incorporator | Street Address | City | State | ZIP+4 |
| | | | | |
| Incorporator | Street Address | City | State | ZIP+4 |
| | | | | |
| Incorporator | Street Address | City | State | ZIP+4 |
| | | | | |
| Incorporator | Street Address | City | State | ZIP+4 |
| | | | | |
| Incorporator | Street Address | City | State | ZIP+4 |

This document must be executed by the chair of the board of directors, by its president, or by another of its officers. If directors have not been selected or the corporation has not been formed, an incorporator may execute the document.

Dated June 27, 2011

_(Signature of an authorized officer)_

Joshua S. Kreitzer
(Printed Name)

Incorporator
(Title)

# Optional Provisions

**Any of the optional articles may be added by attachment.**

The names and addresses of the individuals who are to serve as the initial directors

(1) Provisions not inconsistent with law regarding:

  (a) The purpose or purposes for which the corporation is organized;
  (b) Managing the business and regulating the affairs of the corporation;
  (c) Defining, limiting, and regulating the powers of the corporation, its board of directors and shareholders;
  (d) A par value for authorized shares or classes of shares; and
  (e) The imposition of personal liability on shareholders for the debts of the corporation to a specified extent and upon specified conditions;

(2) Any provision that under this chapter is required or permitted to be set forth in the bylaws;

(3) A provision eliminating or limiting the liability of a director to the corporation or its shareholders for money damages for any action taken, or any failure to take any action, as a director, except liability for the amount of a financial benefit received by a director to which the director is not entitled; an intentional infliction of harm on the corporation or the shareholders; a violation of SDCL 47-1A-833; or an intentional violation of criminal law;

(4) A provision permitting or making obligatory indemnification of a director for liability, as defined in subdivision 47-1A-850(5), to any person for any action taken, or any failure to take any action, as a director, except liability for receipt of a financial benefit to which the director is not entitled; an intentional infliction of harm on the corporation or its shareholders; a violation of 47-1A-833.1; or an intentional violation of criminal law; and

(5) Any provision limited or denying preemptive rights to acquire additional or treasury shares of the corporation.

# FTC PXA:6



*Delaware*                PAGE  1

*The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF INCORPORATION OF "KT RADIO NETWORK
INC.", FILED IN THIS OFFICE ON THE TWENTY-THIRD DAY OF JUNE,
A.D. 2009, AT 3:18 O'CLOCK P.M.

4701808   8100

101102576

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8481833

DATE: 01-08-11

**PXA:6 at 1**

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 03:24 PM 06/23/2009*
*FILED 03:18 PM 06/23/2009*
*SRV 090641008 – 4701808 FILE*

# STATE *of* DELAWARE
## CERTIFICATE *of* INCORPORATION
### *A* STOCK CORPORATION

- **First:** The name of this Corporation is <u>KT Radio Network Inc.</u>

- **Second:** Its registered office in the State of Delaware is to be located at <u>2711 Centerville Road, Suite 400</u> Street, in the City of <u>Wilmington</u> County of <u>New Castle</u> Zip Code <u>19808</u>. The registered agent in charge thereof is <u>Corporation Service Company</u>

- **Third:** The purpose of the corporation is to engage in any lawful act or activity for which corporations may be organized under the General Corporation Law of Delaware.

- **Fourth:** The amount of the total stock of this corporation is authorized to issue is <u>1,000</u> shares (number of authorized shares) with a par value of <u>$0.10</u> per share.

- **Fifth:** The name and mailing address of the incorporator are as follows:
  Name <u>Marc J. Lane</u>
  Mailing Address <u>180 N. LaSalle Street, Suite 2100</u>
  <u>Chicago, IL</u> Zip Code <u>60601</u>

- **I, The Undersigned,** for the purpose of forming a corporation under the laws of the State of Delaware, do make, file and record this Certificate, and do certify that the facts herein stated are true, and I have accordingly hereunto set my hand this <u>22nd</u> day of <u>June</u>, A.D. 20 <u>09</u>.

BY: _____
(Incorporator)

NAME: Marc J. Lane
(type or print)

# FTC PXA:7

# CIRCUIT RULE 26.1  DISCLOSURE STATEMENT

Appellate Court No: 13-1747

Short Caption: FTC v. Kevin Trudeau

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

**[   ]     PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH  INFORMATION IS NEW OR REVISED.**

(1)  The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

GIN USA Inc.

KT Radio Network Inc.

WebSite Solutions USA Inc.

(2)  The names of all law firms whose partners or associates have appeared for the party in the case (including  proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Faruki Ireland & Cox P.L.L.

(3)  If the party or amicus is a corporation:

i)  Identify all its parent corporations, if any; and

Global Information Network Fdn, APC Trading Limited, NBT Trading Limited, respectively

ii)  list any publicly held company that owns 10% or more of the party's or amicus' stock:

N/A

Attorney's Signature:  s/ Daniel J. Donnellon                    Date:  April 11, 2013

Attorney's Printed Name:  Daniel J. Donnellon

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).  **Yes**  X    **No** _____

Address:  201 East Fifth Street, Suite 1420

Cincinnati, Ohio 45202

Phone Number:  513-632-0308                    Fax Number:  513-632-0319

E-Mail Address:  ddonnellon@ficlaw.com

rev. 01/08 AK

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of April, 2013, I electronically filed the

foregoing Disclosure Statement with the Clerk of Court for the United States Court of Appeals

for the Seventh Circuit by using the CM/ECF system.  I further certify that I served true copies

of the foregoing with the following attorneys of record by electronic mail::

     David Sieradzki
     John F. Daly
     Jonathan Cohen
     Michael Mora
     Federal Trade Commission
     600 Pennsylvania Ave., NW M-8102B
     Washington, DC  20580

     David A. O'Toole
     Federal Trade Commission
     55 W. Monroe St., Suite 1825
     Chicago, IL  60603

     Attorneys for Plaintiff

                       /s/ Daniel J. Donnellon
                       Daniel J. Donnellon

# FTC PXA:8



# FTC PXA:9



1

```
 1            IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF ILLINOIS
 2                   EASTERN DIVISION

 3
     FEDERAL TRADE COMMISSION,        )
 4                                    )
                    Plaintiff,        )
 5                                    )  No. 03 C 3904
                vs.                   )  Chicago, Illinois
 6                                    )  July 23, 2008
     KEVIN TRUDEAU,                   )  10:00 a.m.
 7                                    )
                    Defendant.        )
 8

 9           TRANSCRIPT OF PROCEEDINGS - HEARING

10         BEFORE THE HONORABLE ROBERT W. GETTLEMAN

11  APPEARANCES:

12  For the Plaintiff:      FEDERAL TRADE COMMISSION
                            600 Pennsylvania Avenue, NW
13                          NJ-3212
                            Washington, DC 20580
14                          BY:  MS. LAUREEN KAPIN
                                 MS. SANDYA PRABHU
15                               MS. ELIZABETH TUCCI

16
    For the Defendant:      JENNER & BLOCK
17                          One IBM Plaza
                            Chicago, Illinois 60611
18                          BY:  MR. DAVID J. BRADFORD
                                 MR. DANIEL J. HURTADO
19

20

21

22  Official Reporter:      JENNIFER S. COSTALES, CRR, RMR
                            219 South Dearborn Street
23                          Room 1706
                            Chicago, Illinois 60604
24                          (312) 427-5351

25
```

1  attention as we've seen in some of these letters, then it could

2  be admissible for that limited purpose.

3        But to have it offered to show that there are or are not

4  positive or negative comments, I will not admit it for that

5  purpose.  So I'm sustaining the objection.

6        MR. HURTADO:  Again, there is no point in putting on our

7  witness then.

8        THE COURT:  Well, right, there is no point in examining

9  a witness as to the accuracy of his collation of comments that I

10  don't give any weight to.

11        MR. HURTADO:  Thank you.

12        THE COURT:  Okay.  Is your witness here now?

13        MR. BRADFORD:  Yes, he is, Your Honor.

14        THE COURT:  All right.

15        MR. BRADFORD:  At this time we call Marc Lane to the

16  stand.

17        THE COURT:  Please raise your right hand.

18     (Witness duly sworn.)

19           MARC J. LANE, DEFENDANT'S WITNESS, SWORN

20                    DIRECT EXAMINATION

21  BY MR. HURTADO:

22  Q.   Good afternoon, Mr. Lane.

23  A.   Good afternoon.

24  Q.   Could you state your full name for the record, please?

25  A.   Marc J. Lane.

1  Q.   And what is your occupation?

2  A.   I'm an attorney.

3  Q.   And where do you practice?

4  A.   In Chicago.

5  Q.   What type of law do you practice?

6  A.   Business and tax.

7  Q.   And do you -- so you do tax preparation and tax advice?

8  A.   I do.

9  Q.   Do you know Kevin Trudeau?

10 A.   I do.

11 Q.   And how do you know him?

12 A.   He's a client.

13 Q.   And how long has he been a client?

14 A.   In excess of five years.

15 Q.   And what types of services have you provided for Mr. Trudeau

16 or his affiliated companies?

17 A.   Business, tax, and financial planning.

18 Q.   All right.  I'd like to now turn your attention, and I know

19 you just got in the courtroom, you're probably not too oriented,

20 there are some exhibit books near you.

21 A.   Yes.

22 Q.   And we're looking for Defendant's Exhibit PPP as in Paul.

23 Let me know when you have that in front of you.

24 A.   I don't see it.

25 Q.   There is two volumes, sorry.

1          MS. TUCCI:   Your Honor, we do object to this exhibit,

2   which there has been no foundation.  In fact, there is evidence

3   there is a lack of foundation for personal knowledge by Mr. Lane.

4          THE COURT:   Well, let him identify it.  They haven't

5   offered it yet.

6          MR. HURTADO:   Well, the purpose of this testimony is to

7   authenticate the document, to authenticate the exhibit.

8   BY THE WITNESS:

9   A.   Mr. Hurtado, I'm having some difficulty locating the exhibit.

10          MR. HURTADO:   May I approach, Judge?

11          THE COURT:   Sure.

12          MR. HURTADO:   Thanks.

13          MR. BRADFORD:   I have an extra copy if that might be

14   useful.

15          MR. HURTADO:   That may be more efficient.

16          THE WITNESS:   Thank you very much.

17   BY MR. HURTADO:

18   Q.   Mr. Lane, are you familiar with what has been marked as

19   Defendant's Exhibit PPP?

20   A.   Yes, I am.

21   Q.   And what is it?

22   A.   This is a consolidated balance sheet for Mr. Kevin Trudeau

23   and his affiliated entities as of December 31, 2007.

24   Q.   Okay.  And did you prepare this summary?

25   A.   I did along with members of my staff.

1  Q.  Okay.  And what is the information in this balance sheet
2  based on?
3  A.  It's based upon the financial records of Mr. Trudeau and his
4  companies that are prepared in the ordinary course of their
5  respective businesses.
6          THE COURT:  By whom?
7          THE WITNESS:  I'm sorry?
8          THE COURT:  By whom?
9          THE WITNESS:  By Mr. Trudeau's employees.
10 BY MR. HURTADO:
11 Q.  All right.  Now, what is it that this balance sheet purports
12 to show?
13 A.  This shows the assets, liabilities, and net worth of
14 Mr. Trudeau and his affiliated enterprises as of 12/31/07.
15 Q.  And for those of us who might not know exactly what a balance
16 sheet is, can you explain this balance sheet?
17         THE COURT:  I know what a balance sheet is.
18         MR. HURTADO:  Okay.
19 BY MR. HURTADO:
20 Q.  And is it correct that this consolidated balance sheet is --
21         THE COURT:  Is there an objection?
22         MR. HURTADO:  I'm sorry.
23         MS. TUCCI:  Yes, Your Honor.  I'd like to object on two
24 grounds.  One is the foundation has not been laid.  There has
25 been no business record foundation for the records that were

1  simply provided to him for something that he prepared for purpose

2  of litigation.  Also, Mr. Trudeau's financial condition is

3  irrelevant to the contempt remedy.

4          THE COURT:  It may not be, it may not be irrelevant to

5  the type of remedy that is imposed, if there is a remedy imposed.

6  And I will take this as an offer of proof.  We can then test, you

7  can test what he relied on.

8          But if he did -- you know, this is not like an audited

9  statement.  If this gentleman is relying on information provided

10 by Mr. Trudeau or his employees, the weight to be given it will

11 obviously be taken into account, that will be taken into account

12 in assessing any weight given to the document.

13         But go ahead and make it as an offer of proof.

14 BY MR. HURTADO:

15 Q.   All right.  Is this consolidated balance sheet something you

16 would call a compilation, Mr. Lane?

17 A.   Yes, it is.

18 Q.   What is meant by a compilation?

19 A.   A compilation assembles financial data provided by management

20 of a company and recasts that data in a way that is intended for

21 the use by specific persons who will rely upon it.

22 Q.   And despite the fact that this is not based, it is not an

23 audited statement and is not based on audited financial

24 information, is it something in your experience that is used by

25 businesses?

1  A.   Yes.

2  Q.   Have you prepared tax returns for Mr. Trudeau and his

3  affiliated entities?

4  A.   Yes, we have.

5  Q.   And are the financial records and information upon which this

6  consolidated balance sheet is based the type of information that

7  you would rely on to prepare the company's tax returns?

8  A.   This would actually be the very same information.

9  Q.   Do you have any reason to conclude that the information that

10 was provided to you to prepare this consolidated balance sheet is

11 false?

12 A.   No, I do not have.

13 Q.   The statement here is as of December 31st, 2007, is that

14 correct?

15 A.   Yes.

16 Q.   Do you have a sense of whether Mr. Trudeau's financial

17 position has changed subsequent to December 31st, 2007?

18 A.   Yes, I do.

19 Q.   And what is that sense?

20 A.   I believe that his financial condition has deteriorated in

21 the interim.

22 Q.   And what basis do you have for that?

23 A.   Primarily because his company Alliance Publishing Group,

24 which is the primary driver of revenue, has had a significant

25 diminution in revenue and consequently profitability.

Lane - direct                                      104

1          And in addition to that, in the intervening months,

2  Mr. Trudeau and his entities have been subject to audits by the

3  Internal Revenue Service, which I believe are likely to result in

4  adverse findings.

5  Q.   Are you involved with any of those audits?

6  A.   Yes.  We're representing Mr. Trudeau and his entities in

7  connection with those audits.

8  Q.   And what is the status of your account with Mr. Trudeau?

9  A.   We are due substantial moneys.

10         MR. HURTADO:  Okay.  That's all I have.  Thank you.

11         MS. KAPIN:  May I have one moment, Your Honor?

12     (Discussion off the record.)

13         MR. HURTADO:  Your Honor, could I have permission to ask

14  a couple more questions?

15         THE COURT:  Sure.

16         You shouldn't have done that.

17         MS. KAPIN:  It's my fault, Your Honor.

18         THE COURT:  You let him reload.

19         Okay.  Go ahead.

20         MR. HURTADO:  I'm sorry.  Well, Your Honor, I got a

21  little bit derailed when you said understood what a consolidated

22  balance sheet is.

23         THE COURT:  I was an accounting major, I confess.

24         MR. HURTADO:  But I just wanted to have Mr. Lane explain

25  what the bottom line here is so to speak.

1  BY MR. HURTADO:

2  Q.   Mr. Lane, this balance sheet reflects the net equity on the

3  part of Mr. Trudeau and his affiliated companies?

4  A.   Yes, it does.

5  Q.   And what does it reflect?

6  A.   It shows a negative net worth of about 9 and a half million

7  dollars, subject to the disclaimers and footnotes appearing on

8  the statement and in the accompanying letter of transmittal.

9  Q.   And is it the case here, you said there were some footnotes

10  which delineate some liabilities as well as assets that are not

11  included in the main presentation, is that right?

12  A.   Yes, that's correct.

13  Q.   Why is that the case?

14  A.   In the interest of a fair presentation, it was determined

15  that certain assets should not be reflected and certain

16  corresponding liabilities should not be reflected, primarily on

17  grounds of quality of the assets and the likelihood of

18  collectability of the assets.

19  Q.   For example, there is in footnote 3, you note a note dated

20  June 16th, 2006 with a balance of 117 million and some odd

21  dollars owing to Mr. Trudeau, is that correct?

22  A.   Yes.

23  Q.   Why is that not included in the main presentation?

24  A.   The note is seriously delinquent.  Consequently, in the

25  interest of a fair presentation, we thought it appropriate to

1  bring it down to a footnote rather than allowing an inference to

2  be drawn that that was an asset at par as it might be regarded if

3  it were in the presentation proper.

4  Q.  Okay.  Thank you, Mr. Lane.

5  A.  You're welcome.

6          THE COURT:  Wait.  So you made a determination that ITV

7  because it's delinquent would not be able to pay the moneys that

8  it owed?

9          THE WITNESS:  We did not make such a determination.

10  Mr. Trudeau asked that in his judgment this was, since this is

11  not current, and it's substantially delinquent, there is a

12  question as to its collectability.  So we wanted to flag that

13  separately.

14          THE COURT:  So this is based on information you got from

15  Mr. Trudeau, not independently reviewed?

16          THE WITNESS:  I do, in fact, have independent knowledge

17  of this as well, Your Honor.

18          THE COURT:  And what is that?

19          THE WITNESS:  ITV is insolvent in the technical sense,

20  that is, they're unable to pay their bills as they become due.

21          THE COURT:  Are they a client of yours?

22          THE WITNESS:  They are indeed.

23          THE COURT:  What is Mr. Trudeau's connection to ITV?

24          THE WITNESS:  Mr. Trudeau sold certain assets or

25  Mr. Trudeau's company sold certain assets to ITV.  So he is a

1  creditor.

2           THE COURT:  I'm sorry?

3           THE WITNESS:  He's a creditor.

4           THE COURT:  He's a creditor.  But not an owner?

5           THE WITNESS:  He's not an owner.

6           THE COURT:  Go ahead.

7           MS. TUCCI:  Thank you, Your Honor.

8                    CROSS-EXAMINATION

9  BY MS. TUCCI:

10 Q.  Good afternoon, Mr. Lane.  I'm sorry we didn't have a chance

11 to meet, but I'm Elizabeth Tucci from the Federal Trade

12 Commission.

13 A.  Good afternoon.

14 Q.  I would like to talk again about this same Exhibit PPP.  And

15 this is actually a corrected version of the one that you

16 originally supplied with your declaration, is that correct?

17 A.  Yes.

18 Q.  All right.  So when I refer to the consolidated balance sheet

19 regarding Mr. Trudeau, I'm referring to the figures you provided

20 in Exhibit PPP.

21          Now, it's correct to say that this document purports to

22 show the balance sheet for Mr. Trudeau and his affiliated

23 entities of December '07?

24 A.  Yes.

25 Q.  All right.  And you testified in your deposition that you

1  prepared this balance sheet for the sole purpose of litigation,

2  of this litigation?

3  A.  Yes, that's correct.

4  Q.  And so you prepared it for the Court, is that correct?

5  A.  Did I prepare it for the Court?  I'm not sure of the import

6  of that question.  It was prepared --

7  Q.  Did you prepare it for the purpose of assisting the Court in

8  this proceeding?

9  A.  It was requested by Mr. Trudeau and his litigation counsel.

10  Beyond that, I don't know if I can opine.

11  Q.  You don't recall ever having prepared a balance sheet for

12  Mr. Trudeau in the past, do you?

13  A.  I do not.

14  Q.  And you don't recall ever having prepared a balance sheet for

15  Mr. Trudeau's affiliated entities in the past?

16  A.  I don't have any immediate recollection, although it is not

17  impossible that we have done so.

18  Q.  Mr. Lane, you did give a deposition in this case just a

19  couple weeks ago, is that correct?

20  A.  Yes.

21  Q.  And you took an oath, and you swore to tell truth, is that

22  right?

23  A.  Yes.

24  Q.  And you did tell the truth.

25          MS. TUCCI:  Counsel, I'm on page 34 of the transcript

# FTC PXA:10

**Search:**    Public Records : Judgments & Liens
**Terms:**    terms(debtor(Kevin w/2 Trudeau))

| No. | Debtor | Address | Filing | Creditor |
|---|---|---|---|---|
| 1. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:11/16/2009<br>Amount:$90,587<br>Certificate Number:596881309<br>FEDERAL TAX LIEN RELEASE<br>  Filing Number:20100514000727620<br>  Filing Date:11/16/2009<br>  Filing Office:VENTURA COUNTY COURT (RD), CA<br>FEDERAL TAX LIEN<br>  Filing Number:2009111600186059<br>  Filing Date:11/16/2009<br>  Filing Office:VENTURA COUNTY COURT (RD), CA | INTERNAL REVENUE SERVICE |
| 2. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:4/24/2009<br>Amount:$27,248<br>Certificate Number:09108437644<br>STATE TAX LIEN RELEASE<br>  Filing Number:20091002001635980<br>  Filing Date:4/24/2009<br>  Filing Office:VENTURA COUNTY COURT (RD), CA<br>STATE TAX LIEN<br>  Filing Number:20090424000656810<br>  Filing Date:4/24/2009<br>  Filing Office:VENTURA COUNTY COURT (RD), CA | STATE OF CALIFORNIA |
| 3. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:7/19/2005<br>Amount:$2,838,429<br>FEDERAL TAX LIEN RELEASE<br>  Filing Number:20070404000707170<br>  Filing Date:7/19/2005<br>  Filing Office:VENTURA COUNTY COURT (RD), CA | INTERNAL REVENUE SERVICE |
| 4. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:7/19/2005<br>Amount:$2,838,429<br>FEDERAL TAX LIEN<br>  Filing Number:200507190176300<br>  Filing Date:7/19/2005<br>  Filing Office:VENTURA COUNTY COURT (RD), CA | IRS |
| 5. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:3/15/2005<br>Amount:$1,096,943<br>FEDERAL TAX LIEN RELEASE<br>  Filing Number:200603150055113<br>  Filing Date:3/15/2005<br>  Filing Office:VENTURA COUNTY COURT (RD), CA | IRS |

**PXA:10 at 1**

| No. | Debtor | Address | Filing | Creditor |
|-----|--------|---------|--------|----------|
| | | | FEDERAL TAX LIEN<br>    Filing Number:200503150063900<br>    Filing Date:3/15/2005<br>    Filing Office:VENTURA COUNTY<br>COURT (RD), CA | |
| 6. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:11/19/2003<br>Amount:$18,282<br>STATE TAX LIEN RELEASE<br>    Filing Number:200402050028485<br>    Filing Date:11/19/2003<br>    Filing Office:VENTURA COUNTY<br>COURT (RD), CA | STATE OF CALIFORNIA |
| 7. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 601 DEL ORO DR OJAI, CA 93023-1806 VENTURA COUNTY | Filing Date:11/19/2003<br>Amount:$18,282<br>STATE TAX LIEN<br>    Filing Number:200311190440596<br>    Filing Date:11/19/2003<br>    Filing Office:VENTURA COUNTY<br>COURT (RD), CA<br>STATE TAX LIEN RELEASE<br>    Filing Number:0402050028485<br>    Filing Date:11/19/2003<br>    Filing Office:VENTURA COUNTY<br>COURT (RD), CA | STATE OF CALIFORNIA |
| 8. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 104 CHESTNUT ST # 330 HINSDALE, IL 60521-3387 DUPAGE COUNTY | Filing Date:10/27/2003<br>Amount:$2,088,092<br>Certificate Number:360312692<br>FEDERAL TAX LIEN RELEASE<br>    Filing Number:R2005269851<br>    Filing Date:10/27/2003<br>    Filing Office:DU PAGE RECORDER OF<br>DEEDS, IL<br>FEDERAL TAX LIEN<br>    Filing Number:R2003411014<br>    Filing Date:10/27/2003<br>    Filing Office:DU PAGE RECORDER OF<br>DEEDS, IL | INTERNAL REVENUE SERVICE IRS |
| | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 104 CHESTNUT ST # 330 HINSDALE, IL 60521-3387 DUPAGE COUNTY | | |
| 9. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 103 CHESTNUT ST # 330 HINSDALE, IL 60521-3301 DUPAGE COUNTY | Filing Date:1/23/2003<br>Amount:$2,088,092<br>FEDERAL TAX LIEN<br>    Filing Number:2003K011863<br>    Filing Date:1/23/2003<br>    Filing Office:KANE RECORDER OF<br>DEEDS, IL | IRS |

**PXA:10 at 2**

| No. | Debtor | Address | Filing | Creditor |
|-----|--------|---------|--------|----------|
| 10. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 104 CHESTNUT ST<br>HINSDALE, IL<br>60521-3387<br>DUPAGE COUNTY | Amount:$2,088,092.81<br>FEDERAL TAX LIEN<br>  Filing Number:03411014<br>  Filing Date:10/27/2003<br>  Filing Office:IL | |
| 11. | TRUDEAU, KEVIN M<br><br>LexID(sm):0020396 80331 | 104 CHESTNUT ST<br>APT 330<br>HINSDALE, IL<br>60521-3387<br>DUPAGE COUNTY | Amount:$2,088,092.81<br>FEDERAL TAX LIEN<br>  Filing Number:03K011863<br>  Filing Date:1/23/2003<br>  Filing Office:IL | |

Search:            Public Records : Judgments & Liens
Terms:             terms(debtor(Kevin w/2 Trudeau))
Date/Time:         Monday, October 08, 2012 4:12 PM
Permissible Use:   **DPPA - Government Agency**
                   **GLBA - Fraud Prevention or Detection**

Copyright © 2012 LexisNexis, a division of Reed Elsevier Inc. All Rights Reserved.

**PXA:10 at 3**