**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 03-C-3904 |
| v. | ) Hon. Robert W. Gettleman |
| KEVIN TRUDEAU, | ) |
| Defendant, | ) |
| THE LAW OFFICES OF MARC J. LANE, PC, | ) |
| Respondent. | ) |

**MOTION FOR LEAVE TO FILE DOCUMENTS UNDER TEMPORARY SEAL**

## MOTION FOR LEAVE TO FILE DOCUMENTS UNDER TEMPORARY SEAL

Trudeau, the Law Offices of Marc Lane ("Lane"), Winston & Strawn ("Winston"), GIN USA, Website Solutions USA ("WSU"), and KT Radio Network ("KTRN") (collectively, the "Designating Parties") have failed to comply with the Protective Order (DE106) (Feb. 14, 2008) by designating relevant, non-confidential information as "confidential." The Protective Order only permits parties to designate as "confidential" documents containing Personal Identifying Information ("PII"), financial account numbers, and other specified genuinely confidential information. *See* DE106 at ¶ 3.[1] By designating numerous documents as "confidential" that plainly do not meet this standard, the Designating Parties have violated the Protective Order.

Nonetheless, out of an abundance of caution, the FTC seeks leave to file certain documents under a temporary seal that will expire within five (5) days unless the Designating Parties demonstrate that any specific information in those documents must remain confidential under the Protective Order's terms. Specifically, the FTC moves to file unredacted versions of the following documents under temporary seal: (1) Memorandum in Support of Motion To Compel Certain Documents and Testimony from Lane; and (2) FTC Exhibit A (and attachments thereto, including various payment records and Lane's privilege log, all of which Winston designated as purportedly "confidential").

This motion for a temporary seal is consistent with the FTC's position regarding confidential filings and with the Seventh Circuit's April 10, 2013 order imposing an emergency stay of this Court's April 9 Order (DE608) requiring the FTC to file publicly certain documents

---

[1] In full, this paragraph states: "An attorney of record may designate Discovery Material as 'CONFIDENTIAL' if such attorney in good faith believes it to contain: (a) information that contains an individual's social security number or an individual's social security number or address or phone number in combination with one or more of the following: (i) date of birth, (ii) social security number; (iii) driver's license number or other state identification number or foreign equivalent, (iv) passport number, (v) financial account number or [(vi)] credit or debit card number; (b) trade secrets or other proprietary or competitively sensitive research and development or business processes information; (c) financial information, which if released, is likely to cause competitive injury to the party providing the information; or (d) consumer complaint or contact information." DE106.

(with genuine PII redacted).[2] As it has done previously, the FTC proposes to file documents under seal only because the Protective Order requires the FTC to do so whenever the Designating Parties designate documents as "confidential," regardless of whether their designations comply with the Protective Order (and they almost never do).

In fact, as the FTC made clear in its Motion to Seal, it "does not agree with Respondents' 'across-the-board' [confidentiality] designation." Motion (DE595) at 1. The Court agreed with the FTC, explaining that the Designating Parties had improperly insisted upon "redactions that go beyond the Court's [April 4] directive and sought to redact information that is not protectable and is clearly material to issues related to these contempt proceedings." Order (Apr. 9, 2013) (DE608) at 1-2.

Consistent with the Seventh Circuit's emergency stay, the FTC does not want to preclude the Designating Parties from having a reasonable – but strictly time-limited – opportunity to identify material that should remain confidential pursuant to the Protective Order. Accordingly, the FTC asks the Court to seal the unredacted versions of the above-referenced filings, but order that the seal will lift (except as to any Personal Identifying Information ("PII") or financial account numbers) in five (5) days unless the Designating Parties show that any other information must be kept confidential.

---

[2] The Designating Parties' motion for an emergency stay substantially misrepresented the FTC's position and, indeed, they emphasized (in bold and italics) this misrepresentation on the first page of their Seventh Circuit filings. Specifically, the Designating Parties informed the Seventh Circuit that the information the Court ordered disclosed was "***information that the FTC, Trudeau, and the law firms believe should remain under seal.***" PXB:1, Emergency Motion, *FTC v. Trudeau*, No. 13-1746 (7th Cir. Apr. 9, 2013) (DE1) at 1 (emphasis in original); *see also* PXB:2, Emergency Motion, *FTC v. Trudeau*, No. 13-1747 (7th Cir. Apr. 9, 2013) at 1 (emphasis in original). As discussed in text above, the FTC does not share this belief. Moreover, at the April 4 presentment of the Motion to Seal, the FTC clearly expressed its view "that the third parties in this case . . . have substantially over-designated what is confidential."[2] PXB:3 at 4:8-11. And at the April 9 hearing addressing the Designating Parties' continued failure to limit their proposed redactions to genuine PII, the FTC reiterated its position: "We certainly believe that there is a strong public interest in this case. There is a strong Seventh Circuit policy in favor of openness." PXB:4 at 28:6-8. And the FTC again requested (as the Court had instructed on April 4) that the Designating Parties limit redactions "to sensitive personally identifiable information and account numbers." *Id.* at 30:4-5.

Dated: April 15, 2013                                    Respectfully Submitted,


David O'Toole (dotoole@ftc.gov)                          /s/ Jonathan Cohen
Federal Trade Commission                                 Michael Mora (mmora@ftc.gov)
55 West Monroe Street, Suite 1825                        Jonathan Cohen (jcohen2@ftc.gov)
Chicago, Illinois 60603-5001                             Federal Trade Commission
Phone: (312) 960-5601                                    600 Pennsylvania Ave., N.W. M-8102B
Fax: (312) 960-5600                                      Washington, DC  20580
                                                         Phone:  202-326-3373; -2551
                                                         Fax:  202-326-2558

## **CERTIFICATE OF SERVICE**

I, Jonathan Cohen, hereby certify that on April 15, 2013, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to:

Kimball Richard Anderson
kanderson@winston.com

Thomas Lee Kirsch, II
tkirsch@winston.com

Katherine E. Croswell
kcroswell@winston.com

Daniel J. Donnellon
ddonnellon@ficlaw.com

Kenjiro D. LeCroix
klecroix@ficlaw.com


/s/ Jonathan Cohen
Jonathan Cohen (jcohen2@ftc.gov)
Attorney for Plaintiff
Federal Trade Commission