**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-C-3904 |
| | ) | |
| KEVIN TRUDEAU, | ) | |
| | ) | Honorable Robert W. Gettleman |
| Defendant. | ) | |

**NOTIFICATION OF BANKRUPTCY FILING**

Kevin Trudeau, the Defendant in the above-captioned litigation, notifies this Court that on April 22, 2013, he filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois (Case No. 13-16784).

The filing of a Chapter 7 petition commences a bankruptcy case, which, in turn, creates a bankruptcy estate composed of "all legal or equitable interests of the debtor in property as of the commencement of the case" "wherever located and by whomever held." 11 U.S.C. § 541; *see also McCoy v. Johnson (In re McCoy)*, No. 02 C 3258, 2002 WL 1611588, at *3 (N.D. Ill. July 22, 2002); *Maxwell v. Barounis (In re Swiontek)*, 376 B.R. 851, 864 (Bankr. N.D. Ill. 2007). Upon the filing of the petition, the debtor surrenders all property of the estate, 11 U.S.C. § 521(a)(4), and that property and all rights to it are vested in the bankruptcy trustee, *In re Vongchanh*, No. 09 B 70050, 2009 WL 1852452, at *2 (Bankr. N.D. Ill. June 29, 2009).

The bankruptcy filing invokes an automatic stay pursuant to 11 U.S.C. § 362(a), which precludes any creditor or any other party from initiating or continuing further legal proceedings against the Defendant. *See* 11 U.S.C. 362(a) (noting that the filing of Chapter 7 Bankruptcy "operates as a stay, applicable to all entities, of the …continuation … of a judicial,

administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ...").

A bankruptcy filing should automatically stay a pending civil contempt motion. The central premise of coercive contempt is that the contemnor retains the ability to purge the contempt by committing an affirmative act—and thereby "carries the keys of his prison in his own pocket." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 (1911). Because coercive sanctions are "not intended as a deterrent to offenses against the public" (*FTC v. Trudeau*, 579 F.3d 754, 770 (7th Cir. 2009)), the contemnor must be able to avoid the penalty, or some part of it, by complying with the order. In this case, because the bankruptcy trustee controls his assets, Mr. Trudeau does not have "the keys of his prison in his own pocket." Mr. Trudeau could not act independently of the bankruptcy trustee to satisfy the FTC's civil judgment even if he had the money to do so (he does not). 11 U.S.C. § 521(a)(4). Therefore, the FTC's civil coercive contempt motion should be moot, as well as the FTC's attendant discovery requests in support of that motion.

Dated: April 23, 2013

                                        Respectfully submitted,
                                        KEVIN TRUDEAU
                                        By:    /s/Kimball R. Anderson_____
                                               One of His Attorneys


Kimball R. Anderson (kanderson@winston.com)
Thomas L. Kirsch, II (tkirsch@winston.com)
Katherine E. Croswell (kcroswell@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
312-558-5600

2

## CERTIFICATE OF SERVICE

I, Kimball R. Anderson, an attorney, hereby certify that on April 23, 2013, I caused to be served true copies of the Notification of Bankruptcy by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to all counsel of record including:

Michael Mora
Jonathan Cohen
Federal Trade Commission
601 New Jersey Avenue NW, Suite 2215
Washington, D.C.  20001

David O'Toole
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603

 /s/ Kimball R. Anderson

Kimball R. Anderson
*Attorney for Kevin Trudeau*

3