Set IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 3904 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KEVIN TRUDEAU, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter came before the court for a report on status as ordered on May 2, 2013, concerning the FTC's motion to hold Kevin Trudeau in contempt and related motions. For the reasons stated in open court, it is hereby ordered:

1. The six Marc Lane documents withheld by his counsel are found to be within the crime-fraud exception as previously articulated, and should be produced to the FTC, attorney's eyes only until further order, forthwith.

2. The Lane deposition should be completed as discussed in open court. The court encourages the parties to agree on a method by which Mr. Lane can answer the questions that he did not answer at his deposition.

3. The three WSU documents produced on May 2, 2013, purportedly inadvertently, will be treated as attorney's eyes only until further order of court.

4. Any documents marked "confidential" or "attorney's eyes only" during discovery may be used in open court, unless an objection is made by the producing party and sustained by the court.

5. The documents produced by Marc Lane attorney's eyes only may be used at the 30(b)(6) depositions scheduled for May 18 and 19, 2013.

6. Mr. Donnellon and Mr. Kirsch informed the court and the FTC for the first time at the hearing this afternoon that Kevin Trudeau has changed his mind (for reasons this court finds unacceptable and without merit) and now seeks to withdraw his consent to be the Rule 30(b)(6) representative of GIN, WSU and KTRN. This representation was made, despite the fact that his personal counsel and counsel for the corporate entities have consistently (as recently as this morning) represented to the court that Trudeau was the Rule 30(b)(6) corporate representative and set the Rule 30(b)(6) depositions for Saturday May 18 and Sunday May 19, 2013. The court orders Trudeau to appear at the Rule 30(b)(6) depositions scheduled for May 18 and 19, 2013, unless the FTC agrees to accept another corporate representative. Should Trudeau assert his Fifth Amendment privilege during that deposition, the court will rule accordingly.

7. The court was made aware that Ms. Babenko has filed a motion to quash the subpoena for her deposition that had been scheduled for May 10, 2013. This is a matter to be decided by the New York court that has jurisdiction over her. The court encourages the parties to expedite ruling on this matter, since any delay in taking her deposition beyond the scheduled evidentiary hearing on May 21, 2013, will inevitably protract that hearing.

8. Lest there be any doubt about defendant Trudeau's presence at the May 21, 2013, hearing, he is ordered to be present that day beginning at 10:00 a.m.

9. This matter is set for a further report on the status of the matters discussed at the hearing today on May 16, 2013, at 2:30 p.m.

**ENTER:** **May 14, 2013**

_____
**Robert W. Gettleman
United States District Judge**