UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-C-3904 |
| | ) | |
| KEVIN TRUDEAU, | ) | |
| | ) | Honorable Robert W. Gettleman |
| Defendant. | ) | |

**MOTION TO CONTINUE EVIDENTIARY HEARING UNTIL COMPLETION OF
THIRD PARTY ACCOUNTING**

At a hearing held on April 26, 2013, the FTC represented to the Court that the purpose of the contempt proceeding (in light of the pending bankruptcy proceeding) was to compel a complete and accurate third-party accounting of Trudeau's and the so-called Trudeau affiliated entities' assets.[1] Trudeau's counsel then embarked on discussions with the FTC's counsel regarding the parameters of an agreed third-party accounting with the full support and endorsement of counsel for the individual corporations. These discussions culminated in a communication by Trudeau's counsel to FTC counsel on May 10, 2013 wherein Trudeau conceded to the FTC's demand for an accounting. (*See* Exhibit A attached hereto). Efforts then began to retain a mutually acceptable accounting firm.[2]

---

[1] The Court has also held that the purpose of the hearing is to determine whether the Court should compel an accounting, which is now a moot issue: "At this point, no order to pay is or could be sought. At most, Trudeau must provide a full accounting of his assets to purge his contempt of the sanction order." (Docket No. 649 at 6.)

[2] During the status conference on May 13, 2013, counsel for the corporations also raised the suggestion of having a full, even forensic, accounting of the financial statements of the corporations (documents which have been produced to the FTC). The corporations pledged full cooperation with such efforts and even agreed to ultimately produce the accountant as a witness

Under these circumstances, no reason exists to hold the hearing scheduled for May 21, 2013 because there is nothing for the Court to compel.  Instead, the Court should continue the hearing until the third-party accounting, which will commence as soon as the FTC agrees to an auditor to perform the accounting, is completed.  Only then will the Court be able to determine whether Trudeau, or even any of the corporations over which the FTC alleges he "controls," has the ability to pay the $37 million judgment.

As this Court is well-aware, civil contempt comes in two forms: "compensatory" and "coercive."  *FTC v. Trudeau*, 579 F.3d 754, 769 (7th Cir. 2009) ("Civil sanctions fall in two categories.  They can compensate the complainant for his loses caused by the contemptuous conduct…Or they can coerce the contemnor's compliance with a court order.  A coercive sanction must afford the contemnor the opportunity to 'purge'…meaning the contemnor can avoid punishment by complying with the court order.") (internal citations omitted).

The paradigmatic coercive, civil contempt sanction, involves confining a contemnor until he complies with an affirmative command such as an order "to pay alimony, or to surrender property ordered to be turned over to a receiver, or to make a conveyance." *Shillitani v. United States*, 384 U.S. 364, 370, n. 6 (1966) (upholding as civil "a determinate [2-year] sentence which includes a purge clause").  In these circumstances, the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus "carries the keys of his prison in his own pocket." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 442 498 (1911)

Moreover, as the Seventh Circuit noted in a case involving Trudeau:

---

authorized to testify as the corporate representatives.  Although such testimony should be far more enlightening than Trudeau's testimony, for the sole remaining purpose of an "accounting," this suggestion received short shrift.

> Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge." *Id.* Trudeau must be able to avoid the penalty, or some part of it, by complying with the order. If Trudeau were incarcerated for his contempt, we would say he "carries the keys of his prison in his own pocket." *Gompers*, 221 U.S. at 442, 31 S.Ct. 492 (quotation omitted). This is because coercive sanctions are "not intended as a deterrent to offenses against the public." *Penfield*, 330 U.S. at 590, 67 S.Ct. 918…As the order stands now, Trudeau has no opportunity to purge any of the $37.6 million judgment by representing his books truthfully from here on out. Without a purge provision, the order is not coercive.

*FTC v. Trudeau*, 579 F.3d 754, 770 (7th Cir. 2009).

Coercive civil contempt simply cannot be used to punish past wrongs. *See International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 829 (1994) ("When a contempt involves the prior conduct of an isolated, prohibited act, the resulting sanction has no coercive effect. '[T]he defendant is furnished no key, and he cannot shorten the term by promising not to repeat the offense.'") (internal citations omitted). Similarly, coercive civil contempt cannot be used to deter future misconduct. *See In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir.2002) ("A contempt order is considered ... criminal if its purpose is to punish the contemnor, vindicate the court's authority, or deter future misconduct."). Coercive contempt is not appropriate where there is no present ability to comply. *McNeil v. Director, Patuxent Institution*, 407 U.S. 245 (1972) ("Civil contempt is coercive in nature, and consequently there is no justification for confining on a civil contempt theory a person who lacks the present ability to comply.") *See also FTC v. RCA Credit Services, LLC*, 2011 WL 5924969, at *5 (M.D. Fla. 2011) ("Crosby may purge himself of contempt and avoid a continuing fine by either (i) demonstrating compliance with the Amended Final Judgment and Permanent Injunction or (ii) providing the FTC the accounting required by the Order to Show Cause.").

Here, Trudeau has consented to a full third-party accounting of his assets, the corporate entities have already consented to a complete third-party accounting of their assets, and Trudeau has begun the process of identifying a third-party accountant to conduct the requested accountings. Moreover, the FTC has unequivocally stated that it does not trust Trudeau and will not agree to any accounting conducted by Trudeau or anyone affiliated with him. Rather, the accounting must be performed by an auditor completely independent from Trudeau. Trudeau cannot and should not be incarcerated while the accounting of third-parties proceeds even if there is an ultimate conclusion that he does have, or did have sufficient control over them to use their assets to satisfy his judgment. Only after a determination is made that the corporate entities have assets that are at his disposal, could the court "coerce" Trudeau to use such assets to satisfy the FTC (assuming such coercion does not intrude upon the jurisdiction of the separate bankruptcy).

Imprisonment of Trudeau at this point would not be coercive – because it would not coerce anything – but would be nothing more than punishment for what "could have" occurred in the past. Because the accounting will be performed by a third-party approved by the FTC, Trudeau will not have the "keys to the jail" and will have a no way to purge any contempt. He would be entirely at the mercy of a third-party. He could not get out of jail until the third-party completed its work. That is not permissible because the "keys to the jail" will have been turned over to a third-party.

In summary, this Court's and the FTC's expressed goal of the May 21, 2013 evidentiary hearing (to determine whether a full accounting of the assets of Trudeau and the corporate entities is necessary) has been conceded, and there is thus no purpose of for the evidentiary hearing at this time.

WHEREFORE, Trudeau respectfully request that this Court continue the upcoming May 21, 2013 hearing date until the completion of the third-party accountings of Trudeau's assets and the assets of the corporate entities.

Dated: May 16, 2013

                                                                  Respectfully submitted,

                                        By:   /s/Kimball R. Anderson_____
                                                      One of Defendant Trudeau's Attorneys

Kimball R. Anderson (kanderson@winston.com)
Thomas L. Kirsch, II (tkirsch@winston.com)
Katherine E. Croswell (kcroswell@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
312-558-5600

# CERTIFICATE OF SERVICE

I, Kimball R. Anderson, an attorney, hereby certify that on May 16, 2013, I caused to be served true copies of the MOTION TO STRIKE MAY 21, 2013 EVIDENTIARY HEARING DATE AS MOOT by filing such document through the Court's Electronic Case Filing System, which will send notification of such filing to all counsel of record including:

Michael Mora
Jonathan Cohen
Amanda Kostner
Federal Trade Commission
601 New Jersey Avenue NW, Suite 2215
Washington, D.C. 20001

David O'Toole
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603

  /s/ Kimball R. Anderson

Kimball R. Anderson
*Attorney for Defendant Kevin Trudeau*