# Exhibit A

# Croswell, Katherine E.

| | |
|---|---|
| **From:** | Anderson, Kimball R. |
| **Sent:** | Friday, May 10, 2013 2:56 PM |
| **To:** | Croswell, Katherine E. |
| **Subject:** | FW: for settlement discussions |

**From:** Kirsch, Thomas L.
**Sent:** Friday, May 10, 2013 12:36 PM
**To:** Cohen, Jonathan (jcohen2@ftc.gov)
**Cc:** Anderson, Kimball R.
**Subject:** for settlement discussions

Jonathan,

I am writing following our conversations on Tuesday night and Friday morning. During those conversations, we discussed the manner in which Trudeau could purge a possible contempt finding in light of the bankruptcy and in light our position that he does not have the ability to pay (which I know that you disagree with). In summary, from those conversations, I believe that the FTC's position in the event of a contempt finding would be that Trudeau must provide a complete accounting of his assets, including any entities that the court finds that he controls, to purge any contempt finding (assuming that he cannot pay the judgment). Trudeau agrees to provide that accounting. You and I briefly discussed the process by which that could be achieved, which included bringing in a third party accountant/audit that we could both agree upon to do the accounting.

Pursuant to our conversations, will you please provide me with a list of entities (even if it's a preliminary list) as soon as possible that the FTC would want included in such an accounting? I will work on identifying a list of accountants/auditors that can do this work (unless you already have such a list).

I am hopeful that after such an accounting is complete, we will be in agreement as to what assets Trudeau has or does not have to satisfy the judgment.

Thanks.

Tom


**Thomas Kirsch**
D: +1 (312) 558-3220
M: +1 (312) 375-0798
www.winston.com

WINSTON
&STRAWN
LLP