

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 03 C 3904 |
| v. | ) Judge Robert W. Gettleman |
| KEVIN TRUDEAU, | ) |
| Defendant. | ) |

**WRIT *NE EXEAT*, ORDER TO SURRENDER PASSPORTS,
AND ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE
PRELIMINARILY ENJOINED FROM LEAVING THE UNITED STATES**

This matter came before the court on plaintiff's *ex parte* motion for a writ *ne exeat* and order that defendant Kevin Trudeau surrender his passports. In accordance with Rule 65(b)(2), the court makes the following findings:

(1) There is a substantial likelihood that plaintiff Federal Trade Commission ("FTC") will prevail in this action. The court already found that plaintiff established a *prima facie* case that defendant is in contempt. *See* Order (Dec. 6, 2012) (DE535). Based on the evidence plaintiff submitted in support of its motion for a writ *ne exeat*, and the evidence both parties have introduced thus far during the ongoing contempt evidentiary hearing, it is unlikely that defendant can meet his burden to produce evidence that he has a complete inability to comply with the Court's order that he compensate consumers, or that any alleged inability was not entirely of his own making. In fact, plaintiff introduced evidence that defendant took substantial measures to hide and dissipate assets.

(2) Plaintiff pursues this action on behalf of consumers defendant injured through contemptuous infomercials. The Court ordered defendant to pay $37.6 million to plaintiff, which will compensate these injured consumers. *See* Order (June 2, 2010)

(DE372). Thus far, however, defendant has not complied. Allowing him to leave the court's jurisdiction will injure these consumers irreparably because the court likely has no means to compel defendant to comply with its order if he leaves the court's jurisdiction. Additionally, there is substantial evidence that Trudeau will not "turn himself in" voluntarily, including that:

(A)  Defendant has a demonstrated history of violating this court's orders, *see* *FTC v. Trudeau*, 567 F. Supp.2d 1016, 1018 (N.D. Ill. 2007); Order (July 1, 2003) (DE26);

(B)  Defendant has gone to great lengths to avoid complying with the court's order to pay, including engaging attorney Marc Lane to assist with "asset protection" designed to shield defendant's assets from plaintiff;

(C)  Trudeau has instructed associates to move assets and business operations offshore;

(D)  Shortly after plaintiff filed the pending contempt motion seeking to coercively incarcerate defendant, he moved to a well-appointed residence in Zurich, Switzerland; and

(E)  Defendant invested time, effort and expense to obtain an Italian passport.

Additionally, the likely injury to consumers cannot be ameliorated through monetary compensation because Trudeau has demonstrated already that he will not comply with an order to repay consumers. *See* Order (June 2, 2010) (DE372).

(3) The significant injury to consumers outweighs any limited impact on Trudeau. The injury to consumers is substantial and involves more than $37 million spread among 800,000 affected people. The impact on defendant is negligible because his wife resides in New York, he owns or controls many U.S.-based businesses, and he is closely associated with a trust that owns a California home.

(4) The public interest strongly supports enabling the court to maintain the authority necessary to enforce Congressionally-mandated consumer protection policy.

(5) Pursuant to Rule 65(b), this Writ *Ne Exeat* and Order is issued without notice to defendant because notifying him in advance would be self-defeating. Defendant is unlikely to appear within the United States if he learns beforehand that the court has ordered him not to depart the court's jurisdiction.

**SO ORDERED:**

(1) Defendant is ordered not to leave the United States until further order of the court.

(2) Defendant is further ordered to surrender immediately all of his passports (whether issued by the United States, Italy, or otherwise), and any other documents that would permit international travel, to the custody of the Clerk of the United States District Court for the Northern District of Illinois.

(3) Defendant is further ordered to attend all future hearings in this matter, unless the court orders otherwise.

(4) Because various documents supporting Plaintiff's motion have been designated "confidential" or "attorneys' eyes only," Plaintiff's motion for a writ *ne exeat* and its various supporting documents will be sealed for three business days after service of this order, unless any party that designated documents as "confidential" or "attorneys' eyes only" files an objection during that period.

(5) Defendant shall appear before this Court on the 8th day of July, 2013, at 11 o'clock a.m. at the Dirksen Federal Courthouse, Courtroom 1703, 219 South Dearborn, Chicago, Illinois, to show cause, if any there be, why he should not be preliminarily enjoined from leaving the United States.

ENTERED: June 25, 2013
2:20 p.m.

Robert W. Gettleman
United States District Judge

3