**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No. 03-C-3904 |
| | ) |
| v. | ) Hon. Robert W. Gettleman |
| | ) |
| KEVIN TRUDEAU, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**ORDER APPOINTING A RECEIVER
AND IMPLEMENTING ANCILLARY RELIEF**

This matter came before the Court on Plaintiff Federal Trade Commission's ("FTC's")
motion to hold Defendant Kevin Trudeau in contempt (DE481). In accordance with the Court's
inherent power and LR 66.1, and consistent with this Court's order (DE729) granting the FTC's
motion in part, the Court finds as follows:

(1)     The Court found Trudeau in contempt of the Court's June 2, 2010 order (DE372).
The July 26, 2013 order (DE729) (finding Trudeau in contempt of the Court's June 2, 2010
order) is incorporated herein by reference.

(2)     Pursuant to that July 26, 2013 order (DE729), the Court reiterates that it has
thoroughly reviewed and confirmed the accuracy of the FTC's proposed findings of fact and
conclusions of law (DE713), as well as the citations to the record therein, and adopts and
incorporates Findings II through VI and Conclusions I through IV in this order.

(3)     Although the Court has the legal authority to incarcerate Trudeau as a coercive
contempt sanction at this time, the Court created the receivership detailed herein to offer Trudeau
a final opportunity to avoid coercive incarceration as a contempt sanction.

Accordingly, the Court orders as follows:

**I.          DEFINITIONS**

For the purpose of this order, the following definitions shall apply:

(1)     Persons and entities "**acting in concert**" with Trudeau include, without limitation: (A) Trudeau's agents and attorneys (including both present and past agents and attorneys); (B) the Trudeau Entities (as defined herein); (C) their officers, agents, servants, employees, and attorneys; (D) Nataliya Babenko, (E) her agents and attorneys (including both present and past agents and attorneys); and (F) any person or entity "in active concert or participation with" Trudeau or any person or entity identified in (A) through (E) of this paragraph.  The phrase "in active concert or participation with" is defined in accordance with its meaning in FRCP 65 (d)(2)(C).  Notwithstanding the foregoing, nothing in this order restrains, limits or enjoins the conduct of Nataliya Babenko with respect to: (i) Assets that she did not acquire directly or indirectly from Trudeau or the Trudeau Entities, and were not derived in any manner from Trudeau or the Trudeau Entities; or (ii) Assets that she lawfully acquired after July 26, 2013.

(2)     "**Assets**" means any real property, any personal property (including, without limitation, any vehicles, jewelry, coins, artwork, antiques, collectibles, bullion and gold bars), any currency or other legal tender (of any country), money market accounts, accounts receivable, savings accounts, checking accounts, other financial accounts of any sort, certificates of deposit, uncashed checks, money orders, promissory notes, commercial paper of any sort, stocks, stock options, mutual funds, other securities of any sort, corporate bonds, public bonds, other bonds of any sort, insurance policies with any cash surrender value, trademarks, copyrights, patents, other intellectual property, interests in any companies or corporate entities (in any form), partnership interests, trust interests, and any interest of any sort in any of the foregoing, or rights to any interest, of any sort, in any of the foregoing, wherever any such asset is located, whether in the United States or abroad; *provided*, however, that "Asset" excludes any personal asset both: (A) legally owned by Trudeau in his personal capacity as of July 26, 2013; and (B) exempted by law pursuant to 11 U.S.C. § 522(d).

(3)     "**Business Premises**" means any premises or storage facilities owned, controlled, or used by Trudeau or the Trudeau Entities as well as any other location where Trudeau and the Trudeau Entities conducted business and where property or business records are likely to be

located.  Such locations include, without limitation, the offices and facilities of the Trudeau Entities on Quail Ridge Drive in Westmont, Illinois.  *Provided*, however, that no premises used by Trudeau, or any person acting in concert with Trudeau, constitute "Business Premises" if such premises are used primarily as a personal residence, and such residence is owned or leased by Trudeau or a person acting in concert by Trudeau (rather than by a Trudeau Entity).  In addition, with respect to 3108 White Oak Lane, Oak Brook, Illinois ("the White Oak Property") only, such property will not constitute Business Premises, and Trudeau and other persons acting in concert with Trudeau may reside there; *provided*, however, the White Oak Property may be converted to "Business Premises" within the meaning of this Order if (1) the Receiver provides Trudeau, the White Oak Property's lessee, and Plaintiff with fourteen days written notice that the White Oak Property will become Business Premises within the meaning of this Order; or (2) the Court orders otherwise.  Furthermore, for avoidance of doubt, even if the White Oak Property becomes Business Premises, the Receiver has the authority (but not the obligation) to agree in writing that Trudeau and/or persons acting in concert with Trudeau may reside there (under such written terms as the Receiver accepts).

(4)     **"Defendant"** means Kevin Trudeau.

(5)     "**Documents**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, filmed, punched, or graphic matter of every type and description, however and by whomever prepared, produced, disseminated or made, including but not limited to any advertisement, book, pamphlet, periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record, handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation, manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book or label.  "Document" shall also include Electronically Stored Information.

(6)     "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different

metadata, or otherwise), regardless of origin or location, of any information created, manipulated, communicated, stored, or utilized in digital form, requiring the use of computer hardware or software.  This includes, but is not limited to, text messages, electronic mail, instant messaging, videoconferencing, and other electronic correspondence (whether active, archived, or in a deleted items folder), word processing files, spreadsheets, databases, and video and sound recordings, whether stored on:  cards; magnetic or electronic tapes; disks; computer hard drives, network shares or servers, or other drives; cloud-based platforms; cell phones, PDAs, computer tablets, or other mobile devices; or other storage media.  "ESI" also includes such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

(7)      "**Plaintiff**" means the Federal Trade Commission.

(8)      "**Receiver**" means the person or entity appointed pursuant to Section IV of this order.

(9)      "**Trudeau Entities**" include all entities, foreign or domestic, owned or controlled by Trudeau.  The Trudeau Entities include, without limitation:  0913372 B.C. Ltd.; 0913376 B.C. Ltd.; Advantage Solutions Ltd; Alliance Publishing Group, Inc.; APC Trading Limited; Direct Response Associates, LLC; GIN USA Inc.; Global Information Network FDN; Global Sales Solutions A.G., International Pool Tour Inc.; K.T. Corporation Limited; KMT Fiduciary Trust; KT Capital Corporation; KT Radio Network Inc.; Natural Cures, Inc.; Natural Cures Health Institute; Natural Cures Holdings Inc.; NBT Trading Limited; N.T. Trading S.A.; Pool Licensing LLC; Sovereign Trust; The Whistle Blower, Inc.; TRUCOM, L.L.C.; Trudeau Approved Products Inc.; Trudeau Management Inc.; TruStar Marketing Corporation; Trustar Productions, Incorporated; Website Solutions Switzerland GmbH; and Website Solutions USA Inc.

(10)      The words "**and**" and "**or**" shall be understood to have both conjunctive and disjunctive meanings.

(11)      "**Any**" shall be construed to include "**all**," and "**all**" shall be construed to include the word "**any**."

4

II.        **ASSET FREEZE**

It is ordered that Trudeau, the Trudeau Entities, and all persons and entities acting in concert with Trudeau, are enjoined from directly or indirectly:

(1)       Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest in, or otherwise disposing of any Assets, wherever located, including outside the United States, that are:

(A)       owned or controlled, directly or indirectly, in whole or in part, by Trudeau or any Trudeau Entity, or held, in whole or in part for the legal or equitable benefit of Trudeau or any Trudeau Entity;

(B)       in the actual or constructive possession of Trudeau or any Trudeau Entity; or

(C)       are owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with Trudeau or any Trudeau Entity, including but not limited to, any Assets held by, for, or under the name of any Trudeau or any Trudeau Entity at any bank, savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind.

(2)       Opening or causing to be opened any safe deposit boxes titled in the name of Trudeau, any Trudeau entity, or any person or any entity acting in concert with Trudeau or any Trudeau Entity;

(3)       Incurring charges or cash advances on any credit card, debit card, or checking card issued in the name, singly or jointly, of Trudeau or any Trudeau Entity;

(4)       Obtaining a loan of any sort in the name, singly or jointly, of Trudeau or any Trudeau Entity; and

(5)       Incurring liens or encumbrances on real property, personal property, or other Assets in the name, singly or jointly, of Trudeau or any Trudeau Entity.

Notwithstanding anything this order otherwise provides, the Receiver shall allow Trudeau sufficient funds and property for ordinary and necessary living expenses. The Receiver shall inform Plaintiff regarding these expenses, and any disputes regarding the propriety of these expenses shall be brought to the Court for resolution.

## III.          RETENTION OF ASSETS BY THIRD PARTIES

It is further ordered that any financial or brokerage institution, escrow agent, title company, commodity trading company, trust, entity, or person that: (A) holds, controls or maintains custody of any account or Asset owned or controlled by Trudeau or any Trudeau Entity; (B) has held, controlled, or maintained custody of any account or Asset owned or controlled by Trudeau or any Trudeau Entity after September 13, 2007; or (C) has received any Asset (directly or indirectly) from Trudeau or any Trudeau Entity without consideration, shall:

(1)          Hold and retain within its control and prohibit Trudeau, any person or entity acting in concert with Trudeau, and any Trudeau Entity from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, gifting, or otherwise disposing of any Assets held by or on behalf of Trudeau or any Trudeau Entity in any account maintained in the name of or for the benefit of Trudeau or any Trudeau Entity, in whole or in part, except: (A) as directed by further order of the Court; or (B) as the Receiver directs in writing.

(2)          Deny Trudeau, any Trudeau Entity, and any person or entity acting in concert with Trudeau or any Trudeau Entity, access to any safe deposit box subject to access by Trudeau, any Trudeau Entity, or any person or entity acting in concert with Trudeau or any Trudeau Entity.

(3)          Provide the Receiver, Plaintiff's counsel and Trudeau, within the time set by the Receiver, a certified statement setting forth:

(A)          the identification number of each such account or Asset titled: (i) in the name, individually or jointly, of Trudeau or any Trudeau Entity; (ii) held on behalf of, or for the benefit of, Trudeau or any Trudeau Entity; (iii) owned or controlled by Trudeau or any Trudeau

Entity; or (iv) otherwise subject to access by Trudeau or any Trudeau Entity, directly or indirectly, or by any person or entity acting in concert with Trudeau or any Trudeau Entity;

  (B) the balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which notice of this order is received, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

  (C) the identification of any safe deposit box titled in the name of Trudeau, any Trudeau Entity, anyone acting in concert with Trudeau or any Trudeau entity, or is otherwise subject to access by Trudeau, any Trudeau Entity, or any person or entity acting in concert with Trudeau or any Trudeau Entity; and

  (D) if an account, safe deposit box, or other Asset has been closed or removed, the date closed or removed, the balance on such date, and the manner in which such account or Asset was closed or removed.

  (4) Provide the Receiver, Plaintiff and Trudeau, within the time set by the Receiver, copies of all documents pertaining to such account or Asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; *provided* that such institution or custodian may charge the Receiver a reasonable fee not to exceed five cents per page copied.

  (5) Cooperate with all requests of the Receiver relating to this order's implementation.

  (6) Provide any information required to be provided to the Receiver, Plaintiff, and Trudeau to:

  (A) Robb Evans, Brick Kane, Kenton Johnson, and Anita Jen
    Robb Evans & Associates LLC
    robb_evans@robbevans.com

brick_kane@robbevans.com
kenton_johnson@robbevans.com
anita_jen@robbevans.com

(B)     Michael Mora, Jonathan Cohen, and Amanda Kostner
Federal Trade Commission
Enforcement Division, Bureau of Consumer Protection
mmora@ftc.gov
jcohen2@ftc.gov
akostner@ftc.gov

(C)     Kimball Anderson, Thomas Lee Kirsch, II, Katherine E. Rohlf
Winston & Strawn
kanderson@winston.com
tkirsch@winston.com
krohlf@winston.com

## IV.        **APPOINTMENT OF RECEIVER**

It is further ordered that Robb Evans & Associates LLC is appointed as Receiver over

Trudeau's Assets, the Trudeau Entities, and any affiliates or subsidiaries thereof controlled by

Trudeau or any Trudeau Entity.  The Receiver shall be the agent of this Court and solely the

agent of this Court in acting as Receiver under this order.  The Receiver shall be accountable

directly to this Court.

## V.         **DUTIES AND AUTHORITY OF RECEIVER**

It is further ordered that the Receiver is directed and authorized to accomplish the

following:

(1)     Marshal and hold Trudeau's Assets (including, without limitation, all personal

Assets and all Assets of the Trudeau Entities) for the purpose of paying to Plaintiff the sum the

Court ordered paid on June 2, 2010, *see* DE372;

(2)     Assume full control of any Trudeau Entity by removing, as the Receiver deems

necessary or advisable, any director, officer, owner, independent contractor, employee, attorney,

or agent of the Trudeau Entity from control of, management of, or participation in, the affairs of

the Trudeau Entity;

(3)     Take exclusive custody, control and possession of all Assets and Documents of,

or in the possession, custody, or under the control of, Trudeau and the Trudeau Entities,

wherever situated.  The Receiver shall have full power to divert mail and to sue for, collect,

receive, take in possession, hold, and manage all Assets and Documents of all Trudeau Entities and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of any Trudeau Entity;

(4)     Take all steps necessary to secure the Business Premises of any Trudeau Entity, which may include, but are not limited to, taking the following steps as the Receiver deems necessary or advisable:  (A) providing notice of this order; (B) completing a written inventory of all receivership Assets; (C) obtaining pertinent information from all employees and other agents of the Trudeau Entity, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (D) video-recording all portions of the location; (E) changing the locks and disconnecting any computer modems or other means of access to the computer or other Documents maintained at that location; or (F) requiring any persons present on the premises at the time this order is served to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Trudeau Entity.  Such authority shall include, but not be limited to, the authority to order Trudeau, anyone acting in concert with Trudeau, or any owner, director, or officer of any Trudeau Entity to remove him or herself from the Business Premises;

(5)     If any property, record, document, or computer file relating to Trudeau's finances or business practices, or to the Trudeau Entities' finances or business practices, are located in Trudeau's personal residence, or in the personal residence of any person acting in concert with Trudeau, or are otherwise in the custody or control of Trudeau, any Trudeau Entity, or any person acting in concert with Trudeau or any Trudeau Entity, then such person or entity shall produce them to the Receiver within a time set by the Receiver.

(6)     Choose, engage, and employ attorneys, accountants, appraisers, investigators, and other independent contractors and technical specialists, as the Receiver deems advisable or

necessary in the performance of duties and responsibilities under the authority granted by this Order;

(7)     Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this order. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by Trudeau or any Trudeau Entity prior to the date of entry of this order, except payments that the Receiver deems necessary or advisable to secure Assets of Trudeau or any Trudeau Entity;

(8)     Collect any money due or owing to Trudeau or to any Trudeau Entity including, without limitation, membership dues, salaries, and royalties payable to Trudeau or on behalf of Trudeau or persons or entities Trudeau controls;

(9)     Institute, compromise, adjust, appear in, intervene in, or become party to such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary or advisable to preserve or recover the Assets of Trudeau or Trudeau Entity or to carry out the Receiver's mandate under this order;

(10)     Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted against any Trudeau Entity or the Receiver, that the Receiver deems necessary or advisable to preserve the Assets of the receivership estate or to carry out the Receiver's mandate under this order;

(11)     The Receiver will assume the attorney-client privilege, attorney work product protection, and similar rights belonging to Trudeau personally only to the extent accessing Trudeau's otherwise privileged or protected information will assist the Receiver in identifying and obtaining possession of Assets controlled, directly or indirectly, by Trudeau or any Trudeau Entity; subject to this limitation, however, the Receiver will assume the attorney-client privilege, attorney work product protection, and other similar rights belonging to Trudeau and any Trudeau Entity (including, without limitation, any attorney-client privilege and attorney work product

10

protection that may exist between Trudeau and any Trudeau Entity, on one hand, and the Law Offices of Marc J. Lane, a Professional Corporation, on the other).

(12)     Continue and conduct the businesses of any Trudeau Entity, but only to the extent it is possible to operate such businesses legally and profitably (if the Receiver determines that a Trudeau Entity cannot be operated legally, the Receiver must (A) promptly notify the Court, Plaintiff, and Trudeau, and (B) seek the Court's permission to terminate the Entity's operations);

(13)     Sell, liquidate, or auction any marketable Assets of Trudeau or the Trudeau Entities, or the Trudeau Entities themselves.  For purposes of performing this task, the Receiver is authorized to obtain a tax identification number for a Qualified Settlement Fund as described in Internal Revenue Code Section 468B and Treasury Regulation Section 1.468-1;

(14)     Take depositions and issue subpoenas to obtain documents and records pertaining to the receivership and compliance with this order.  Subpoenas may be served by the Receiver's agents or attorneys and by agents of any process server the Receiver retains;

(15)     Open one or more bank accounts as designated depositories for funds of Trudeau or any Trudeau Entity.  The Receiver shall deposit all funds of Trudeau or any Trudeau Entity in such a designated account and shall make all payments and disbursements from the receivership estate from such an account;

(16)     Maintain accurate records of all receipts and expenditures made by the Receiver.

## VI.          DELIVERY OF RECEIVERSHIP PROPERTY

It is further ordered that immediately after receiving notice of this order, Trudeau, any Trudeau Entity, and any person or entity acting in concert with Trudeau or any Trudeau Entity, and (upon receiving notice of this order) any financial or brokerage institution or depository, escrow agent, title company, commodity trading company, or trust shall cooperate with all requests of the Receiver relating to implementation of this order, including, without limitation, transferring funds at the Receiver's direction, producing records related to the Assets and sales of Assets of Trudeau and the Trudeau Entities, and forthwith (or within such time as permitted by the Receiver in writing) deliver to the Receiver possession and custody of:

(1)     All funds, Assets, and property of Trudeau and any Trudeau Entity, whether situated within or outside the territory of the United States, which are:  (A) held by Trudeau or any Trudeau Entity, individually or jointly, (B) held for the benefit of Trudeau or any Trudeau Entity, or (C) under Trudeau or any Trudeau Entity's direct or indirect control, individually or jointly;

(2)     All remuneration of any type paid to Trudeau from any source after June 26, 2013 must be remitted to the Receiver directly (and Trudeau is prohibited from receiving such remuneration);

(3)     All Documents of Trudeau and all Trudeau Entities, including but not limited to all books and records of Assets including funds and property, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, records of ACH transactions, and check registers), corporate minutes, contracts, customer and consumer lists, title documents, and electronic records;

(4)     All funds and other Assets belonging to members of the public now held by Trudeau or any Trudeau Entity;

(5)     All keys, computer and other passwords, entry codes, combinations to locks required to open or gain access to any of the property or effects, and all monies in any bank deposited to the credit of Trudeau, any Trudeau Entity, and anyone acting in concert with either Trudeau or any Trudeau Entity, wherever situated; and

(6)     Information identifying the accounts, employees, properties, or other Assets or obligations of Trudeau and any Trudeau Entity.

## VII.          <u>COOPERATION WITH THE RECEIVER</u>

It is further ordered that Trudeau, the Trudeau Entities, and persons or entities acting in concert with Trudeau and any Trudeau Entity, shall cooperate with the Receiver fully.  This cooperation shall include, but is not limited to:

(1)     Providing any information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this order;

(2)     Providing any password required to access any computer or electronic files or information in any medium;

(3)     Advising all persons who owe money to Trudeau or the Trudeau Entities that all debts should be paid directly to the Receiver;

(4)     Executing any Documents drawn by the Receiver to transfer all ownership, control and direction of any Trudeau Entities to the Receiver.  Any dispute regarding the form of such documents should be brought to the Court's attention immediately;

(5)     Execute any Documents drawn by the Receiver to transfer any of Trudeau's Assets, and any of the Trudeau Entities' Assets, to the Receiver.  Any dispute regarding the form of such documents should be brought to the Court's attention immediately;

(6)     Providing the Receiver with sworn statement(s) identifying any and all money and property transferred by or received by Trudeau or any Trudeau Entity to or from any source.

## VIII.     ADDITIONAL RESTRAINTS

It is further ordered that Trudeau, the Trudeau Entities, and anyone acting in concert with Trudeau or any Trudeau Entity is hereby restrained and enjoined from directly or indirectly:

(1)     Transacting any of the business of any Trudeau Entity without prior approval from the Court or the Receiver;

(2)     Excusing debts owed to Trudeau or any Trudeau Entity;

(3)     Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any Documents of Trudeau or any Trudeau Entity;

(4)     Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Trudeau, any Trudeau Entity, anyone acting in concert with Trudeau or any Trudeau Entity, or the Receiver;

(5) Failing to notify the Receiver of any Asset of Trudeau or any Trudeau Entity held in any name other than the name of Trudeau or any Trudeau Entity, or by any person or entity other than Trudeau or any Trudeau Entity, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such Assets; or

(6) Doing any act or thing whatsoever to interfere with the Receiver's taking and keeping custody, control, possession, or managing of the Assets or Documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the Assets or Documents of Trudeau or any Trudeau Entity; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

(7) Nothing herein prohibits transfers to the Receiver that this order requires.

## IX.        FOREIGN ASSET REPATRIATION

It is further ordered that Trudeau and each Trudeau Entity shall take the following steps, but only with the Receiver's express prior authorization, and only pursuant to and in accordance with the Receiver's express instructions:

(1) Provide Plaintiff and the Receiver with a full accounting of all Assets outside of the United States that are held by (A) Trudeau or by any Trudeau Entity, (B) any person or entity holding such Assets for the benefit of Trudeau or any Trudeau Entity, and (C) any Assets under the direct or indirect control, individually or jointly, of Trudeau or any Trudeau Entity;

(2) Repatriate to the United States all such Assets;

(3) Hold and retain all such repatriated Assets, and prevent any disposition, transfer, or dissipation whatsoever of any such Assets, except as this order requires;

(4) Perform any act or acts (including, without limitation, the execution of any Documents) necessary to repatriate Assets; and

(5) Provide the Receiver with complete access to records and Documents held by financial institutions of any sort outside the United States.

14

## X.        NON-INTERFERENCE WITH REPATRIATION

It is further ordered that Trudeau, the Trudeau Entities, and any person or entity acting in concert with Trudeau or the Trudeau Entities (and which receives notice of this order), are hereby enjoined from taking any action, directly or indirectly, that may result in the encumbrance or dissipation of foreign Assets, or which hinders, in any way, the repatriation of those Assets. This prohibition includes, without limitation:

(1)       Sending any communication of any sort (including any communication that includes or refers to this order), or engaging in any act of any sort, that directly or indirectly results in any determination or decision by a foreign trustee, foreign trust protector, foreign enterprise of any sort (including any nonprofit enterprise), foreign financial institution, or foreign adjudicative body that Assets cannot be or will not be repatriated;

(2)       Notifying any entity foreign trustee, foreign trust protector, foreign enterprise of any sort (including any nonprofit enterprise), foreign financial institution, or foreign adjudicative body of the existence of this order, or of the fact that repatriation is required pursuant to a court order, until such time as all Assets have been fully repatriated.

(3)       Notifying anyone of any fact or information if the notice of such fact or information could reasonably be foreseen to hinder, prevent, or delay the repatriation of Assets for any reason.

## XI.        RECEIVER'S PERIODIC REPORTS

It is further ordered that, on September 6, 2013, and periodically thereafter as directed by the Court, the Receiver shall report (in writing) to Plaintiff, Trudeau, and the Court regarding the status of the receivership and whether the receivership is serving consumers' interests. The Receiver also may contact the Court *ex parte* regarding scheduling and administrative matters. Additionally, the Court will hold a status hearing on September 18, 2013, at 10:30 a.m.

## XII.        COMPENSATION OF THE RECEIVER AND THE RECEIVER'S AGENTS

It is further ordered:

(1)     The Receiver, and agents the Receiver engages to implement this order, are entitled to reasonable compensation for the performance of duties undertaken pursuant to this order and for the cost of actual out-of-pocket expenses they incur.

(2)     The Receiver may not receive compensation greater than the rate structure and terms outlined in the attachment to Plaintiff's proposal to the Court, *see* DE730 at PXA:1.

(3)     Contemporaneously with the Receiver's Periodic Reports, the Receiver may file (or request Plaintiff to file) with the Court a request for payment.

(4)     If the Court approves the Receiver's request for payment, the payment will come from Assets the Receiver has recovered pursuant to this order.  If such funds are inadequate to compensate the Receiver, then payment to the receiver will come from the escrow account created pursuant to Section III of this Court's order (DE372) ("the Escrow Account") (except that the Receiver may not access money contributed to the Escrow Account after the date of entry of this order if the Court finds that such money was contributed to the Escrow Account from a third party genuinely independent from Trudeau or any Trudeau Entity).  Trudeau, any Trudeau Entity, and Plaintiff will execute promptly any documents necessary so that funds from the Escrow Account can be paid to the Receiver.

(5)     The Receiver is authorized to engage other professionals to accomplish this order's goals (including, without limitation, attorneys in foreign jurisdictions).  The Receiver may use funds to pay reasonable and appropriate retainers necessary to engage such other professionals.  With respect to the retainers paid to such other professionals, and with respect to fees and expenses paid to such other professionals, the Receiver shall first make these payments from Assets recovered pursuant to this order.  If such funds are inadequate to compensate the other professionals, then the Receiver will make payments to the other professionals from the Escrow Account (except that the Receiver may not access money contributed to the Escrow Account after the date of entry of this order if the Court finds that such money was contributed to the Escrow Account from a third party genuinely independent from Trudeau or any Trudeau

16

Entity).  Trudeau, any Trudeau Entity, and Plaintiff will execute promptly any documents necessary so that funds from the Escrow Account can be paid to such other professionals.

(6)  Nothing herein alters the conduct restrictions that the Court imposed in Section III of its June 2, 2010 order (DE372) in the event that the amount of money in the Escrow Account falls below $2 million.

(7)  In no event will Plaintiff have any liability or responsibility for any costs, fees or any expenses in any way associated with the receivership.

**XIII.**    **RECEIVER ACCESS TO BUSINESS PREMISES AND RECORDS**

It is further ordered that:

(1)  Trudeau, the Trudeau Entities, and those acting in concert with Trudeau or the Trudeau entities shall allow the Receiver and its representatives, agents, contractors, or assistants, immediate access to any Business Premises.

(2)  Trudeau, the Trudeau Entities, and those acting in concert with them shall allow the Receiver and its representatives, agents, contractors, or assistants to employ the assistance of law enforcement officers as deemed necessary to implement the provisions of this order peacefully.

(3)  The Receiver may exclude Trudeau and any person or entity acting in concert with Trudeau or the Trudeau Entities from any Business Premises belonging to Trudeau or the Trudeau Entities.

(4)  Trudeau, the Trudeau Entities, and any person or entity acting in concert with Trudeau or the Trudeau Entities shall provide the Receiver with any necessary means of access to documents, including, without limitation, the locations of Business Premises belonging to Trudeau or the Trudeau Entities, keys and combinations to Business Premises locks, computer access codes of all computers used to conduct business, and storage area access information.

**XIV.**        **RECORDS PRESERVATION**

It is further Ordered that Trudeau, the Trudeau Entities, and any person or entity acting in concert with Trudeau or the Trudeau Entities (and which has received notice of this order) are restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any Documents that relate to the business practices or finances of Trudeau or the Trudeau Entities.

**XV.**        **BANKRUPTCY**

It is further ordered that, in light of the appointment of the Receiver, the Trudeau Entities are prohibited from filing petitions for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or any other similar insolvency proceeding, without prior permission from this Court.

**XVI.**        **STAY OF ACTIONS**

It is further ordered that:

(1)        Except by leave of this Court, during the pendency of the Receivership ordered herein, Trudeau, all Trudeau Entities, all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right or interest against or on behalf of Trudeau or any Trudeau Entity, and all others acting for or on behalf of Trudeau or the Trudeau Entities (including, without limitation, attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents and employees) are hereby stayed from:

(A)        Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed (i) in the instant case, or (ii) to toll any applicable statute of limitations;

(B)        Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

(C)     Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

(D)     Doing any act or thing whatsoever to interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Trudeau and the Trudeau Entities.

(2)     This section does not stay:

(A)     The commencement or continuation of a criminal action or proceeding;

(B)     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(C)     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(D)     The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

(E)     The issuance to Trudeau or a Trudeau Entity of a notice of tax deficiency.

## XVII.     <u>CONSTRUCTION WITH OTHER ORDERS</u>

It is further ordered that nothing herein modifies or limits any prior order of the Court. For avoidance of doubt, nothing herein alters the conduct restrictions that the Court imposed in Section III of its June 2, 2010 order (DE372) in the event that the amount of money in the Escrow Account falls below $2 million.

**XVIII.** **INCARCERATION**

It is further ordered that Trudeau's failure to comply fully and timely with this order will result in Trudeau's immediate incarceration until (A) such compliance is achieved; (B) Trudeau fully complies with this Court's June 2, 2010 order (DE372); (C) Trudeau establishes that he has no present ability to comply with the Court's June 2, 2010 order; or (D) Trudeau establishes that continued incarceration will not coerce him to comply with the Court's June 2, 2010 order.

**XIX.** **NOTICE**

It is further ordered that copies of this order may be served on any person or entity who or that may be subject to any provision of this order by any reasonable means including, without limitation, electronic mail, facsimile transmission, overnight courier, or service by any reasonable means to an attorney representing any person or entity that may be subject to any provision of this order. Service upon a branch or office of any entity (including, without limitation, a financial institution) shall constitute notice to the entire financial institution. Either the Receiver (and its agents, employees and attorneys) or Plaintiff (and its agents, employees, and attorneys) may provide notice pursuant to this section.

**XX.** **ACKNOWLEDGEMENT**

It is further ordered that, within three business days of notice of this order, Trudeau must submit to both Plaintiff and the Receiver a truthful sworn statement acknowledging receipt of this order. Additionally, within three business days of notice of this order, the officers, directors, trustees, owners, board members, and managing agents of any Trudeau Entity must submit to both Plaintiff and the Receiver a truthful sworn statement acknowledging receipt of this order.

**XXI.** **RETENTION OF JURISDICTION**

It is further ordered that this Court shall continue to retain jurisdiction over this matter for all purposes.

August 7, 2013

Robert W. Gettleman  USDC  Judge

## CERTIFICATE OF SERVICE

I, Jonathan Cohen, hereby certify that on August 7, 2013, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to:

Kimball Richard Anderson
kanderson@winston.com

Thomas Lee Kirsch, II
tkirsch@winston.com

Katherine E. Rohlf
kcroswell@winston.com


/s/ Jonathan Cohen
Jonathan Cohen (jcohen2@ftc.gov)
Attorney for Plaintiff
Federal Trade Commission