**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) ) ) | Case No. 03-C-3904 |
| v. | ) ) ) | Hon. Robert W. Gettleman |
| KEVIN TRUDEAU, | ) ) | |
| Defendant. | ) ) ) | |

**FTC'S MOTION TO MODIFY THE RECEIVERSHIP ORDER TO PREVENT
TRUDEAU FROM FUNDING HIS PERSONAL LIVING EXPENSES WITH ASSETS
NEEDED TO COMPENSATE HIS VICTIMS**

**I.      INTRODUCTION**

Although Trudeau has a right to personal living expenses, the FTC asks the Court to prevent him from using receivership assets to fund those expenses unless he contributes to the receivership estate through legitimate employment. As the Court is aware, in *Think Achievement*, the Seventh Circuit held that, after a court determined frozen assets are "necessary to compensate the victims of the fraud for their losses, [the contemnor] had no right to use any part of the frozen money for his own purposes[.]" 312 F.3d 259, 262 (7th Cir. 2002) (emphasis added). In *Think Achievement*, those "purposes" included "defending . . . against criminal charges," *see id.*, but there is no rational distinction between using money needed to compensate consumers to pay a contemnor's personal legal expenses, and using redress funds to pay a contemnor's personal living expenses. Although the FTC does not object to Trudeau keeping money necessary for personal living expenses if he earns it through legitimate employment, he has no right to a *de facto* pension funded with his victims' money.[1]

---

[1] Put differently, the Court should modify the order to authorize the Receiver to provide Trudeau a monthly allowance equal to the lesser of the amount he needs for ordinary living expenses and the amount he earns legitimately.

## II. BACKGROUND

On July 26, the Court found Trudeau in contempt a third time, accepted the FTC's proposed findings of fact and law, and froze Trudeau's assets along with the assets of various companies he controls. DE729. The Court subsequently entered a more detailed order placing the frozen assets in a receivership. *See* DE742 (Aug. 7, 2013). In accordance with the order, the Receiver allowed Trudeau at least $4,676 in monthly living expenses (equivalent to an after-tax salary of more than $56,000 a year).[2] PXA:1. The FTC did not object to the Receiver's first monthly payment to Trudeau, but reserved its right to move to prevent Trudeau from funding personal living expenses with money necessary to compensate his victims.

## III. ARGUMENT

Once a court determines that a contemnor's assets are "necessary to compensate the victims of the fraud for their losses," the contemnor no longer "ha[s] [a] right to use any part of the frozen money for his own purposes[.]" *Think Achievement*, 312 F.3d at 262. *Think Achievement*'s principle is straightforward and intuitive: once the money at issue is found to belong to consumers—as the Court has found here—the contemnor no longer has any right to the money. *See id.*; *see also Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 618 (1989) ("A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney[.]") (emphasis added); *SEC v. Cherif*, 933 F.2d 403, 416-17 (7th Cir.1991) (holding that a criminal defendant may not "spend another person's money" to retain counsel) (quotation omitted) (emphasis added). There is no difference between spending "another person's money" on legal expenses and spending it on living expenses—both expenditures are wrong.

The manner in which courts address requests for living expenses before a defendant's liability is determined helps illustrate this principle. When a defendant's assets are frozen and potentially subject to forfeiture, courts generally balance "[t]he defendant's interest in having access to funds needed to pay ordinary and necessary living expenses . . . against the

---

[2] Trudeau's monthly allowance is likely to increase because $4,676 does not include the cost of health insurance. *See* PXA:1.

government's interest in preventing the depletion of potentially forfeitable assets." *SEC v. Dobbins*, No. 04-605, 2004 WL 957715, at *3 (N.D. Tex. Apr. 14, 2004) (quoting *United States v. Thier*, 801 F.2d 1463, 1474 (5th Cir.1987)). Even in this context, courts do not always allow defendants living expenses. *See*, *e.g.*, *SEC v. Petters*, No. 09-1750, 2010 WL 1782235, *2 (D. Minn. Apr. 30, 2010) ("The Court reiterates that living expense payments from funds preserved for Bell's victims cannot be justified and will no longer be approved."). However, <u>after</u> liability is determined, there is nothing to "balance" because the defendant no longer has any legitimate interest in the frozen assets. Accordingly, unless the receivership estate exceeds the amount "necessary to compensate the victims of the fraud for their losses," *Think Achievement*, 312 F.3d at 262, Trudeau has no right to use estate assets for any expense, whether legal or otherwise.

As noted above, the FTC does not object to the Receiver allowing Trudeau money for "ordinary and necessary" living expenses from salary he earns through future legitimate employment (much as a debtor can retain portions of his income in other contexts). Put differently, if Trudeau adds to the receivership estate through his employment, he can enjoy the portion of that addition necessary to pay his personal expenses. However, if Trudeau chooses not to contribute to the estate, then—exactly like people who elect not work in other situations—he will have to rely on friends and family to support him. But he cannot simply sit idle and receive a monthly dole from a fund that isn't his.

## IV. CONCLUSION

Under *Think Achievement*, a contemnor cannot use money needed to compensate victims to subsidize his legal expenses. Because *Think Achievement*'s rationale applies with equal force to <u>any</u> expenses, the Court cannot require the Receiver to pay Trudeau's personal expenses.

3

Dated: August 30, 2013

David O'Toole (dotoole@ftc.gov)
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603-5001
Phone: (312) 960-5601
Fax: (312) 960-5600

Respectfully Submitted,

/s/ Jonathan Cohen
Michael Mora (mmora@ftc.gov)
Jonathan Cohen (jcohen2@ftc.gov)
Amanda B. Kostner (akostner@ftc.gov)
Federal Trade Commission
600 Pennsylvania Ave., N.W. M-8102B
Washington, DC 20580
Phone: 202-326-3373; -2551; -2880

**CERTIFICATE OF SERVICE**

    I, Jonathan Cohen, hereby certify that on August 30, 2013, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to:

Kimball Richard Anderson
kanderson@winston.com

Thomas Lee Kirsch, II
tkirsch@winston.com

Katherine E. Rohlf
kcroswell@winston.com

Blair R. Zanzig
bzanzig@hwzlaw.com


        /s/ Jonathan Cohen
        Jonathan Cohen (jcohen2@ftc.gov)
        Attorney for Plaintiff
        Federal Trade Commission