UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-C-3904 |
| | ) | |
| KEVIN TRUDEAU, | ) | Honorable Robert W. Gettleman |
| Defendant. | ) | |

**DEFENDANT KEVIN TRUDEAU'S OPPOSITION TO THE FTC'S MOTION TO MODIFY THE RECEIVERSHIP ORDER TO DENY TRUDEAU ORDINARY AND NECESSARY LIVING EXPENSES**

The FTC, through its motion (D.E. 744), asks this Court to make a drastic alteration to the Receivership Order ("the Order") which the FTC drafted and which this Court approved (D.E. 742). The modification the FTC now seeks would deny Trudeau the payment of a modest sum – which the receiver has already authorized – for ordinary and necessary living expenses such as housing, transportation, and food. Such a severe rewriting of the Order is neither supported by the terms of the Order itself nor the case law the FTC cites in its brief. For the reasons set forth below, FTC's motion should be denied.

**I.      INTRODUCTION**

On August 7, 2013 this Court entered a Receivership Order freezing Trudeau's assets and the assets of the so-called "Trudeau affiliated entities." (D.E. 742.)  According to the terms of that Order, notwithstanding the asset freeze, "the Receiver shall allow Trudeau sufficient funds and property for ordinary and necessary living expenses." (*Id*. at 6.)  The Order also provides that Trudeau is entitled to certain exemptions pursuant to 11 U.S.C. § 522(d). (*Id*. at 2.)

1

Pursuant to the Order, on August 19, 2013, the Receiver authorized a monthly budget of ordinary and necessary living expenses for Trudeau in the amount of $4,767 (FTC Ex. A.) This modest budget is broken down as follows:

- $2,360 for housing and utilities based on IRS standards for DuPage County, Illinois.
- $1,143 for transportation based on IRS transportation standards for a single car family, including $517 ownership costs plus $262 operating expenses for Chicago, plus public transportation allowance for 2 persons ($182 x 2).
- $1,173 for food, clothing and other items based on IRS standards for food clothing and other items for two persons ($1053), plus IRS standards for out-of-pocket health care costs for two persons under the age of 65 ($60 x 2).

Despite drafting the language which grants the receiver the authority to approve a budget for Trudeau's ordinary and necessary living expenses, the FTC is backtracking and now seeks to rewrite the Order and bar Trudeau from receiving even a single penny to cover his most basic necessities.

## II. ARGUMENT

### A. The FTC's Position is Contrary to the Letter and Spirit of This Court's Order

The FTC's position is contrary to both the letter and the spirit of the Order which it drafted a little over a month ago and which this Court has already approved. The Order clearly contemplates that certain assets which otherwise would be frozen are exempt. For example, in addition to allowing Trudeau "ordinary and necessary living expenses," the Order also exempts certain assets under the bankruptcy statute such as: Trudeau's aggregate interest in real property used as a residence, Trudeau's interest in one motor vehicle, and items which are held primarily for the personal, family or household use of Trudeau, among other exemptions. *See* (D.E. 742 at 2.); 11 U.S.C. § 522(d)(1)-(3). By entering such an Order, the Court sensibly recognized that some of Trudeau's personal assets – like those necessary to pay for his basic living expenses –

are exempt from the asset freeze. Trudeau's need for this modest stipend is made all the more acute because the Order flatly prohibits Trudeau from doing any business with the companies that promote his books and speaking events – the very means Trudeau has to earn a living and to provide for his basic expenses.

The FTC claims that Trudeau must either obtain other employment or rely on the generosity of friends and family members to provide for his living expenses. This is disingenuous. Because Trudeau is a convicted felon, with a criminal trial pending, it would be nearly impossible for him to find employment elsewhere. Moreover, Trudeau cannot simply rely on the generosity of others to pay for his personal living expenses, because any monies given to him by third parties must be turned over to the Receiver. *See* (D.E. 742 at 8-9.) Nor can Trudeau rely on government benefits to pay for his basic living expenses because his income has been earned overseas. For example, Trudeau would not qualify for unemployment benefits in Illinois. *See* 820 ILCS 405 *et seq*. The FTC is aware of these stark realities, but seeks to deny Trudeau the payment of ordinary and necessary living expenses purely out of its unrelenting desire to punish Trudeau.[1]

### B. The FTC Cites No Relevant Authority Which Supports Its Argument That Trudeau Should Be Denied Ordinary and Necessary Living Expenses

The case law the FTC cites is inapposite and does not support a drastic rewriting of the Order. Indeed, for some of its points, the FTC cites no authority at all.

The FTC primarily relies on *Think Achievement* for the alleged proposition that Trudeau should be denied an amount of money necessary to pay for his basic living expenses. 312 F.3d

---

[1] In light of the Receiver's first report (D.E. 747) it is becoming increasingly clear that there is no pot of gold waiting at the end of the rainbow for the FTC – there simply are no significant assets controlled by Trudeau that can be used to pay down the $ 37 million judgment against him.

259 (7th Cir. 2002). However, despite the FTC's attempt to twist and contort this case beyond recognition, the fact is that that decision says nothing about whether a defendant subject to an total asset freeze is entitled to a modest sum to cover ordinary and necessary living expenses. Rather, *Think Achievement* dealt with whether frozen assets can be used to pay attorney's fees, something not at issue here. As such, *Think Achievement* has no bearing on the present issue and certainly does not support the FTC's argument that Trudeau should be denied basic living expenses.[2]

It also bears noting that many of the FTC's arguments are supported by no authority whatsoever. For example, the FTC baldly asserts that "there is no difference between spending 'another person's money' on legal expenses and spending it on living expenses…" (D.E. 744 at 2.) However, tellingly, the FTC is unable to cite a single case in support of this alleged proposition. At bottom, the FTC has no authority which supports its attempt to drastically rewrite the Order and deny Trudeau the payment of ordinary and necessary living expenses.

### C. Courts Routinely Permit The Release of Frozen Assets to Pay For a Defendants' Ordinary and Necessary Living Expenses

Looking beyond the FTC's irrelevant authority, Courts regularly permit the release of frozen assets to pay for ordinary and necessary living expenses. *See SEC v Dowdell*, 175 F.Supp. 2d 850, 854-55 (W.D. Vir. 2001) (granting motion to unfreeze assets in the amount of $4,000.00 per month for living expenses); *see also FTC v. Washington Data Resources*, 2009 WL 4348689, at *1 (M.D. Fla. Nov. 24, 2009) (modifying asset freeze to allow defendant to access $7,000 for bona fide living expenses or legal fees).

---

[2] *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617 (1989) and *SEC v. Cherif*, 933 F.2d 403 (7th Cir.1991) are also inapposite as they do not address the payment of personal living expenses, but rather deal with attorney's fees. By the FTC's own admission *SEC v. Petters*, is also not applicable to the present dispute because it dealt with a limited asset freeze while a criminal defendant awaited sentencing. 2010 WL 1782235 (D. Minn. Apr. 30, 2010)

Where courts have denied requests for living expenses, the defendants were typically found to have other sources of income or were requesting funds for luxuries, not necessities. *See SEC v. Duclaud Gonzalez de Castilla,* 170 F.Supp. 2d 427, 430 (S.D.N.Y. 2001) (finding that the defendant had voluntarily waived a $15,000 per month salary and was seeking money for a nanny, housekeeper, handyman and nurse); *see also SEC v. Coates,* 1994 WL 455558, at *2 (S.D.N.Y. Aug. 23, 1994) (finding defendant failed to tell the court that the receiver was already paying monthly salaries to him and his family totaling almost $12,000 and that budget included lawn and pool service).

Applying those factors to this case, the FTC has not, and cannot, argue that Trudeau has other sources of income available to fund his personal living expenses – all of his assets are subject to the freeze. Nor can the FTC argue that Trudeau's modest $4,767 budget – which the Receiver has meticulously itemized and approved – is being used to finance anything other than basic necessities like housing, transportation, and food. The FTC simply has no credible argument why Trudeau is not entitled to a small sum to pay for his ordinary and necessary living expenses.

### III.  CONCLUSION

For the foregoing reasons, the FTC's motion should be denied and the Receivership Order should not be modified to deny Trudeau ordinary and necessary living expenses.

September 12, 2013                                Respectfully submitted,

                                                  KEVIN TRUDEAU

                                          By:    /s/ Kimball R. Anderson
                                                  One of His Attorneys

5

**CERTIFICATE OF SERVICE**

I, Kimball R. Anderson, an attorney, hereby certify that on September 12, 2013, I caused to be served true copies of DEFENDANT KEVIN TRUDEAU'S OPPOSITION TO THE FTC'S MOTION TO MODIFY THE RECEIVERSHIP ORDER TO DENY TRUDEAU ORDINARY AND NECESSARY LIVING EXPENSES by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to all counsel of record including:

Michael Mora
Jonathan Cohen
Amanda Kostner
Federal Trade Commission
601 New Jersey Avenue NW, Suite 2215
Washington, DC 20001

David O'Toole
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603

/s/ Kimball R. Anderson
Kimball R. Anderson