IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 03-C-3904 |
| v. | ) Hon. Robert W. Gettleman |
| KEVIN TRUDEAU, | ) |
| Defendant. | ) |

**FEDERAL TRADE COMMISSION'S RESPONSE TO TRUDEAU'S MOTION TO TRAVEL**

Defendant Kevin Trudeau has moved for permission to leave the Northern District of Illinois to attend a Global Information Network ("GIN") event in Boston, MA from May 22 to 28, 2023. ECF No. 1031. As the FTC has emphasized—and the Court concluded in 2013—resuming Trudeau's coercive incarceration is the only way to ensure he complies fully with the Court's 2010 Order to Pay, ECF No. 372. Given that the proposed travel is more than three months away, and a considerable time after the March 8-9 proceedings, the FTC asks the Court to defer ruling on Trudeau's request at least until those proceedings conclude. Although there is already a sufficient basis to resume coercive incarceration, deferring the decision on Trudeau's travel motion will afford the Court an opportunity to consider additional evidence at the hearing that may affect the Court's decision.

Furthermore, additional criminal proceedings may complicate Trudeau's ability to travel.[1] Among other things, criminal consequences may stem from Trudeau's contemptuous

---

[1] This response applies only to the instant motion to travel to Boston, MA in the civil matter and does not alter the FTC's position with respect to the Motion for Permission to Travel Internationally, filed in *United States v. Trudeau*, No. 10-cr-886 (N.D. Ill.).

failure to appear in the civil case. Specifically, that contempt likely violated Trudeau's "Special Conditions of Supervision," including the conditions requiring Trudeau to "cooperate in the collection of civil judgments issued against him" and to "abide by all court orders filed in any civil lawsuits in which he is named." *United States v. Trudeau*, No. 10-cr-886 (N.D. Ill.) (Document # 173 at 5). Consequently, the Court should defer ruling on the Motion to Travel, given the pendency of these issues.

Finally, to the extent the Court ultimately permits Trudeau's travel, the Court should make clear that, pursuant to the Court's Order To Pay, Trudeau must document his earnings from the seminar and turn them over to the FTC immediately. Notably, Trudeau suggests turning over only 40% of his salary and bonuses to the FTC, including only 40% of what he may earn at the GIN event. ECF No. 1031 at 2. However, the Court ordered Trudeau to pay $37,616,161 "forthwith" (ECF No. 372), and endorsing any lesser arrangement impermissibly modifies that order. *See* Fed. R. Civ. P. 60(b).

Dated: February 17, 2023                                    Respectfully Submitted,


/s/ _____
Jonathan Cohen (jcohen2@ftc.gov)
Crystal D. Ostrum (costrum@ftc.gov)
Iris Micklavzina (imicklavzina@ftc.gov) (pro hac pending)
Federal Trade Commission
600 Pennsylvania Ave., N.W. CC-9105
Washington, DC 20580
Phone: 202-326-2551 (Cohen); -3405 (Ostrum); -2996 (Micklavzina)

## **CERTIFICATE OF SERVICE**

I, Crystal Ostrum, hereby certify that on February 17, 2023, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to:

Kimball Richard Anderson
kanderson@winston.com

Giel Stein
gstein@clarkhill.com

Nicole Prefontaine
nprefontaine@clarkhill.com

Jonathan Lippner
jlippner@clarkhill.com


/s/ Crystal Ostrum
Crystal Ostrum (costrum@ftc.gov)
Attorney for Plaintiff
Federal Trade Commission