IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>KEVIN TRUDEAU,  )<br>)<br>Defendant.  )<br>) | Case No. 03-C-3904<br><br>Hon. Robert W. Gettleman |

**FEDERAL TRADE COMMISSION'S POSITION ON THE APPROPRIATE SANCTION FOR TRUDEAU'S CONTEMPT FOR FAILURE TO REPORT**

On January 26, 2023, the Court held Kevin Trudeau in civil contempt for failure to report as ordered by ECF No. 844 ("March 2014 Order") and reserved its decision as to an appropriate sanction. ECF No. 1016. The Court asked the parties to submit their respective positions concerning the appropriate sanction. ECF No. 1033.

The FTC urges the Court to take two actions. First, the Court should find an adverse inference for the FTC for all the evidence Trudeau deleted or otherwise destroyed during the time between his release and his first appearance after his release. Second, the Court should refer this finding of contempt to the United States Attorney's Office to determine if there's been either a criminal contempt or a violation of Trudeau's supervised release.

**<u>Adverse inference</u>**

Trudeau delayed the upcoming hearing by more than a year. The Court ordered Trudeau "[u]pon release from incarceration by the Bureau of Prisons, . . . to report to this court to determine whether coercive incarceration shall be reimposed." ECF No. 844. Trudeau was

1

released from prison in January 2021 and from home incarceration in June 2022. He did not appear before this Court, as ordered. ECF No. 975. This contempt prejudiced the FTC. Had he reported to the Court, the FTC would have resumed its investigation of Trudeau sooner. In addition, Trudeau testified that he routinely deletes all his emails. *See* ECF No. 1015-1 at 570-586. Accordingly, during the period of Trudeau's contemptuous delay, Trudeau destroyed evidence that would otherwise have been available to the FTC. Thus, the Court should draw an adverse inference from the absence of any material destroyed during this period.

### Referral to the United States Attorney's Office

In addition, the Court should refer Trudeau's contemptuous failure to appear to the United States Attorney's Office to determine whether to initiate proceedings for criminal contempt or violation of Trudeau's condition of supervised release.

These two requests are appropriate for what is Trudeau's sixth[1] civil contempt in this matter. The Court should infer that any missing evidence was adverse to Trudeau's interests and refer this contempt to the USAO. In addition, the Court should sanction Trudeau in any other way the Court deems proper.

Dated: February 23, 2023

Respectfully Submitted,

/s/_____
Jonathan Cohen (jcohen2@ftc.gov)

---

[1] ECF No. 55 (July 1, 2004) (holding Trudeau in contempt for selling a purported cancer cure, "Coral Calcium," in violation of the Court's preliminary injunction); ECF No. 93 (Nov. 16, 2007) (holding Trudeau in contempt for violating permanent injunction against misrepresentations in infomercials); ECF No. 729 (July 26, 2013) (holding Trudeau in contempt of the Court's order that he compensate consumers he injured in violation of the permanent injunction); ECF No. 751 (Sept. 18, 2013) (holding Trudeau in contempt of an order related to a receivership established to compensate consumers); ECF No. 772 (Oct. 16, 2013) (holding Trudeau in contempt again of orders requiring disclosure of assets); ECF No. 1016 (Jan. 26, 2023) (holding Trudeau in contempt of the Court's order to report after release from incarceration).

        Crystal D. Ostrum (costrum@ftc.gov)
        Iris Micklavzina (imicklavzina@ftc.gov) (pro hac pending)
        Federal Trade Commission
        600 Pennsylvania Ave., N.W. CC-9105
        Washington, DC  20580
        Phone:  202-326-2551 (Cohen); -3405 (Ostrum); -2996 (Micklavzina)

**CERTIFICATE OF SERVICE**

I, Crystal Ostrum, hereby certify that on February 23, 2023, I caused to be served true copies of the foregoing by electronic means, by filing such documents through the Court's Electronic Case Filing System, which will send notification of such filing to:

Kimball Richard Anderson
kanderson@winston.com

Giel Stein
gstein@clarkhill.com

Nicole Prefontaine
nprefontaine@clarkhill.com

Jonathan Lippner
jlippner@clarkhill.com


/s/ Crystal Ostrum
Crystal Ostrum (costrum@ftc.gov)
Attorney for Plaintiff
Federal Trade Commission