## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

FEDERAL TRADE COMMISSION,

                Plaintiff,

      vs.

KEVIN TRUDEAU,

                Defendant.

CASE NO. 03-CV-3904

Hon. Matthew F. Kennelly

### KEVIN TRUDEAU'S RESPONSE TO THE CONTENTIONS OF THE FTC REGARDING THE USE OF TRUDEAU'S LEGAL DEFENSE FUND

On November 6, 2023, this Court ordered Kevin Trudeau (ECF 1231) to respond to the FTC's request of this Court to "reconsider" Judge Gettleman's June 16, 2023, Order allowing Trudeau to establish a new legal defense fund to pay his "*legal fees **and costs***" (the "June 16 Order"). ECF 1151 at 7 (emphasis added); *see also* ECF 1226 at 19-21.[1] Specifically, the FTC urges this Court to disallow Trudeau's legal defense fund or, alternatively, to prohibit Trudeau from using his fund to pay for his expert witness and accountant fees. *See* ECF 1226 at 19-22. The FTC's request to reconsider the June 16 Order should be rejected because it misreads the June 16 Order and it rests on caselaw that, if applicable at all, helps Trudeau.

### Argument

### I.    The FTC's construction of "legal fees and costs" is incorrect.

Judge Gettleman understood that Trudeau's fans can donate, if they so choose, to fund Trudeau's legal costs, but not to pay the FTC. Judge Gettleman knew that Trudeau incurred

---

[1] Although the November 6 Order only speaks of Trudeau's use of his legal defense fund "to pay accountant fees" (ECF 1231), this Response also mentions, consistent with the parties' relevant briefing and discussion in Court, Trudeau's ability to use his defense fund to pay for the expert witness fees that he incurred earlier this year during this matter's contempt hearing.

accounting fees during the contempt hearing and that he desired to hire accountants to prepare the bimonthly reports going forward. After hearing argument from both parties, Judge Gettleman allowed the establishment of a defense fund for "legal fees and costs." ECF 1151, ¶ 7. Judge Gettleman recognized that a defense fund would help Trudeau satisfy the consumer redress judgment because Trudeau needs representation by capable counsel and assistance from accountants and experts in a case that turns on financial dealings and reporting. If Judge Gettleman believed otherwise, he would have never considered the work of Trudeau's experts or allowed Trudeau to create a new defense fund. Moreover, if Judge Gettleman wanted the defense fund to only pay for attorneys' fees and administrative costs, he would have done so. Instead, he wrote the June 16 Order to expressly allow Trudeau to use his defense fund to pay for "*legal* fees *and costs*." *Compare* ECF 1151, ¶ 7 (emphasis added) with *T.D. v. LaGrange School District No. 102*, 349 F.3d at 481 (7th Cir. 2003). *Legal costs* is a broader term than "attorney's fees." Legal costs encompass "[a]ttorney's fees and other expenditures related to a lawsuit." Black's Law Dictionary (11th ed. 2019) (definition of "Cost").

## II. The Court should not reconsider the June 16 Order to eliminate Trudeau's legal defense fund or to prevent him from using it to pay for legal fees and costs incurred by his experts and  accountants.

Without acknowledging the legal standard for reconsideration,[2] the FTC argues based on

*F.T.C. v. Think Achievement Corp.* that the Court should vacate the June 16 Order's permission

---

[2] As explained in  *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." 90 F.3d 1264, 1269-70 (7th Cir. 1996). Such motions are not an opportunity for a "do-over." *Vann-Foreman v. Illinois Central R.R. Co.*, 2021 WL 1209154 (N. D. Ill. 2021); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."). A court's "opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco. Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

for Trudeau "to establish a new legal defense fund to pay legal expenses he incurred" because Trudeau is purportedly "not entitled to use any part of his assets for post-judgment legal defense in lieu of paying consumer redress." ECF 1226 at 20, 22, citing 312 F.3d 259, 262 (7th Cir. 2002). The FTC's reliance on *Think Achievement*, a case that the FTC previously argued unsuccessfully to prevent Trudeau from raising money to pay his lawyers, is again misplaced. The court in *Think Achievement* allowed the defendant to use his assets to pay for his legal fees until the court found that all of those assets were "proceeds of fraud." *Id.* Here, in stark contrast, the June 16 Order permits Trudeau to use his legal defense fund to pay for his "legal fees and costs" after the Court determined that Trudeau is not wrongfully hiding assets. The newly donated legal defense contributions are not the "proceeds of fraud." They are not assets hidden from the Court or the receiver. They are new donations from Trudeau's world-wide fan base, consisting of people who want to help him stay out of prison and succeed in his new redress generating businesses.

The FTC's next argument, that the defense fund should be eliminated because its existence allows Trudeau "to *choose* not to pay the judgment" in favor of paying his legal fees and to "impermissibly divert[] funds that should be used for consumer redress," also fails. ECF 1126 at 20 (emphasis in original). The June 16 Order already addressed this argument by providing that contributions to Trudeau's defense fund can only be raised for and spent on Trudeau's legal fees and costs. As stated in the June 16 Order, Trudeau is limited to paying his "legal fees and costs" through the defense fund from future contributions raised from non-parties for the "expressly state[d] . . . sole purpose" of paying "Trudeau's legal expenses and that such contributions are not in lieu of any payments that would otherwise be made to KTFC [i.e. for consumer redress]." ECF 1151, ¶ 7. Trudeau, therefore, cannot chose to divert consumer redress funds to pay his lawyers.

As an alternative to eliminating the new defense fund, the FTC asks this Court to limit its usefulness. Specifically, based on *LaGrange*, the FTC argues that the June 16 Order's allowance for Trudeau to pay his "legal fees and costs" from his defense fund "does not include [the costs of] expert witnesses, accountants, etc." ECF 1226 at 20, *see also id.* at n.16. The FTC relies on a mostly inapplicable decision. *LaGrange* concerned whether the Individuals with Disabilities Education Act permits expert witness fee-shifting. *See LaGrange*, 349 F.3d at 481 (addressing the "[a]ward of attorneys' fees" under 20 U.S.C. § 1415(i)(3)(B)). No such controversy exists here.

To the extent that *LaGrange* applies here at all, its reasoning dooms the FTC's objection to the payment of expert witness and accountant fees from Trudeau's defense fund. As the Seventh Circuit explained, a district court can shift fees if "the statute indicates" that it can. *Id.* at 482, quoting *Neosho R–V Sch. Dist. v. Clark,* 315 F.3d 1022, 1032 (8th Cir. 2003). Unlike the statute at issue in *LaGrange*, which only shifted "attorney's fees," the June 16 Order expressly allows Trudeau to use his defense fund more broadly to pay for "*legal* fees *and costs*." *Compare* ECF 1151, ¶ 7 (emphasis added) *with LaGrange*, 349 F.3d at 481. Because *legal costs* encompass "expenditures related to a lawsuit" (Black's Law Dictionary (11th ed. 2019)), the costs of professionals who assisted Trudeau during his contempt proceeding and help him with his financial reports are undoubtedly lawsuit-related expenditures that the June 16 Order expressly authorizes Trudeau to pay from his defense fund.

## III.    The FTC's contentions are illogical given the redress judgment's purpose.

In addition to the above-demonstrated fatal legal flaws with the FTC's construction of the June 16 Order and its arguments to reconsider that Order, the FTC's arguments are illogical. The goal here is to facilitate consumer redress, not sabotage it by depriving Trudeau of financial access to the skilled professionals he needs to keep him free and earning money for redress. No doubt the

FTC's counsel would prefer to litigate against an unrepresented Trudeau. If they must deal with Trudeau's counsel, the FTC would no doubt prefer to hamstring them by denying them access to accountants and experts necessary to effectively represent Trudeau. But these preferences are not a legitimate policy goal for the FTC, which should be focused on enhancing consumer redress.

No matter how much it may please the FTC, Trudeau cannot be forced into indentured servitude until he satisfies his consumer redress debt. The more the FTC strangles Trudeau financially, by for example making him pay for his legal fees and costs from his besieged personal earnings instead of from his legal defense fund, the more it diminishes Trudeau's incentive to work as hard as he is to pay off his consumer redress debt "forthwith." As this Court noted, Trudeau "has the ability to earn substantial compensation and receive gifts from donors that could be used to pay the balance of the outstanding judgment." ECF 1146 at 3. Yet nothing stops Trudeau (now sixty years old) from unburdening himself of the stresses attendant to generating millions in consumer redress. If the FTC strangles Trudeau financially and cuts him off from legal and other professional help, he can close his businesses, stop soliciting donations from fans and supporters, and only pay twenty-five percent of his W2 salary toward consumer redress. Consumer redress payments will slow to a trickle and the remaining eligible consumers will never be fully redressed. This Court should not reconsider its June 16 Order, or any other order, to bring about a result that serves the FTC's misguided priorities.

## Conclusion

For all the foregoing reasons, the Court should deny the FTC's request to reconsider the June 16 Order to disallow Trudeau's new legal defense fund or, alternatively, to prohibit Trudeau from using his fund to pay for his expert witness and accountant fees.

Dated: November 13, 2023

Respectfully submitted,

By: */s/ Giel Stein*

Giel Stein
Nicole Prefontaine
Jonathan Lippner
Clark Hill PLC
130 E. Randolph Street, Suite 3900
Chicago, Illinois 60601
Telephone: (312) 985-5900
Facsimile: (312) 985-5999
gstein@clarkhill.com
nprefontaine@clarkill.com
jlippner@clarkhill.com

Kimball R. Anderson
Winston & Strawn LLP
35 W. Wacker Dr., Suite 4100
Chicago, IL 60601
(312) 558-5858
kanderson@winston.com

## CERTIFICATE OF SERVICE

I, Christine Pfeiffer, a non-attorney, certify that I served the foregoing KEVIN TRUDEAU'S RESPONSE TO THE CONTENTIONS OF THE FTC REGARDING THE USE OF TRUDEAU'S LEGAL DEFENSE FUND on all parties of record via the Court's CM/ECF filing system on November 13, 2023.

*/s/ Christine Pfeiffer*
Christine Pfeiffer